EUSTACE DE SAINT PHALLE, SBN 179100
RAINS LUCIA STERN ST. PHALLE & SILVER, PC
2300 Contra Costa Blvd., Suite 500
Pleasant Hill, CA 94523
Tel: (925) 609-1699
Fax: (925) 609-1690
E-mail: PersonalInjuryGroup@RLSlawyers.com

ATTORNEYS FOR PLAINTIFF
KENNETH CHA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHA,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE; CHESA BOUDIN; DANA DRUSINSKY; STEPHANIE LACAMBRA; LATEEF GRAY; REBECCA YOUNG; ANDREW KOLTUNIAK; and DOES 1-100,<br><br>    Defendants. | **CASE NO. 24-CV-04700-PHK**<br><br>**[Proposed] ORDER ON DEFENDANTS' DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Peter H. Kang<br>Hearing Date: April 10, 2025<br>Place: Courtroom F, 15th Fl.<br>Time: 1:00 p.m. |

The Motion to Dismiss pursuant to 12(b)(6) of Defendants City and County of San Francisco, San Francisco District Attorney's Office, Chesa Boudin, Dana Drusinsky, Stephanie Lacambra, Lateef Gray, Rebecca Young, and Andrew Koltuniak to Plaintiff Kenneth Cha's Complaint for Damages came on regularly for hearing on April 10, 2025 at 1:00 pm, before the Honorable Peter H. Kang, in Courtroom F, of the above-entitled Court.

_____ appeared on behalf of defendants City and County of San Francisco, San Francisco District Attorney's Office, and the individually named defendants. Eustace de Saint Phalle of Rains, Lucia, Stern, St. Phalle and Silver appeared on behalf of plaintiff Kenneth Cha.

The Court received and considered the moving, opposing and reply papers and the evidence, and considered the arguments of counsel at the hearing.

**GOOD CAUSE APPEARING, THE COURT ORDERS AS FOLLOWS:**

As to defendants' Motion to Dismiss on the basis that Plaintiff Cha's malicious prosecution claim must be dismissed against Defendants Boudin, Gray, Drusinsky, Lacambra, Young and Kultoniak due to absolute prosecutorial immunity, the Court finds that:

1. A prosecutor engaged in certain investigative activities enjoys, not the absolute immunity associated with the judicial process, but only qualified immunity pursuant to *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The nature of the function performed is to be examined, not the identity of the actor who performed it pursuant to *Kalina v. Fletcher* (1997) 522 U.S. 118, 127. In 1983 claims of malicious prosecution and/or false arrest, the public official's assertion of absolute immunity requires the existence of probable cause. Absolute immunity cannot apply before probable cause exists, pursuant to *Buckley v. Fitzsimmons* (1993) 509 U.S. 259, 274.

2. Plaintiff alleges that Defendants Boudin, Gray, Drusinsky, Lacambra, Young, and Koltuniak engaged in a biased investigation against Plaintiff, including the drafting of search warrants and conducting an "Investigative Grand Jury" that excluded exculpatory information prior to the existence of probable cause.

Plaintiff has alleged sufficient triable facts establishing that Defendants Boudin, Gray, Drusinsky, Lacambra, Young and Koltuniak were engaging in an investigative function during the events at issue and therefore, only qualified immunity applies. Therefore, the Court orders that on this ground the Motion is **DENIED**.

As to defendants' Motion to Dismiss on the basis that Plaintiff Cha's malicious prosecution claim must be dismissed against Defendants Boudin, Gray, Drusinsky, Lacambra, Young and Kultoniak due to the doctrine of qualified immunity, the Court finds that:

1. The existence of a constitutional violation must be sufficiently alleged to defeat the application of qualified immunity. A lack of probable cause in a criminal prosecution can establish a constitutional violation. The existence of probable cause may be refuted when a

plaintiff sufficient establishes that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith pursuant to *Awabdy v. City of Adelanto* (9th Cir. 2004) 368 F.3d 1062, 1067.

2. Plaintiff alleges that Defendants engaged in malicious actions during the Cha investigation and prosecution that would constitute a violation of law, including that Defendants Boudin, Gray, Drusinsky, Lacambra, Young and Kultoniak excluded exculpatory evidence from the Grand Jury, and from the arrest warrant application to present a biased, incomplete presentation of evidence.

Plaintiff has alleged sufficient triable facts establishing that Plaintiff suffered a constitutional violation due to the absence of probable cause, and qualified immunity for Defendants Boudin, Gray, Drusinsky, Lacambra, Young and Koltuniak would not apply. Therefore, the Court orders that on this ground the Motion is **DENIED**.

As to defendants' Motion to Dismiss on the basis that Plaintiff Cha's complaint fails to state a cause of action per *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court finds that:

1. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Wyrzykowski v. Cnty. of Marin*, No. 3:14-CV-03825-LB, 2015 WL 3613645, at *8 (N.D. Cal. June 9, 2015) The existence of a constitutional violation must be sufficiently alleged to defeat the application of qualified immunity. A lack of probable cause in a criminal prosecution can establish a constitutional violation. The existence of probable cause may be refuted when a plaintiff sufficient establishes that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith pursuant to *Awabdy v. City of Adelanto* (9th Cir. 2004) 368 F.3d 1062, 1067.

3. Plaintiff alleges that Defendants engaged in malicious actions during the Cha investigation and prosecution that would constitute a violation of law, including that Defendants Boudin,

Gray, Drusinsky, Lacambra, Young and Kultoniak excluded exculpatory evidence from the Grand Jury, and from the arrest warrant application to present a biased, incomplete presentation of evidence. Further Plaintiff sufficiently alleges that the San Francisco DA's Office adopted a policy to prosecute police officer misconduct, irrespective of the actual case facts and the existence or nonexistence of probable cause to put pressure on the SF Police Department and the City, to coerce them into changing SFPD policies related to SFPD officers' use of force. Cha's prosecution was the direct implementation of this policy.

Plaintiff has alleged sufficient triable facts establishing that Plaintiff suffered a constitutional violation due to the absence of probable cause, that a policy existed on behalf of the municipality that led to Plaintiff's violation of rights. Therefore, the Court orders that on this ground the Motion is **DENIED**.

As to defendants' Motion to Dismiss on the basis that Plaintiff Cha's complaint fails to state a cause of action for negligent hiring, training and supervision, the Court finds that:

1. Pursuant to *Rodriguez v. California Highway Patrol*, a supervisory law enforcement official may be held liable in his or her individual capacity "if he [or she] set in motion a series of acts by others, . . . which he [or she] knew or reasonably should have known, would cause others to inflict the constitutional injury. *Rodriguez v. California Highway Patrol*, 89 F.Supp.2d 1131, 1137 (N.D.Cal. 2000). Government defendants have the burden of proving that the actions of government employees fall within scope of a statutory immunity. *Id*., at 1138. A Motion to Dismiss is the inappropriate juncture to determine whether Plaintiff's allegations for this cause of action are barred by Gov't Code section 820.2 immunity.

2. Plaintiff alleges that SF District Attorney's Office lower level employees defendants Koltuniak, Drusinsky, and Lacambra lacked experience with the investigation of officer-involved shooting cases, and were improperly trained to pursue these cases without regard for probable cause. Further, Plaintiff alleges that supervisors Defendants Boudin and Gray engaged in operational decisions that led to the improper hiring, training and supervision of defendants Koltuniak, Drusinsky, and Lacambra.

Plaintiff has alleged sufficient triable facts establishing the elements required to establish this

cause of action. On this ground the Motion is **DENIED**.

As to defendants' Motion to Dismiss on the basis that all causes of action against Defendants Boudin, Gray, Drusinsky, Lacambra, and Young are barred by the statute of limitations under C.C.P. section 340.6, the Court finds that:

1. Federal courts look to state law for the controlling statute of limitations and tolling for malicious prosecution claims and Section 1983 claims. *Owens v. Ocure*, 488 U.S. 235 (1989). The general California statute of limitations applicable to malicious prosecution claims and Section 1983 claims is C.C.P. section 335.1, along with the notice of claim requirements and filing deadlines of Gov't Code section 911.2 and 945.6.

2. C.C.P. section 340.6(a) provides a one year statute of limitations for actions against attorneys for conduct arising in the performance of professional services. The statute of limitations applies when the merits of the claim necessarily depend on the proof that an attorney has violated "a professional obligation in the course of providing professional services." *Lee v. Hanley*, 61 Cal.4th 1225, 1236-1237 (2015) Only wrongful acts or omissions that depend on the proof of the violation of an attorney's professional obligation, rather than the violation of a general nature, will trigger the application of CCP section 340.6. (*Id*.)

3. C.C.P. section 340.6(a) provides a two year statute of limitations for claims in which the plaintiff is required to establish the plaintiff's factual innocence for an underlying criminal charge as an element of the plaintiff's claim, the action shall be commenced within two years after the plaintiff achieves postconviction exoneration in the form of a final judicial disposition of the criminal case.

4. C.C.P. section 335.1 applies to the claims filed against Defendants City and County of San Francisco, the San Francisco District Attorney's Office and Investigator Andrew Koltuniak as these defendants are not attorneys. Plaintiff alleges that Plaintiffs timely filed a Govt. Claim, received a rejection letter, and timely filed a Complaint within 6 months of the rejection pursuant to Govt. Code section 945.6 Thus, there is no debate that the claims are timely against these Defendants.

5. Plaintiff alleges that the gravamen of Plaintiff's complaint against Defendants Boudin, Gray, Drusinsky, Lacambra, and Young concerns their investigative activities, not prosecutorial activities, including conducting a biased investigation, withholding exculpatory information while composing search warrants and conducting an Investigative Grand Jury, and that this is a triable issue of fact as to whether the Defendants were performing professional services and violated professional obligations within the meaning of C.C.P. section 340.6.

6. Plaintiffs allege that Plaintiff's claims fall under the two year statute of limitations pursuant to C.C.P. section 340.6(a) as Plaintiff is required to establish his factual innocence in the underlying criminal charge as an element of the plaintiff's malicious prosecution/1983 claim. As the matter was dismissed on July 18, 2023 and plaintiff filed his action on August 2, 2024, Plaintiff's action against all Defendants, including Defendants Boudin, Gray, Lacambra, Drusinsky and Young, this action is timely.

Plaintiff has alleged sufficient facts such that the Court finds that C.C.P. section 340.6 is inapplicable as to the claims as the claims do not arise from a violation of a professional obligation during the performance of professional services within the meaning of C.C.P. section 340.6 as the gravamen of Plaintiff's complaint deals with investigative activities, not prosecutorial activities, and that this is a triable issue of fact as to the Defendants performing professional services within the meaning of the statute giving rise to this action. On this ground the Motion is **DENIED.**

In the alternative, Plaintiff has alleged sufficient facts such that C.C.P. section 340.6(a) applies in that Plaintiff is required to demonstrate his factual innocence in the underlying criminal matter and that Plaintiff's action against all Defendants, including Defendants Boudin, Gray, Lacambra, Drusinsky and Young, this action is timely. On this ground the Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated: _____ __, 2025

By: _____
 Hon. Peter H. Kang
 Judge, United States District Court