**EXHIBIT 4**

1  EUSTACE DE ST. PHALLE, SBN 179100
   JOSEPH R. LUCIA, SBN 278318
2  OLIVIA K. LEARY, SBN 329145
   RAINS LUCIA STERN ST. PHALLE & SILVER, PC
3  2300 Contra Costa Blvd., Suite 500
   Pleasant Hill, CA 94523
4  Telephone: (925) 609-1699
   Facsimile: (925) 609-1690
5  Email: PersonalInjuryGroup@rslawyers.com

6  ATTORNEYS FOR PLAINTIFF
7  JEFFREY PAILET

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**03/17/2022**
**Clerk of the Court**
BY: SANDRA SCHIRO
Deputy Clerk

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                IN AND FOR THE COUNTY OF SAN FRANCISCO
10
                        UNLIMITED JURISDICTION
11

| | |
|---|---|
| 12  JEFFREY PAILET, | CASE NO. CGC-21-596176 |
| 13              Plaintiff, | **CONDITIONALLY UNDER SEAL** |
| 14        v. | **FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| 15  CITY AND COUNTY OF SAN FRANCISCO, | **1ˢᵗ Cause of Action – Whistleblower Retaliation in Violation of Labor Code §1102.5** |

12  JEFFREY PAILET,

CASE NO. CGC-21-596176

13              Plaintiff,

**CONDITIONALLY UNDER SEAL**

14        v.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

15
16  CITY AND COUNTY OF SAN FRANCISCO,
    DISTRICT ATTORNEY'S OFFICE, DISTRICT
17  ATTORNEY CHESA BOUDIN, DAVID
    CAMPOS, DANA DRUSINSKY, STEPHANIE
18  LACAMBRA, and DOES 1-50,

19              Defendants.

**1ˢᵗ Cause of Action – Whistleblower Retaliation in Violation of Labor Code §1102.5**

**2ⁿᵈ Cause of Action – Whistleblower Retaliation in Violation of San Francisco Campaign and Government Conduct Code §4.115**

**3ʳᵈ Cause of Action – Wrongful Termination in Violation of the US Constitution and the California Penal Code, Establishing California State Public Policy for Public Employees**

**4ᵗʰ Cause of Action - PAGA Claim (Labor Code §2699 et seq.) – Whistleblower Retaliation (Labor Code §1102.5); Political Retaliation (Labor Code §§1101 and 1102)**

**5ᵗʰ Cause of Action – Fraud and False Promise – Officials' Deliberate Failure to Investigate**

27  **THE ENCLOSED RECORD IS SUBJECT TO A MOTION TO FILE THE RECORD UNDER
28              SEAL**

EUSTACE DE ST. PHALLE, SBN 179100
JOSEPH R. LUCIA, SBN 278318
OLIVIA K. LEARY, SBN 329145
RAINS LUCIA STERN ST. PHALLE & SILVER, PC
2300 Contra Costa Blvd., Suite 500
Pleasant Hill, CA 94523
Telephone: (925) 609-1699
Facsimile: (925) 609-1690
Email: PersonalInjuryGroup@rlslawyers.com

ATTORNEYS FOR PLAINTIFF
JEFFREY PAILET

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

| | |
|---|---|
| JEFFREY PAILET,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY CHESA BOUDIN, DAVID CAMPOS, DANA DRUSINSKY, STEPHANIE LACAMBRA, and DOES 1-50,<br><br>    Defendants. | CASE NO. CGC-21-596176<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**1st Cause of Action – Whistleblower Retaliation in Violation of Labor Code §1102.5**<br><br>**2nd Cause of Action – Whistleblower Retaliation in Violation of San Francisco Campaign and Government Conduct Code §4.115**<br><br>**3rd Cause of Action – Wrongful Termination in Violation of the US Constitution and the California Penal Code, Establishing California State Public Policy for Public Employees**<br><br>**4th Cause of Action - PAGA Claim (Labor Code §2699 et seq.) – Whistleblower Retaliation (Labor Code §1102.5); Political Retaliation (Labor Code §§1101 and 1102)**<br><br>**5th Cause of Action – Fraud and False Promise – Officials' Deliberate Failure to Investigate** |

## NATURE OF THE CASE

1.    This is an individual action brought by Plaintiff JEFFREY PAILET against his former

employer, THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT

ATTORNEY'S OFFICE (hereinafter "SFDA"), DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, for retaliatory termination in violation of California Labor Code §§1101, 1102 and 1102.5, and San Francisco Campaign and Government Conduct Code §4.115.

2.      Plaintiff JEFFREY PAILET was an employee of SFDA in the Independent Investigations Bureau (hereinafter "IIB") of the SFDA. This division focused on the investigation of law enforcement use of force. At the time of the incident, Plaintiff was a Lieutenant in IIB. Part of his duties included managing a team of investigators who drafted search warrants and associated documents for Assistant District Attorneys.  Plaintiff's duties included the review of drafted search warrants and associate documents.

3.      During this employment, Plaintiff PAILET discovered that the SFDA and the other named defendants were improperly instructing investigators to include false, misleading and/or misrepresented information and/or exclude relevant information, in its search warrants and supporting warrant affidavits to be attested to by SFDA investigators in violation of law.

4.      Plaintiff PAILET reported this to various individuals within the SFDA, including, management, various attorneys, supervising attorneys and the District Attorney, protested the violations of law and refused to take part in the improper creation and issuance of the search warrants and associated documents.  Further, the attorneys of the SFDA's office sought to coerce plaintiff JEFFREY PAILET, by means of threat of discharge, to adopt a perceived course of political action or political activity advanced by the SFDA's office, regarding the aggressive prosecution of police misconduct, including by using the misrepresentation of fact in the investigation and criminal prosecution. As a result of his whistleblower activities and the SFDA attorneys' false perception of his political affiliation, Plaintiff was terminated from his employment in retaliation for refusing to allow or take part in the improper creation and issuance of the search warrants and associated documents and for reporting these violations. Plaintiff PAILET requested that the circumstances of his termination, including the potential illegal conduct regarding the search warrants, be investigated on multiple occasions. In each instance the District Attorney's office and other responsible San Francisco agencies falsely provided procedures and administrative hearings for plaintiff to request an investigation, and then refused to do any investigation, as part of a cover up to hide

the unlawful conduct.

**PARTIES**

5.      Plaintiff JEFFREY PAILET is, and at all relevant times was, a lawful resident of the State of California. At the time of the wrongful termination incident, Plaintiff PAILET was employed by Defendants THE CITY AND COUNTY OF SAN FRANCISCO and SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE ("SFDA") as a Lieutenant in the Independent Investigations Bureau ("IIB").  At the times of these events herein, Plaintiff worked in San Francisco, California.

6.      Defendant SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE ("SFDA") is a regional government agency located in the San Francisco, California and tasked with prosecuting criminal offenders for the Defendant CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA.  It is governed by an elected District Attorney, currently a position held by Defendant CHESA BOUDIN.

7.      Defendant DANA DRUSINSKY is, and at all relevant times has been, a resident of the State of California.  Defendant DRUSINSKY is being sued individually and in her official capacity as San Francisco Assistant District Attorney ("ADA").

8.      Defendant STEPHANIE LACAMBRA is, and at all relevant times has been, a resident of the State of California.  Defendant LACAMBRA is being sued individually and in her official capacity as San Francisco Assistant District Attorney ("ADA").

9.      Defendant CHESA BOUDIN is, and at all relevant times has been, a resident of the State of California. Defendant BOUDIN is being sued individually and in his official capacity as the San Francisco District Attorney ("DA").

10.      Defendant DAVID CAMPOS is, and at all relevant times has been, a resident of the State of California. Defendant CAMPOS is being sued individually and in his official capacity as the Chief of Staff for the SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE ("SFDA Chief of Staff").

11.      Defendant SIMIN SHAMJI, is, and at all relevant times has been, a resident of the State of California. Defendant SHAMJI is being sued individually for her role in falsely promoting procedures and hearings as part of an effort to cover up illegal conduct by the SFDA office, as alleged herein. Defendant SIMIN SHAMJI is hereby added as a named defendant in this First Amended Complaint.

12.      Plaintiff does not know the true names and capacities of defendants sued as DOES 1

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

through 50. Plaintiff will amend the complaint to show the true names of each such defendant when their identities have been ascertained. Each of the DOE defendants encouraged, participated in, and/or ratified and approved the conduct complained of herein. Each of the DOE defendants was at all relevant times the agent, employee, or representative of one or more of the named defendants and/or the other DOE defendants, and was acting within the course and scope of such relationship.

**VENUE AND JURISDICTION**

13.     This Court has jurisdiction over this matter because all of the Defendants named herein conduct business in and/or have substantial contacts within the State of California.

14.     Venue is proper in the Superior Court of California, in the County of San Francisco, pursuant to California Code of Civil Procedure § 395(a) because the incident giving rise to this Complaint occurred in the County and all Defendants named herein do business in the County.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15.     Plaintiff JEFFREY PAILET has exhausted all administrative prerequisites to suit.  Plaintiff PAILET timely appealed his termination by filing a Government Code § 3304(b) appeal. Plaintiff claims protection of his employment pursuant to the whistleblower statute, including reporting of illegal conduct under Labor Code section 1102.5. This appeal was heard on March 12, 2021 and his appeal was denied on April 23, 2021. Plaintiff requested that an investigation be conducted during this appeal and the District Attorney's office refused to do an investigation and ratified the retaliatory conduct.

16.     Plaintiff PAILET then filed a government claim with the City and County of San Francisco on April 30, 2021, within six months of his termination.  The government tort claim was subsequently denied by the City and County of San Francisco on May 5, 2021.

**FACTUAL AND PROCEDURAL BACKGROUND**

***Plaintiff's Employment with San Francisco District Attorney's Office***

17.     Plaintiff JEFFREY PAILET began working for the SFDA as an Investigator on May 22, 2017 in the Independent Investigations Bureau ("IIB"). In July of 2017, he was promoted to a Lieutenant of IIB and supervised five investigators. As a Lieutenant, Plaintiff PAILET was tasked with managing the investigators and supervising their work product related to assignments from Assistant District Attorneys ("ADAs") in IIB. Mr. Pailet performed his job well and was regularly commended for his leadership, work

and his dedication to IIB and SFDA's mission.  Plaintiff PAILET was dedicated to the investigation of improper conduct and prosecution of illegal conduct by law enforcement.

***SFDA Investigators' Training and Duties Related to the Issuance of Search Warrants***

18.    Investigators are employed by the Defendant SFDA's Office to assist in the investigation and prosecution of SFDA cases. The SFDA investigators' duties include drafting SFDA search warrants and serving as affiants to warrant affidavits. As affiants in warrant applications, the investigator acts as a fact witness, and has an independent duty to present relevant information in an unbiased and unprejudiced manner, in conformance with US Constitution and the California Penal Code. Pursuant to Penal Code sections 118.1 and 831(a), no police office can make false statements in these warrant affidavits. The investigator/affiants cannot perjure themselves in violation of the Penal Code. Separately, investigators also assist the SFDA attorneys in the prosecution of cases.

19.    In order to effectively perform their duties, SFDA investigators are required to undergo training related to the ethical and legal responsibilities of their position and provided reference materials to review for their work product. The training and reference materials cover all aspects of an investigators' job duties. However, the training and reference materials provide particular focus on the requirements of search warrants and warrant affidavits, which is a part of SFDA investigators' work activities.

20.    The requirements for a search warrant include a sworn affidavit by the SFDA investigator, attesting under oath to facts supporting probable cause for the search. In drafting and attesting to SFDA search warrants, SFDA investigators are required to provide the relevant facts of the matter, including available exculpatory information, to establish the existence of probable cause and allow the determining magistrate to weigh the totality of the circumstances in order to adequately evaluate the legality of the proposed search. In case of officer-involved shootings, the search warrant must include facts supporting the existence of a felony, and the felony misuse of force, to establish probable cause for the search. The affiant has a duty to accurately provide all relevant facts as to whether felony use of force occurred, including exculpatory facts.

21.    Supervising investigators, like Plaintiff JEFFREY PAILET, possess additional training for their managerial positions based on their previous law enforcement experience and by the SFDA Office. This training is intended to ensure that law enforcement activities comply with the law in order to make

sure that investigations were not compromised by illegal law enforcement activities, such as improper search warrants. Plaintiff PAILET also had the duty to ensure that relevant evidence is not excluded because it was unlawfully obtained under an illegal search warrant.

22.    As is the general practice, SFDA ADAs provide assignments, including investigating and drafting search warrants, to their assigned SFDA investigator(s). The investigators undertake these assignments utilizing their knowledge of the controlling law and training provided by SFDA. Pursuant to Penal Code sections 118.1 and 831(a), no police office may make false statements in these warrant affidavits. When doing investigation regarding search warrants, SFDA investigators act as sworn law enforcement officers, and their conduct is subject to the same Penal Code sections. In making search warrant affidavits, SFDA investigators act as fact witnesses in the State's investigation of cases. SFDA investigators have an independent duty to make complete and truthful warrant affidavits, including all relevant facts and relevant exculpatory information, for the reviewing magistrate. SFDA investigators are subject to examination by the magistrate regarding the contents of their search warrant affidavits, where the investigators have a duty to testify truthfully. As an affiant and fact witness regarding the warrant affidavit, the investigator is subject to questioning by the magistrate as to all aspects of the drafting of the affidavit, including the sources of the factual information, and any deliberations with SFDA attorneys regarding the drafting of the affidavit. Further, any persons responsible for contributing information for the affidavit, including the attorneys at the SFDA, are percipient witnesses to the factual assertions in the affidavit, and are also subject to cross examination and judicial review. SFDA investigators are independently subject to prosecution for perjury and/or for civil rights violations under 42 U.S.C. section 1983 if their testimony in support of a search warrant is false or deliberately misleading.

**Facts Under Investigation by the SFDA's Office**

23.    In 2017, San Francisco Police Department officers were involved in an officer involved shooting ("OIS") while responding to a disturbance call. The investigation revealed that during this incident, a suspect approached the officers, kicked one of them and was then pepper sprayed, and then a struggle between the suspect and the officers commenced. During the ensuing struggle, the investigation determined that the suspect punched an officer in the face, breaking his nose and knocking him down the stairs. The investigation also determined that the suspect then turned on and began to attack another

officer. An officer then shot the suspect. The suspect initially survived the shooting and then later died, in part, from complication from the shooting.

24.     IIB investigates the criminal culpability in law enforcement incidents. Thus, IIB investigators and ADAs assigned to this matter evaluated the actions of the officers involved. After this analysis, the IIB initially declined to prosecute the officers related to this OIS.

25.     In January of 2020, Defendant CHESA BOUDIN was elected as District Attorney of San Francisco.  Defendant CHESA BOUDIN came into office with a political objective to target officers with criminal investigations, regardless of prior findings in initial investigations prior to BOUDIN taking office. Defendant BOUDIN initially assigned Defendant DANA DRUSINSKY and other Assistant District Attorneys to re-open the investigation of the OIS matter that is the subject of this complaint.

26.     On or around June 2020, Defendant STEPHANIE LACAMBRA was assigned to the investigation of the OIS matter.

27.     In June 2020, Defendant LACAMBRA and Defendant DRUSINSKY requested that the previously assigned investigator be taken off the aforementioned OIS matter and that a new investigator be assigned. Thereafter, pursuant to standard practice, the previously assigned investigator prepared a transfer memorandum to be provided to the new investigator to inform them of all relevant facts and evidence from the investigation of the OIS matter.

28.     Due to this, on June 23, 2020, Plaintiff PAILET assigned a new investigator to the OIS matter. That same day, Defendant LACAMBRA and Defendant DRUSINSKY requested Plaintiff PAILET to not share the transfer memorandum prepared by the prior investigator with the new investigator.

29.     On September 29, 2020, Defendant DRUSINSKY requested the investigator to draft a search warrant and warrant affidavit for the personal and work cellular telephones of the involved officers related to discussions concerning the officer involved shooting ("OIS") from the date of the OIS to the present. The investigator is required to obtain relevant facts, including exculpatory information, and to attest to the facts in the search warrant and warrant affidavit, as directed by Defendant DRUSINSKY and Defendant LACAMBRA. DEFENDANTS DRUSINSKY and Defendant LACAMBRA attempted to improperly influence the drafting of the search warrant and affidavit.

30.     Following this assignment, the investigator discussed her concerns with her supervisor, Plaintiff JEFFREY PAILET, related to whether there was sufficient probable cause, and the issue of staleness for the Defendant DRUSINSKY and Defendant LACAMBRA's requested scope of the search warrants. At this point, Plaintiff JEFFREY PAILET believed that the investigator's questions related to the search warrant assignment was merely a misunderstanding between the new investigator and Defendant DRUSINSKY and Defendant LACAMBRA.

31.     On October 1, 2020, after consulting with Plaintiff JEFFREY PAILET and receiving his guidance, the investigator provided Defendant DRUSINSKY and Defendant LACAMBRA an initial draft of the requested search warrant and warrant affidavit. This draft also included the investigator's questions related to the potential lack of sufficient probable cause for the scope of the search warrants.

32.     In response to the investigator's questions, Defendant DRUSINSKY and Defendant LACAMBRA directed the investigator to state in her warrant affidavit accompanying the search warrants: "In my training and experience, officers will often communicate about the facts and circumstances of their actions via both their police department issues cell phones and devices as well as their personal phones" and that this statement would provide sufficient probable cause. In addition, Defendant DRUSINSKY and Defendant LACAMBRA provided the investigator with a revised draft of the search warrant and warrant affidavit that conflicted with the training of SFDA investigators, SFDA reference materials and applicable laws.

33.     The heavily edited revised draft provided by Defendant DRUSINSKY and Defendant LACAMBRA to the investigator deleted germane facts of the event at issue that would be exculpatory evidence required by law to be included in the affidavit, including the suspect's attacks on the involved officers prior to the shooting.

34.     The investigator again brought her concerns related to the legality of the recent changes to the search warrant and warrant affidavit to her supervisor Plaintiff JEFFREY PAILET, particularly with regard to Defendant DRUSINSKY's and Defendant LACAMBRA's subsequent improper edits and directives for the search warrant and warrant affidavit that removed potentially exculpatory evidence. Plaintiff PAILET did not want there to be any illegal conduct in the issuance of a search warrant and wanted to make sure that the investigation was not compromised, so he decided to attend a meeting with

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

the supervising Assistant District Attorneys Defendant DRUSINSKY and Defendant LACAMBRA in order to explain and report the improper and likely illegal language being requested by the District Attorneys to be used for the search warrants.

***Plaintiff Jeffrey Pailet Reports the Issues of the Legality of the Search Warrant and Warrant Affidavit Draft as Drafted and Directed by Defendants Drusinsky and Lacambra***

35.     On October 21, 2020, a meeting was scheduled between the investigator, Defendant DRUSINSKY and Defendant LACAMBRA to discuss the search warrant and warrant affidavit. The investigator requested that her supervisor, Plaintiff JEFFREY PAILET, also take part in this meeting to allow him to further discuss the legitimacy and legality of the ADAs' directions for the language of the search warrant and warrant affidavit.

36.     During this meeting, Plaintiff PAILET explained to Defendant DRUSINSKY and Defendant LACAMBRA the SFDA investigators' roles AND responsibilities and the required elements of a search warrant and warrant affidavit, including the need to provide exculpatory information. Plaintiff PAILET also questioned whether there was adequate probable cause to search the personal electronic devices of the officers.

37.     Following Plaintiff PAILET's explanation of the problems with the search warrants and Defendant DRUSINSKY and Defendant LACAMBRA's directions to  the investigator, Defendant DRUSINSKY and Defendant LACAMBRA disregarded Plaintiff PAILET's concerns and threatened Plaintiff PAILET and the investigator that they were going to report to the District Attorney, Defendant CHESA BOUDIN, that Plaintiff PAILET and the investigator were not cooperating, refusing to follow their instructions related to the language in the search warrant, and therefore were not fulfilling their job duties in obtaining the potentially illegal search warrant. Defendant DRUSINSKY and Defendant LACAMBRA appeared to misunderstand Plaintiff PAILET's motives in correcting the language of the search warrants and improperly believed that Plaintiff PAILET did not support Defendant CHESA BOUDIN's political objectives related to the prosecution of police misconduct.

38.     Following this meeting, Defendant DRUSINSKY and Defendant LACAMBRA retaliated against Plaintiff JEFFREY PAILET and restricted his access to the OIS case file. The OIS case file became the only IIB case file that Plaintiff PAILET did not have access to, even though he was the

supervising investigator and senior investigator in IIB.

39.    On October 22 or 23, 2020, Plaintiff PAILET requested Defendant DRUSINSKY and Defendant LACAMBRA provide him access to the OIS case file. Defendant DRUSINSKY and Defendant LACAMBRA refused to grant Plaintiff PAILET access to the file. This was done in clear retribution for his advice and comments regarding the integrity of the language for the search warrant and affidavit.

40.    On October 23, 2020 and October 28, 2020, the investigator sent drafts of the warrant affidavit and search warrant to Plaintiff JEFFREY PAILET for his review. In each of these drafts, Defendant DRUSINSKY and Defendant LACAMBRA had altered the context of the incident, made statements that did not have factual support and removed exculpatory information about how the incident occurred. This continued to present numerous legal problems with the search warrants and warrant affidavits, violated SFDA training and reference materials and therefore failed to establish the probable cause required to perform a legal search. Further, it had the potential of compromising the investigation and any evidence that would be obtained from the search warrants, if issued.

41.    Contrary to Plaintiff JEFFREY PAILET's repeated warnings, Defendant DRUSINSKY and LACAMBRA continued to make and/or direct improper edits to the search warrant and warrant affidavit.

42.    The edits and directives of Defendant DRUSINSKY and Defendant LACAMBRA for the search warrant and warrant affidavit contained improper statements, misrepresented the circumstances at issue, excluded mandatory exculpatory information, were contrary to SFDA training and reference materials and violated the ethics required of SFDA investigators and ADAs.

43.    On November 2, 2020, after reviewing a subsequent draft of the search warrant and warrant affidavit containing Defendant DRUSINSKY's and Defendant LACAMBRA's continued improper actions, Plaintiff JEFFREY PAILET believed there was an effort by Defendant DRUSINSKY's and Defendant LACAMBRA's to unlawfully require the issuance of a search warrant by the investigator. Plaintiff JEFFREY PAILET sought to have the District Attorney Defendant CHESA BOUDIN and Chief of Staff Defendant DAVID CAMPOS apprised of the conduct, as a whistleblower pursuant to Labor Code section 1102.5. On November 2, 2020, Plaintiff PAILET emailed Defendant DRUSINSKY

and Defendant LACAMBRA. In this email, he again presented in detail the illegality of their edits and directions related to the search warrant and warrant affidavit. Based on his previous discussions with Defendant DRUSINSKY and Defendant LACAMBRA, Plaintiff PAILET understood his email would be provided to Chief of Staff Defendant DAVID CAMPOS and District Attorney Defendant CHESA BOUDIN. Plaintiff made this communication with the understanding and intent that a good faith investigation would be conducted within the SFDA office regarding the improper warrants.

44.    On November 4, 2020, investigator Defendant DRUSINSKY and Defendant LACAMBRA had a scheduled meeting related to the OIS case and the search warrant at issue. The investigator again invited Plaintiff JEFFREY PAILET to this meeting, because of her concerns about the improper actions of Defendant DRUSINSKY and Defendant LACAMBRA. The topic of this meeting centered on the concerns outlined in Plaintiff PAILET's November 2, 2020 email. Defendant DRUSINSKY appeared visibly upset during this meeting and threatened again that Plaintiff PAILET and the investigator's refusal to comply with their edits was being brought to the attention of the District Attorney, Defendant CHESA BOUDIN and that there would be repercussions. At this point, Plaintiff PAILET believed he had informed all appropriate personnel in the District Attorney's Office, and that the District Attorney himself had been made aware of his concerns about the illegal language of the search warrant.

45.    Prior to the above cited November 4, 2020 meeting, Plaintiff PAILET sent an email to the Managing Attorney of IIB, Lateef Gray. Due to Managing Attorney Gray's past involvement in the case, he had been formally excluded from investigation.  Anticipating that the meeting with Defendant DRUSINSKY and Defendant LACAMBRA may result in further issues, PAILET emailed and asked who he should consult regarding issues or concerns with Defendants DRUSINSKY and LACAMBRA. He never received a response to this query. Plaintiff JEFFREY PAILET was attempting to follow up on his initial claims as a whistleblower, to see if some investigation would be done at the SFDA, in order to prevent potential illegal conduct. Plaintiff JEFFREY PAILET'S November 4, 2020 communication was made this was in furtherance of his whistleblower conduct under Labor Code 1102.5.

**Plaintiff is Retaliated Against and Terminated**

46.    On November 6, 2020, Plaintiff PAILET was notified by Chief of Staff Defendant

DAVID CAMPOS and Human Resources employee Richard Ng that he may be terminated from his employment at the SFDA.

47.    After receiving notice that he may be terminated for his whistleblower activities, Plaintiff JEFFREY PAILET emailed District Attorney Defendant CHESA BOUDIN and SFDA Chief of Staff Defendant DAVID CAMPOS expressing his confusion at his impending termination and again outlining his concerns regarding the legality of the search warrants and warrant affidavits for the involved officers' personal electronic communication devices and Defendant DRUSINSKY and Defendant LACAMBRA's actions in violation of law, prosecutorial ethics and SFDA's policies.

48.    Following this, Plaintiff JEFFREY PAILET was informed that Chief of Staff Defendant DAVID CAMPOS sent an email, directed to all SFDA personnel, informing them that Plaintiff PAILET had been terminated.

49.    Following this termination, Plaintiff JEFFREY PAILET subsequently availed himself of his Government Code 3304(b) appeal rights. The hearing occurred on March 12, 2021. During this appeal, Plaintiff PAILET again reported the improper unlawful conduct to the hearing officer, Simin Shamji, and requested that an investigation be done related to the events of his termination and for an explanation for why he was terminated. However, he was notified on April 23, 2021 that his appeal was denied. No explanation was given for his termination and he was informed that no investigation would be done.

50.    Plaintiff JEFFREY PAILET's termination and denial of his subsequent appeal of his termination was in clear retaliation for his repeated protests and refusal to allow the improper and unlawful actions by Defendants DRUSINSKY and LACAMBRA.  This is a violation of California Labor Code § 1102.5(b) & (c), San Francisco Campaign and Government Code § 4.115, prosecutorial ethics as required by the Rules of Professional Conduct, the California Business and Professional Code, the California State Bar and California's public policy of accountable government.

51.    Plaintiff is informed and believes and thereon alleges that Defendants SF DISTRICT ATTORNEY'S OFFICE, BOUDIN, DRUSINSKY and LACAMBRA had improper policy at the SFDA's office that tended to control or direct the political activities or affiliations of SFDA office employees. Defendants and each of them had a political program of aggressive prosecution of police misconduct. Defendants sought to direct the political affiliations of SFDA office employees to assent or

comply with this program of aggressive prosecution of police, and discriminated against any employee who was perceived to not be in favor of this political program.

52.    Defendants and each of them inaccurately perceived plaintiff JEFFREY PAILET to be opposed to the SFDA office's political program of aggressive prosecution of police misconduct. In fact, plaintiff PAILET's complaints about the SFDA attorney's preferred warrant language were made in order to ensure the warrants were complete and compliant with all legal requirements. Defendants and each of them sought to coerce plaintiff JEFFREY PAILET, by means of threat of discharge or loss of employment, to adopt the course or line of political action or political activity advanced by the SFDA's office regarding the aggressive prosecution of police misconduct.

53.    Plaintiff PAILET's actions, and the actions of other employees expressing the problems with the search warrants and warrant affidavits, were improperly perceived by defendant ADAs DANA DRUSINSKY and STEPHANIE LACAMBRA, DA CHESA BOUDIN, and SFDA Chief of Staff DAVID CAMPOS as an effort to resist DA CHESA BOUDIN's political program involving the aggressive prosecution of alleged police officer misconduct. Based on defendants' misplaced perceptions and various other reasons, plaintiff PAILET and other employees were threatened and PAILET was terminated, in violation of Cal. Labor Code §1102. The SFDA's office's termination of Plaintiff JEFFREY PAILET, and the denial of his subsequent appeal of his termination, were done in part as retaliation against plaintiff for his perceived opposition to the SFDA's office's political program, as stated above.

**Defendants Deliberately Failed to Investigate Plaintiff's Reports of Improper Warrants and Improper Retaliatory Termination**

54.    On November 2, 2020, plaintiff JEFFREY PAILET made a whistleblower complaint via email related to the violations to the involved assistant district attorneys, defendants STEPHANIE LACAMBRA and DANA DRUSINSKY. Plaintiff's complaint included his report that the SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, including these defendants, were directing DA office investigators to violate State law and standard practice for investigators, by filing factually inaccurate and deliberately incomplete warrants and warrant affidavits. Plaintiff was not contacted related to an investigation of these claims.

55.    On November 6, 2020, plaintiff JEFFREY PAILET made a whistleblower complaint via

email related to the above-stated violations and unethical conduct to District Attorney CHESA BOUDIN and Chief of Staff DAVID CAMPOS. Plaintiff was not contacted related to this and was never informed of any investigation of these claims.

56.     On March 10, 2021, plaintiff JEFFREY PAILET submitted a whistleblower complaint to the San Francisco Office of the Controller Whistleblower Program and requested that an investigation be conducted related to the above-stated violations and unethical conduct. Plaintiff was initially contacted by an investigator, but was later informed that no City agency would conduct any formal investigation and that an outside agency would be contacting plaintiff. Subsequently, Plaintiff was never contacted by anyone conducting a formal investigation of plaintiff's reports of violations and unethical conduct.

57.     On April 30, 2021, plaintiff JEFFREY PAILET submitted a government tort claim against defendants the CITY AND COUNTY OF SAN FRANCISCO, the SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, The District Attorney CHESA BOUDIN, Chief of Staff DAVID CAMPOS, and other involved parties, and requested that an investigation be performed. However, plaintiff JEFFREY PAILET was not contacted related to this violation and was never informed of an investigation.

58.     On May 5, 2021, plaintiff JEFFREY PAILET was notified that his government tort claim was denied by the City Attorney's Office. Plaintiff was never contacted by the City Attorney's Office prior to this and was not informed of any investigation being performed. In response to this denial, plaintiff again supplied a written explanation to the City Attorney's Office that identified the concerning and illegal activity that he witnessed, and his termination in violation of his protected whistleblower status, and requested an investigation be performed.

59.     On November 2, 2021, plaintiff JEFFREY PAILET filed a civil complaint against Defendants CITY AND COUNTY OF SAN FRANCISCO, THE SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, the District Attorney CHESA BOUDIN, Chief Of Staff DAVID CAMPOS, Assistant District Attorney STEPHANIE LACAMBRA and Assistant District Attorney DANA DRUSINSKY that again detailed plaintiff's claims and again requested an investigation be performed.

60.     In all, plaintiff JEFFREY PAILET formally reported this improper conduct and requested an investigation be performed on at least seven occasions with various San Francisco entities. Plaintiff discussed this information with an investigator from the City Whistleblower Office, who told PAILET

that the City would not be doing a formal investigation and that this would be referred to another agency that would perform the investigation. However, plaintiff was never contacted by this referral agency.

61.     To plaintiff PAILET's knowledge, no formal investigation into plaintiff's allegations has occurred by either the San Francisco District Attorney's Office or the City Attorney's Office. Plaintiff has never been contacted or interviewed for the purpose of a formal investigation of his claims by a person on behalf of the San Francisco District Attorney's Office, the City Attorney's Office, the San Francisco Ethics Commission, or by any other San Francisco agency, at any point following his report of this improper and potentially illegal conduct.

**FIRST CAUSE OF ACTION**
**WHISTLEBLOWER RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE § 1102.5**

**(Against Defendants CITY AND COUNTY OF SAN FRANCISCO, DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY CHESA BOUDIN, DAVID CAMPOS, DANA DRUSINSKY, STEPHANIE LACAMBRA, and DOES 1-50)**

62.     Plaintiff realleges and incorporates by reference, the allegations contained in paragraphs 1-61 as stated above.

63.     At all times relevant herein, Plaintiff JEFFREY PAILET was employed by Defendants THE CITY AND COUNTY OF SAN FRANCISCO and SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE ("SFDA").

64.     Defendants' actions, as described above, violate California Labor Code § 1102.5(b), which prohibits an employer, or any person acting on behalf of an employer, from retaliating against an employee for disclosing information to a government agency or threatening to disclose to a government agency, where the employee has reasonable cause to believe that the information discloses a violation of law.

65.     Defendants' actions, as described above, also violate California Labor Code § 1102.5(c), which prohibits an employer, or any person acting on behalf of an employer, from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of, or noncompliance with, a local, state, or federal rule or regulation.

66.     During Plaintiff's employment with the San Francisco District Attorney's Office, Plaintiff's responsibilities including making sure investigations and prosecutions of criminal matters were done according to California and Federal law, SFDA policy, investigator training and prosecutorial ethics.

67.     Pursuant to the California Business and Professions Code as applied to attorneys, attorneys are required to "support the Constitution and laws of the United States and of this state." (Cal. Business and Professions Code §6068(a).)  The 4th Amendment of the United States Constitution protects against unreasonable search and seizure. Thus, when law enforcement seeks to search protected private material, probable cause must be established or an exception to the protection must apply. The search of an electronic communication device, including cellular phones falls under this protection. (CalECPA; Penal Code §1546.) Electronic cellular devices also garner heightened privacy considerations under California law. (CalECPA; Penal Code §1546.)

A search warrant may not be issued unless probable cause for the search is demonstrated. This probable cause, supported by oath or affirmation, must particularly describe the place to be searched and the persons and things to be seized. (Cal. Const., art I § 13.) In case of officer-involved shootings, the search warrant must include facts supporting the existence of a felony, and the felony abuse of force, to establish probable cause for the search. The affiant has a duty to accurately provide all relevant facts as to whether felony use of force occurred, including exculpatory facts.

68.     For search warrant purposes, an affidavit is a statement made under penalty of perjury before a magistrate. The deciding magistrate reviews the information in the affidavit to determine whether there is a lawful basis to grant the requested search warrant.

69.     Probable cause that supports the issuance of a search warrant must be described by the totality of the circumstances. Conclusionary statements alone are insufficient to establish probable cause and support the issuance of a warrant: "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of bare conclusions of others." (*Illinois v. Gates* (1983) 462 U.S. 213, 239.) The inclusion of a false statement in a warrant application constitutes perjury. (*Franks v. Delaware* (1978) 438 U.S. 154, 155-156.) If a defendant can prove perjury or reckless disregard for the truth by a preponderance of the evidence, the search warrant will be voided and the fruits of the search excluded to the same extent as if probable cause were lacking on the face of the affidavit. (*Id.*)  The inclusion of false information is fatal to a search warrant and material omissions from a search warrant affidavit are similarly fatal if the affiant excludes critical information from the affidavit "*with an intention to mislead.*" (*United States v. Merrell* (6th Cir. 2009) 330 F.App'x 556, 560

(emphasis in original).)

70.     Under the California Rules of Professional Conduct and Business and Professions Code, an attorney is subject to a duty of candor with regard to their representations to the court and others. Per this duty, an attorney shall not seek to mislead the judge or judicial officer by "an artifice or false statement of law or fact." (Cal. Rule of Professional Conduct 5-200, Cal. Business and Professions Code § 6068(d).) A violation of this duty constitutes cause for disbarment or suspension. (Cal. Business and Professions Code § 6103.) Additionally, actions by an attorney that involve moral turpitude, dishonesty or corruption is also cause for disbarment or suspension. (Cal. Business and Professions Code § 6106.) Finally, an attorney who is found to engage in or consents to any deceit or collusion "with the intent to deceive the court" is can be charged and found guilty of a misdemeanor. (Cal. Business and Professions Code § 6128(a).)

71.     SFDA investigators, including Plaintiff PAILET, are trained to examine the facts at issue in order to evaluate whether probable cause exists and, if so, to properly draft search warrants and accompanying warrant affidavits in compliance with applicable state and federal laws. In drafting and attesting to SFDA search warrants, SFDA investigators are required to provide the relevant facts of the matter, including available exculpatory information, to establish the existence of probable cause and allow the determining magistrate to weigh the totality of the circumstances in order to adequately evaluate the legality of the proposed search.

72.     SFDA investigators have an independent duty to truthfully attest to relevant facts and to include exculpatory information, and to give complete and truthful affidavits. As affiants in warrant applications, the investigator is a fact witness, and has an independent duty to present relevant information in an unbiased and unprejudiced manner, in conformance with US Constitution and the California Penal Code. Pursuant to Penal Code sections 118.1 and 831(a), no police office may make false statements in these warrant affidavits. SFDA investigators act as sworn law enforcement officers when doing investigation regarding search warrants, and their conduct is subject to the same Penal Code sections. Further, SFDA investigators are independently subject to prosecution for perjury and/or civil rights violations under 42 U.S.C. section 1983 if their testimony regarding a warrant is false or deliberately misleading. SFDA investigators are subject to examination by the magistrate regarding the contents of their affidavits, where the investigators have a duty to testify truthfully. As an affiant regarding the warrant

affidavit, the investigator is subject to questioning by the magistrate as to all aspects of the drafting of the affidavit, including the sources of the factual information, and any deliberations with SFDA attorneys regarding the drafting of the affidavit.

73.    At issue here, Defendants DRUSINSKY and LACAMBRA directed the new investigator to draft a search warrant for the data contained on the personal electronic communication devices of officers related to the OIS investigation. When the investigator provided Defendants DRUSINSKY and LACAMBRA with her initial draft search warrant and affidavit, the Defendants made significant edits to the draft that included numerous factual inaccuracies, misrepresented the circumstances of the event at issue, withheld exculpatory information, and improperly identified known evidence, among other issues. After reviewing these edits, the investigator brought her concerns regarding Defendants DRUSINSKY's and LACAMBRA's improper edits to the search warrant and warrant affidavit to her supervisor, Plaintiff JEFFREY PAILET.

74.    After reviewing the Defendants' changes to the investigator's search warrant and affidavit, Plaintiff PAILET identified numerous serious problems with the alterations. Specifically, the warrant and affidavit contained multiple factual inaccuracies and excluded relevant exculpatory evidence. These edits were such that the warrant and affidavit would no longer accurately represent the totality of the circumstances and applicable evidence to allow the reviewing magistrate the ability to adequately weigh the legality of the proposed search.

75.    Due to these concerns, Plaintiff PAILET sent messages to, and met with, Defendants DRUSINSKY and LACAMBRA. Following each meeting, Defendants DRUSINSKY and LACAMBRA continued to direct the investigator to make further edits to the search warrant and affidavit that continued to constitute misrepresentations of the facts and omit mandatory exculpatory evidence. The investigator continued to be concerned by these edits by Defendant DRUSINSKY and Defendant LACAMBRA and sought additional guidance from her supervisor, Plaintiff PAILET.

76.    Due to this continued conduct, Plaintiff PAILET reported illegality of, and other problems with, the Defendants' edits and instructions to the search warrants and affidavits in detail to Defendants DRUSINSKY and LACAMBRA on many occasions from October 2020 through November 2020. During each of these instances, plaintiff's reports were derided and purposely ignored, and the improper

and illegal actions continued. Additionally, on at least two occasions following Plaintiff PAILET's warnings to Defendants DRUSINSKY and LACAMBRA, Defendants DRUSINSKY and LACAMBRA threatened that they would report Plaintiff PAILET's objections to District Attorney Defendant CHESA BOUDIN. Following these events, Defendants DRUSINSKY and LACAMBRA acted to purposely exclude Plaintiff PAILET's access to the case file and halt his involvement in the investigator's work product.

77.    Plaintiff PAILET refused to acquiesce in Defendants DRUSINSKY and LACAMBRA's improper directions regarding the terms of the search warrant and affidavit and subsequently reported these issues and illegality to Defendant DANA DRUSINSKY, Defendant STEPHANIE LACAMBRA, Managing Attorney of IIB Lateef Grey, District Attorney Defendant CHESA BOUDIN and Chief of Staff Defendant DAVID CAMPOS. Due to Plaintiff PAILET's continued objections towards Defendants DRUSINSKY and LACAMBRA's use of language that created legal violations and their violation of attorney and prosecutorial ethics, Plaintiff PAILET was subsequently terminated from the SFDA by District Attorney Defendant CHESA BOUDIN.

78.    Defendants' actions, as described above, violate California Labor Code § 1102.5(b) & (c) which prohibits an employer, or any person acting on behalf of an employer, from retaliating against an employee for refusing to participate in an activity that would result in a violation of law and for disclosing information to a government agency or threatening to disclose to a government agency, where the employee has reasonable cause to believe that the information discloses a violation of law.

79.    As a proximate result of Defendants' actions, Plaintiff has suffered and continue to suffer substantial loss of earnings and other employment benefits, and has suffered and continues to suffer embarrassment, humiliation, and mental anguish, all to his damage in an amount according to proof.

80.    In doing the things alleged herein, the conduct of Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE and the CITY AND COUNTY OF SAN FRANCISCO and DOES 1-50 was despicable.  The individual Defendants acted towards Plaintiff with malice, oppression and fraud and willful and conscious disregard to Plaintiff's rights entitling him to an award of punitive damages.

Wherefore, Plaintiff JEFFREY PAILET prays for judgment against Defendants DANA

DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SAN FRANCISCO

DISTRICT ATTORNEY'S OFFICE and the CITY AND COUNTY OF SAN FRANCISCO and DOES

1-50, as set forth below.

**SECOND CAUSE OF ACTION**
**WHISTLEBLOWER RETALIATION IN VIOLATION OF SAN FRANCISCO**
**CAMPAIGN AND GOVERNMENT CODE § 4.115**

**(Against Defendants CHESA BOUDIN, DAVID CAMPOS, DANA DRUSINSKY,**
**STEPHANIE LACAMBRA, and DOES 1-50)**

81.     Plaintiff realleges and incorporates by reference, the allegations contained in paragraphs 1-

80 as set forth above.

82.     The actions of defendants DISTRICT ATTORNEY CHESA BOUDIN, DAVID

CAMPOS, DANA DRUSINSKY, STEPHANIE LACAMBRA, and DOES 1-50, as described above,

violate San Francisco Campaign and Government Conduct Code § 4.115(a), which prohibits a San

Francisco City officer or employee to retaliate against any other San Francisco City officer or employee

because the employee has in good faith alleged conduct that may constitute a violation of law,

governmental ethics laws, regulations, or rules.

83.     Defendants' actions, as described above, also violated San Francisco Campaign and

Government Conduct Code § 4.115(b)(4) when a supervisor, after receiving the report of alleged conduct

that may constitute a violation of law, governmental ethics laws, regulations, or rules, failed to refer the

complainant to the Ethics Commission and document the referral.

84.     During Plaintiff's employment with the SAN FRANCISCO DISTRICT ATTORNEY'S

OFFICE, Plaintiff's responsibilities including making sure investigations and prosecutions of criminal

matters were done according to California and Federal law, SFDA policy, investigator training and

prosecutorial ethics.

85.     Per the California Business and Professions Code as applied to attorneys, attorneys are

required to "support the Constitution and laws of the United States and of this state." (Cal. Business and

Professions Code § 6068(a).)  The Fourth Amendment of the United States Constitution protects against

unreasonable search and seizure. Thus, when law enforcement seeks to search protected private material,

probable cause must be established or an exception to the protection must apply. The search of an

electronic communication device, including cellular phones falls under this protection. (CalECPA; Penal Code § 1546.) Electronic cellular devices also garner heightened privacy considerations under California law. (CalECPA; Penal Code § 1546.)

86.    A search warrant may not be issued unless probable cause for the search is demonstrated. This probable cause, supported by oath or affirmation, must particularly describe the place to be searched and the persons and things to be seized. (Cal. Const., art I § 13.) For search warrant purposes, an affidavit is a statement made under penalty of perjury before a magistrate. The deciding magistrate reviews the information in the affidavit to determine whether there is a lawful basis for the requested search warrant.

87.    Probable cause that supports the issuance of a search warrant must be described by the totality of the circumstances. Conclusionary statements alone are insufficient to establish probable cause and support the issuance of a warrant: "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of bare conclusions of others." (*Illinois v. Gates* (1983) 462 U.S. 213, 239.) The inclusion of a false statement in a warrant application constitutes perjury. (*Franks v. Delaware* (1978) 438 U.S. 154, 155-156.) If a defendant can prove perjury or reckless disregard for the truth by a preponderance of the evidence, the search warrant will be voided and the fruits of the search excluded to the same extent as if probable cause were lacking on the face of the affidavit. (*Id.*)  The inclusion of false information is fatal to a search warrant and material omissions from a search warrant affidavit are similarly fatal if the affiant excludes critical information from the affidavit "*with an intention to mislead.*" (*United States v. Merrell* (6th Cir. 2009) 330 F.App'x 556, 560 (emphasis in original).)

88.    Under the California Rules of Professional Conduct and Business and Professions Code, an attorney is subject to a duty of candor with regard to their representations to the court and others. Per this duty, an attorney shall not seek to mislead the judge or judicial officer by "an artifice or false statement of law or fact." (Cal. Rule of Professional Conduct 5-200, Cal. Business and Professions Code § 6068(d).) A violation of this duty constitutes cause for disbarment or suspension. (Cal. Business and Professions Code § 6103.) Additionally, actions by an attorney that involve moral turpitude, dishonesty or corruption is also cause for disbarment or suspension. (Cal. Business and Professions Code § 6106.) Finally, an attorney who is found to engage in or consents to any deceit or collusion "with the intent to deceive the court" is

1  can be charged and found guilty of a misdemeanor. (Cal. Business and Professions Code § 6128(a).)

2        89.    SFDA investigators, including Plaintiff PAILET, are trained to examine the facts at issue in

3  order to evaluate whether probable cause exists and, if so, to properly draft search warrants and

4  accompanying warrant affidavits in compliance with applicable state and federal laws. In drafting and

5  attesting to SFDA search warrants, SFDA investigators are required to provide the relevant facts of the

6  matter, including available exculpatory information, to establish the existence of probable cause and allow

7  the determining magistrate to weigh the totality of the circumstances in order to adequately evaluate the

8  legality of the proposed search.

9        90.    At issue here, Defendants DRUSINSKY and LACAMBRA directed the new investigator

10  to draft a search warrant for the data contained on the personal electronic communication devices of

11  Officers related to the OIS investigation. When the investigator provided Defendants DRUSINSKY and

12  LACAMBRA with her initial draft search warrant and affidavit, the Defendants made significant edits to

13  the draft that included numerous factual inaccuracies, misrepresented the circumstances of the event at

14  issue, withheld exculpatory information, and improperly identified known evidence, among other issues.

15  After reviewing these edits, the investigator brought her concerns regarding Defendants DRUSINSKY's

16  and LACAMBRA's improper edits to the search warrant and warrant affidavit to her supervisor, Plaintiff

17  JEFFREY PAILET.

18        91.    After reviewing the Defendants' changes to the investigator's search warrant and affidavit,

19  Plaintiff PAILET identified numerous serious problems with the alterations. Specifically, the warrant and

20  affidavit contained multiple factual inaccuracies and excluded relevant exculpatory evidence. These edits

21  were such that the warrant and affidavit no longer accurately represented the totality of the circumstances

22  and applicable evidence to allow the reviewing magistrate the ability to adequately weigh the legality of the

23  proposed search.

24        92.    Due to these concerns, Plaintiff PAILET reported these violations to Defendants

25  DRUSINSKY and LACAMBRA. Following each meeting, Defendants DRUSINSKY and LACAMBRA

26  continued to direct the investigator to make further edits to the search warrant and affidavit that continued

27  to constitute misrepresentations of the facts and omit mandatory exculpatory evidence. The investigator

28  continued to be concerned by these edits by Defendant DRUSINSKY and Defendant LACAMBRA and

1  continued to seek guidance from her supervisor, Plaintiff PAILET.

2      93.    Due to this continued conduct, Plaintiff PAILET reported these issues in detail to

3  Defendants DRUSINSKY and LACAMBRA on many occasions from October 2020 through November

4  2020. During each of these instances, his reports of the illegality of and problems with the Defendants'

5  edits and instructions to the search warrant and affidavit were derided, purposely ignored and the

6  improper and illegal actions continued. Additionally, on at least two occasions following Plaintiff

7  PAILET's warnings to Defendants DRUSINSKY and LACAMBRA, Defendants threatened that they

8  would report Plaintiff PAILET's objections to District Attorney Defendant CHESA BOUDIN. Following

9  these events, Defendants DRUSINSKY and LACAMBRA acted to purposely exclude Plaintiff PAILET's

10  access to the aforementioned OIS case file and halt his involvement in the investigator's work product.

11      94.    Plaintiff PAILET refused to go along with Defendants DRUSINSKY and LACAMBRA's

12  improper directions regarding the terms of the search warrant and affidavit and subsequently reported

13  these issues and illegality to Defendant DANA DRUSINSKY, Defendant STEPHANIE LACAMBRA,

14  Managing Attorney of IIB Lateef Grey, District Attorney Defendant CHESA BOUDIN and Chief of Staff

15  Defendant DAVID CAMPOS. Due to Plaintiff PAILET's continued objections towards Defendants

16  DRUSINSKY's and LACAMBRA's legal violations and their violation of attorney and prosecutorial

17  ethics, Plaintiff PAILET was subsequently terminated from the SFDA by District Attorney Defendant

18  CHESA BOUDIN.

19      95.    Following this termination, Plaintiff PAILET reported the violations of law contained in

20  the search warrant and affidavit at issue and Defendant DANA DRUSINSKY and Defendant

21  STEPHANIE LACAMBRA's improper retaliation against him to District Attorney Defendant CHESA

22  BOUDIN and Chief of Staff Defendant DAVID CAMPOS to again warn the SFDA of these issues.

23      96.    Plaintiff PAILET believed that following this report to District Attorney Defendant

24  CHESA BOUDIN and Chief of Staff Defendant DAVID CAMPOS, his termination would be rescinded

25  and the improper activity by Defendant DANA DRUSINSKY and Defendant STEPHANIE

26  LACAMBRA would be halted. However, following this report, Plaintiff PAILET's termination was

27  continued and the subsequent appeal of his termination was denied.  It does not appear that any of the

28  defendants who received Plaintiff PAILET's report of alleged conduct constituting a violation of law,

governmental ethics laws, regulations and rules took any action to assist the complainant, including referring the matter to the Ethics Commission.

97.    Defendants' actions, as described above, violate San Francisco Campaign and Government Conduct Code §4.115(a), which prohibits a City officer or employee from retaliating against a City officer or employee for alleging a violation of law and for disclosing information to a government agency or threatening to disclose to a government agency, where the employee has reasonable cause to believe that the information discloses a violation of law, governmental ethics laws, regulations or rules.

98.    Defendants' actions, as described above, also violate San Francisco Campaign and Government Conduct Code § 4.115(b)(4) when a supervisor, after receiving the report of alleged conduct that may constitute a violation of law, governmental ethics laws, regulations, or rules, failed to refer the complainant to the Ethics Commission and document the referral.

99.    As a proximate result of Defendants' actions, Plaintiff has suffered and continue to suffer substantial loss of earnings and other employment benefits, and has suffered and continues to suffer embarrassment, humiliation, and mental anguish, all to his damage in an amount according to proof.

100.    In doing the things alleged herein, the conduct of Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, and DOES 1-50 was despicable. The individual Defendants acted towards Plaintiff with malice, oppression and fraud and willful and conscious disregard to Plaintiff's rights entitling him to an award of punitive damages.

Wherefore, Plaintiff JEFFREY PAILET prays for judgment against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, and DOES 1-50, as set forth below.

### THIRD CAUSE OF ACTION – WRONGFUL TERMINATION IN VIOLATION OF THE US CONSTITUTION AND THE CALIFORNIA PENAL CODE, ESTABLISHING CALIFORNIA STATE PUBLIC POLICY FOR PUBLIC EMPLOYEES

### (Against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, the CITY AND COUNTY OF SAN FRANCISCO, and DOES 1-50)

101.    Plaintiff realleges and incorporates by reference, the allegations contained in paragraphs 1-100 as set forth above.

102.    At all times relevant herein, Plaintiff JEFFREY PAILET was employed by Defendants THE CITY AND COUNTY OF SAN FRANCISCO and SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE ("SFDA").

103.    On November 6, 2020, defendants THE CITY AND COUNTY OF SAN FRANCISCO and SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE ("SFDA") discharged Plaintiff JEFFREY PAILET.

104.    Prior to being discharged, plaintiff JEFFREY PAILET had disclosed certain violations of public policy, including but not limited to violations of law, to several employees of the SFDA. Particularly, plaintiff disclosed that Defendants DRUSINSKY and LACAMBRA had issued directives that tended to violate public policy related to the protection of the Fourth Amendment rights against unlawful searches, and to the integrity of the judicial process for the issuance of search warrants.

105.    Beginning in October 2020, plaintiff PAILET reviewed a search warrant and warrant affidavit edited by Defendants DANA DRUSINSKY AND STEPHANIE LACAMBRA, who were Assistant District Attorneys (ADA). During his review of this search warrant and affidavit, he noted multiple issues with the ADAs' directives and actions, including misrepresentations of the circumstances at issue and deletion of exculpatory information such that the warrant failed to present sufficient probable cause for the search.

106.    Plaintiff JEFFREY PAILET, along with other employees, proceeded to report these problems with the search warrant and warrant affidavit to SFDA ADA's, defendants DRUSINSKY, LACAMBRA, and other supervisors. The reports were ignored and the issues continued. As Plaintiff PAILET and others continued to report these problems, defendants DRUSINSKY and LACAMBRA, threatened that this refusal to tolerate these activities and support the political objectives of the District Attorney (DA), defendant CHESA BOUDIN, to aggressively prosecute police officers would be viewed unfavorably and affect their employment. As this practice continued, plaintiff PAILET believed that if a good faith investigation were conducted, the legal violations would be halted, and he continued to report the issues to other supervisors, including Defendants CHESA BOUDIN and SFDA Chief of Staff, Defendant DAVID CAMPOS. On November 6, 2020, Plaintiff PAILET was retaliated against for his whistleblowing activities when he was terminated from his employment.

107.     Plaintiff JEFFREY PAILET reasonably believed that, within the SFDA, he was witnessing a violation of multiple laws that reflected California state policy regarding the requirement for complete and accurate factual statements in search warrants. The 4th Amendment of the United States Constitution establishes that probable cause must be established or an exception to the protection must apply for a search to be performed. The search of an electronic communication device, including cellular phones falls under this protection. (CalECPA; Penal Code §1546.) Electronic cellular devices also garner heightened privacy considerations under California law. (CalECPA; Penal Code §1546.)

108.     A search warrant may not be issued unless probable cause for the search is demonstrated. Probable cause that supports the issuance of a search warrant must be described by the totality of the circumstances. The inclusion of false information is fatal to a search warrant and material omissions from a search warrant affidavit are similarly fatal if the affiant excludes critical information from the affidavit "*with an intention to mislead.*" (*United States v. Merrell* (6th Cir. 2009) 330 F.App'x 556, 560 (emphasis in original).) Here, plaintiff PAILET observed defendants DRUSINSKY and LACAMBRA directing a misrepresentation of the circumstances at issue and exclusion of relevant exculpatory information. Defendants DRUSINSKY and LACAMBRA continued to do so even after plaintiff PAILET repeatedly warned of these illegal actions.

109.     These improper activities plaintiff PAILET observed within the SFDA also constituted a violation of attorneys' duties under the Business and Professions Code, including the duty not to seek to mislead the judge or judicial officer by "an artifice or false statement of law or fact" and not to engage in or consent to any deceit or collusion "with the intent to deceive the court" (Cal. Rule of Professional Conduct 5-200, Cal. Business and Professions Code § 6068(d); Cal. Business and Professions Code § 6128(a).)

110.     The improper activities plaintiff PAILET observed within the SFDA, as described above, also constituted a violation of attorneys' duties under the Business and Professions Code, including the duty not to seek to mislead the judge or judicial officer by "an artifice or false statement of law or fact" and not to engage in or consent to any deceit or collusion "with the intent to deceive the court" (Cal. Rule of Professional Conduct 5-200, Cal. Business and Professions Code § 6068(d); Cal. Business and Professions Code § 6128(a).)

111.     The improper activities plaintiff PAILET observed within the SFDA, as described above, also violate San Francisco Campaign and Government Conduct Code § 4.115(1)(2) which prohibits a City officer or employee from retaliating against a City officer or employee for alleging a violation of law and for disclosing information to a government agency or threatening to disclose to a government agency, where the employee has reasonable cause to believe that the information discloses a violation of law, governmental ethics laws, regulations or rules.

112.     Defendant DRUSINSKY and LACAMBRA's directives regarding the drafting of the search warrant, as described above, violated various public policies as enshrined in laws and statutes, including: the subject's rights under the Fourth Amendment to the US Constitution to be free from unreasonable search and seizure; the integrity of the judicial process of issuing a warrant; the duty of police officers and investigators to present the whole truth when testifying by affidavit; and, the duty of attorneys to make complete and truthful representations to the Court.

113.     Plaintiff JEFFREY PAILET disclosed the attempted violations of public policy, as described above, to Defendants DRUSINSKY and LACAMBRA, as well as to defendants CHESA BOUDIN and DAVID CAMPOS. These Defendants had the authority to investigate, discover, or correct the aforementioned violations or noncompliance.

114.     Prior to being discharged, plaintiff JEFFREY PAILET refused to participate in the aforementioned violations of public policy, including but not limited to violations of law, advocated by defendants. Particularly, plaintiff refused to advise the aforementioned investigator, who was his subordinate, to comply with defendants DRUSINSKY and LACAMBRA's directives to sign a warrant that included numerous factual inaccuracies, misrepresented the circumstances of the event at issue, withheld exculpatory information, and improperly identified known evidence, among other issues.

115.     Plaintiff JEFFREY PAILET's reporting of the aforementioned violations of law and public policy, and/or his refusal to participate in said violations, as described above, were a substantial motivating reason for PAILET's wrongful discharge by defendants THE CITY AND COUNTY OF SAN FRANCISCO and SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE ("SFDA").

116.     The public policies described above, whose violations were reported by plaintiff JEFFREY PAILET, were public policies that inured to the benefit of the general public, rather than serving the

1    interests of plaintiff JEFFREY PAILET and/or of any one particular individual. These policies were

2    fundamental and substantial, and were critical in maintaining the integrity of the judicial system and the

3    Constitutional rights of the accused.

4         117.    The public policies described above, whose violations were reported by plaintiff JEFFREY

5    PAILET, reflect California state policy regarding the requirement for complete and accurate factual

6    statements in search warrants, and are supported by the U.S. Constitution, the California Constitution, and

7    various statutes, codes, and professional rules of conduct, including the following:

8       •    4th Amendment of the United States Constitution [protection against unreasonable search

9           and seizure];

10     •    14th Amendment of the United States Constitution [requirement for due process]

11     •    Cal. Const., art I § 13, [probable cause, supported by oath or affirmation, must particularly

12          describe the place to be searched and the persons and things to be seized];

13     •    Pen. Code, §118. Perjury defined

14     •    Pen. Code, §118a. False affidavits as to affiant's testimony

15     •    Pen. Code, § 118.1. False statements in peace officer reports; Penalties

16     •    Pen. Code, §127. Subornation of perjury

17     •    Pen. Code, §831(a). Definition of peace officer

18     •    Pen. Code § 1546.1. Restrictions to compelling production of, or access to, electronic

19          information; Warrants for electronic information; [etc.]

20     •    Pen. Code § 1525. Probable cause requirement; Affidavit

21     •    Pen. Code § 1527. Affidavits, what to contain

22     •    Bus. & Prof. Code § 6068(d). Duties as an attorney [subsec. (d): "To employ, for the

23          purpose of maintaining the causes confided to him or her those means only as are

24          consistent with truth, and never to seek to mislead the judge or any judicial officer by an

25          artifice or false statement of fact or law."]

26     •    Bus. & Prof. Code § 6128(a). Misdemeanors in practice; Deception or corruption [subsec.

27          (a), defining corruption when an attorney "Is guilty of any deceit or collusion, or consents

28          to any deceit or collusion, with intent to deceive the court or any party."

- •    Cal. Rule of Professional Conduct 5-200

- •    San Francisco Campaign and Government Code § 4.115

118.    As a direct legal result defendants' wrongful termination of plaintiff JEFFREY PAILET in violation of enunciated California state law and public policy, as described above, plaintiff JEFFREY PAILET suffered harm, including substantial loss of earnings and other employment benefits, and has suffered and continues to suffer embarrassment, humiliation, and mental anguish, all to his damage in an amount according to proof.

119.    In doing the things alleged herein, the conduct of Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, and DOES 1-50 was despicable. The individual Defendants acted towards Plaintiff with malice, oppression and fraud and willful and conscious disregard to Plaintiff's rights entitling him to an award of punitive damages.

Wherefore, Plaintiff JEFFREY PAILET prays for judgment against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE and the CITY AND COUNTY OF SAN FRANCISCO and DOES 1-50, as set forth below.

**FOURTH CAUSE OF ACTION - PRIVATE ATTORNEY'S GENERAL ACT (Labor Code §2699) – WHISTLEBLOWER RETALIATION (Labor Code §1102.5) POLITICAL RETALIATION (Labor Code §§1101, 1102)**

**(Against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE and the CITY AND COUNTY OF SAN FRANCISCO and DOES 1-50)**

120.    Plaintiff realleges and incorporates by reference, the allegations contained in paragraphs 1-119, as set forth above.

121.    Plaintiff JEFFREY PAILET brings this cause of action under the Private Attorney's General Act (Labor Code §2699), to enforce several statutes enumerated in Labor Code §2699.5, to wit, Labor Code sections 1101, 1102 and 1102.5.

122.    Labor Code section 1102.5 prohibits an employer, or any person acting on behalf of an employer, from retaliating against an employee for refusing to participate in an activity that would result in a violation of law and for disclosing information to a government agency or threatening to disclose to a

government agency, where the employee has reasonable cause to believe that the information disclosed constitutes a violation of law.

123.    At all times relevant to this Cause of Action, Plaintiff JEFFREY PAILET was employed as a Lieutenant investigator by Defendants THE CITY AND COUNTY OF SAN FRANCISCO and SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE ("SFDA").

124.    Beginning in October 2020, plaintiff PAILET reviewed a search warrant and warrant affidavit edited by Defendants DANA DRUSINSKY AND STEPHANIE LACAMBRA, who were Assistant District Attorney's (ADA). During his review of this search warrant and affidavit, he noted multiple issues with the ADAs' directives and actions, including misrepresentations of the circumstances at issue and deletion of exculpatory information such that the warrant failed to present sufficient probable cause for the search.

125.    Plaintiff JEFFREY PAILET, along with other employees, proceeded to report these problems with the search warrant and warrant affidavit to defendants DRUSINSKY, LACAMBRA, and other supervisors. The reports were ignored and the issues continued. As Plaintiff PAILET and others continued to report these problems, the ADAs threatened that this refusal to tolerate these activities and support the political objectives of defendant CHESA BOUDIN District Attorney (DA) to aggressively prosecute police officers would be viewed unfavorably and affect their employment. As this practice continued, plaintiff PAILET believed that the legal violations would be halted and continued to report the issues to other supervisors, including Defendants CHESA BOUDIN and DA Chief of Staff, Defendant DAVID CAMPOS.

126.    On November 6, 2020, Plaintiff PAILET was retaliated against for his whistleblowing activities when he was terminated from his employment.

127.    Plaintiff JEFFREY PAILET reasonably believed that he was witnessing a violation of multiple laws occurring within the SFDA. The 4th Amendment of the United States Constitution establishes that probable cause must be established or an exception to the protection must apply for a search to be performed. The search of an electronic communication device, including cellular phones falls under this protection. (CalECPA; Penal Code §1546.) Electronic cellular devices also garner heightened privacy considerations under California law. (CalECPA; Penal Code §1546.)

128.     A search warrant may not be issued unless probable cause for the search is demonstrated. Probable cause that supports the issuance of a search warrant must be described by the totality of the circumstances. The inclusion of false information is fatal to a search warrant and material omissions from a search warrant affidavit are similarly fatal if the affiant excludes critical information from the affidavit "*with an intention to mislead.*" (*United States v. Merrell* (6th Cir. 2009) 330 F.App'x 556, 560 (emphasis in original).) Here, plaintiff PAILET observed defendants DRUSINSKY and LACAMBRA directing a misrepresentation of the circumstances at issue and exclusion of relevant exculpatory information. Defendants DRUSINSKY and LACAMBRA continued to do so even after plaintiff PAILET repeatedly warned of these illegal actions.

129.     These improper activities plaintiff PAILET observed within the SFDA also constituted a violation of attorneys' duties under the Business and Professions Code, including the duty not to seek to mislead the judge or judicial officer by "an artifice or false statement of law or fact" and not to engage in or consent to any deceit or collusion "with the intent to deceive the court" (Cal. Rule of Professional Conduct 5-200, Cal. Business and Professions Code § 6068(d); Cal. Business and Professions Code § 6128(a).)

130.     The improper activities plaintiff PAILET observed within the SFDA, as described above, also constituted a violation of attorneys' duties under the Business and Professions Code, including the duty not to seek to mislead the judge or judicial officer by "an artifice or false statement of law or fact" and not to engage in or consent to any deceit or collusion "with the intent to deceive the court" (Cal. Rule of Professional Conduct 5-200, Cal. Business and Professions Code § 6068(d); Cal. Business and Professions Code § 6128(a).)

131.     The improper activities plaintiff PAILET observed within the SFDA, as described above, also violate San Francisco Campaign and Government Conduct Code § 4.115(1)(2) which prohibits a City officer or employee from retaliating against a City officer or employee for alleging a violation of law and for disclosing information to a government agency or threatening to disclose to a government agency, where the employee has reasonable cause to believe that the information discloses a violation of law, governmental ethics laws, regulations or rules.

132.     San Francisco Campaign and Government Conduct Code § 4.115(b)(4) was also violated

when defendants, after receiving the report of alleged conduct that may constitute a violation of law, governmental ethics laws, regulations, or rules, failed to refer the complainant to the Ethics Commission and document the referral, and further failed to investigate the credible allegations of improper conduct. Defendants' misrepresentations related to its failure to investigate are more fully set forth in the Fifth Cause of Action of this First Amended Complaint.

133.    Labor Code section 1101(b) states that, "No employer shall make, adopt, or enforce any rule, regulation, or policy . . . (b) Controlling or directing, or tending to control or direct the political activities or affiliations of employees."

134.    Labor Code section 1102 states that, "No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity."

135.    Defendants SF DISTRICT ATTORNEY'S OFFICE, BOUDIN, DRUSINSKY and LACAMBRA had an improper policy to discriminate against any employee who was perceived to not be in favor of the DA office's political program of aggressive prosecution of police misconduct.  Defendants and each of them inaccurately perceived plaintiff JEFFREY PAILET to be opposed to the DA office's political program and/or to the prosecution of police misconduct generally. In fact, plaintiff PAILET's intent in was to ensure compliance with relevant and required legal standards and procedures applicable to the execution of search warrants. Defendant's aforementioned policy violated Labor Code section 1101(b), in that it controlled or directed, or tended to control or direct, the political activities or affiliations of employees, including plaintiff JEFFREY PAILET.

136.    Defendants SF DISTRICT ATTORNEY'S OFFICE, BOUDIN, DRUSINSKY and LACAMBRA, and each of them, sought to coerce plaintiff JEFFREY PAILET, by means of threat of discharge or loss of employment, to adopt the course or line of political action or political activity advanced by the SF DISTRICT ATTORNEY'S OFFICE regarding the aggressive prosecution of police misconduct. Defendant's conduct violated Labor Code section 1102, in that it tended to coerce plaintiff PAILET, as well as other members of the SFDA's office and the SFDA's Independent Investigations Bureau, to adopt or follow or refrain from adopting or following a particular course or line of political

action or political activity.

137.    On November 6, 2020, defendants THE CITY AND COUNTY OF SAN FRANCISCO and SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE ("SFDA") discharged Plaintiff JEFFREY PAILET.  The SFDA's office's termination of Plaintiff JEFFREY PAILET, and the denial of his subsequent appeal of his termination, were done in part as retaliation against plaintiff for his perceived opposition to the SFDA's office's political program, and as a fulfilment of defendant's improper threat to discharge plaintiff to improperly coerce his alleged political activity and/or political affiliation, as described above.

138.    Plaintiff JEFFREY PAILET is an "aggrieved employee" pursuant to Labor Code section 2699(c), as he is a person who was employed by the alleged violator and against whom one or more of the alleged violations set forth in this Fourth Cause of Action was committed.

139.    Plaintiff JEFFREY PAILET has complied with the requirements of Labor Code section 2699.3, by giving give written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation. Plaintiff filed said notice on November 3, 2021, and subsequently filed an amended Notice on November 4, 2021. The Labor and Workforce Development Agency has not provided notice regarding its intent to investigate to the employer and the aggrieved employee within 65 calendar days of the aggrieved employee's notice.

140.    Plaintiff JEFFREY PAILET seeks civil penalties, pursuant to Labor Code section 2699(f), for defendants' violations of Labor Code sections 1101(b), 1102, and 1102.5, as aforesaid. Further, plaintiff seeks an award of reasonable attorney's fees and costs in bringing this action, including any filing fees, pursuant to Labor Code section 2699(g).

Wherefore, Plaintiff JEFFREY PAILET prays for judgment against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE and the CITY AND COUNTY OF SAN FRANCISCO and DOES 1-50, as set forth below.

///

///

### FIFTH CAUSE OF ACTION – FRAUD AND FALSE PROMISE – OFFICIALS' DELIBERATE FAILURE TO PERFORM DUTY TO INVESTIGATE

#### (Against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50)

141.    Plaintiff realleges and incorporates by reference, the allegations contained in paragraphs 1-140 as set forth above.

142.    At all times relevant herein, up to his termination on November 6, 2020, Plaintiff JEFFREY PAILET was employed by Defendants CITY AND COUNTY OF SAN FRANCISCO and the SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE.

143.    Defendant SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, and its employees both individually and acting in an official capacity, including defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, had a mandatory duty to investigate complaints of ethical problems and violations of law by its attorneys.

144.    Further, the San Francisco Office of the Controller is authorized under Government Code Section 53087.6 to operate a whistleblower program to receive, investigate, refer, and report on complaints of unethical and illegal conduct by San Francisco employees. The Office of the Controller has a duty under San Francisco Campaign and Government Conduct Code §4.107 to investigate improper government activities by City officers and employees. Where a complaint alleges conduct that may constitute a violation of local campaign finance, lobbying, conflict of interest, or governmental ethics laws, regulations, or rules, the Controller shall refer the issue to the Ethics Commission and the City Attorney.  (SFC&GC Code §4.107(b)(5)) The Office of the Controller must receive, track, and investigate complaints made or referred to the Whistleblower Program. (SFC&GC Code §4.107(c)) Where the Controller refers a complaint to the appropriate department of the CITY AND COUNTY OF SAN FRANCISCO, the Controller must notify the department head where the department staff has failed to comply with their duties to investigate complaints. (SFC&GC Code §4.107(e))

145.    Further, the San Francisco Ethics Commission has a mandatory duty to investigate complaints of ethical problems and violations of law by City employees, including ethical violations by attorneys at the SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE.

146.    An effective investigation necessarily would require all witnesses who observed the conduct

at issue to be interviewed. When an investigation unexplainably avoids speaking to the witness of the improper conduct at issue, this is evidence that the goal of the investigation is intended not to confirm the facts but to obfuscate the situation and conceal the improper activity.

147.    Certain agencies of the CITY AND COUNTY OF SAN FRANCISCO, including Defendant SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, the San Francisco Ethics Commission, and the San Francisco Office of the Controller, publish information related to these departments' investigation of complaints and/or the protection of whistleblowers. This information is published on the departments' websites and in other documents. In these publications, the departments made representations that they accept complaints from whistleblowers regarding unethical conduct by City employees, and that they will investigate said complaints. The aforementioned publications constitute a public representation that the departments will investigate claims of violations of law and other ethical violations.

148.    Defendant CITY AND COUNTY OF SAN FRANCISCO, and certain of its officers and employees, including DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, made these representations to Plaintiff PAILET, promising PAILET that defendants would investigate claims of unethical conduct by the SFDA's own attorneys. Further, defendants and each of them made these representations to the public, including to Plaintiff PAILET. Defendants knew or reasonably expected that these representations would be repeated to plaintiff PAILET.

149.    At the time Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, made their office's promise to investigate complaints of unethical conduct, defendants and each of them knew that their office did not intend to perform any promise to investigate. Specifically, defendants knew that the SFDA's office would not investigate claims of unethical conduct by the SFDA's own attorneys, and would not investigate claims that were perceived to be in conflict with the political agenda of district attorney, defendant CHESA BOUDIN.

150.    Plaintiff JEFFREY PAILET heard, and reasonably believed, the defendants' representations and promises to investigate in the event of unethical conduct by Defendants DANA

DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, as aforesaid.

151.    In 2020, plaintiff JEFFREY PAILET witnessed actions by San Francisco District Attorney's Office assistant district attorneys that he believed to be in violation of the law, prosecutorial misconduct and unethical activities within the Independent Investigations Bureau (IIB). Beginning in October 2020, plaintiff PAILET reviewed a search warrant and warrant affidavit edited by Defendants DANA DRUSINSKY AND STEPHANIE LACAMBRA, who were Assistant District Attorney's (ADA). During his review of this search warrant and affidavit, plaintiff noted multiple issues with the ADAs' directives related to re-drafting the search warrant and warrant affidavit, including misrepresentations of the circumstances at issue and deletion of exculpatory information, such that the warrant failed to present sufficient probable cause for the search.

152.    Plaintiff JEFFREY PAILET, along with other employees, proceeded to report these problems with the search warrant and warrant affidavit to defendants DRUSINSKY, LACAMBRA, and other supervisors. The reports were ignored and the issues continued. As Plaintiff PAILET and others continued to report these problems, the ADAs threatened that this refusal to tolerate these activities and support the political objectives of defendant CHESA BOUDIN to aggressively prosecute police officers would be viewed unfavorably and affect their employment. As this practice continued, plaintiff PAILET believed that, if a good faith investigation were conducted, the legal violations would be halted. PAILET continued to report the issues to other supervisors, including Defendants CHESA BOUDIN and DA Chief of Staff, Defendant DAVID CAMPOS.

153.    On November 6, 2020, in retaliation for his whistleblowing activities, Plaintiff PAILET was terminated from his employment at the SFDA office.

154.    Plaintiff JEFFREY PAILET reasonably believed that he was witnessing a violation of multiple laws occurring within the SFDA. The 4th Amendment of the United States Constitution establishes that probable cause must be established or an exception to the protection must apply for a search to be performed. The search of an electronic communication device, including cellular phones falls under this protection. (CalECPA; Penal Code §1546.) Electronic cellular devices also garner heightened privacy considerations under California law. (CalECPA; Penal Code §1546.)

155.    A search warrant may not be issued unless probable cause for the search is demonstrated. Probable cause that supports the issuance of a search warrant must be described by the totality of the circumstances. The inclusion of false information is fatal to a search warrant and material omissions from a search warrant affidavit are similarly fatal if the affiant excludes critical information from the affidavit "*with an intention to mislead.*" (*United States v. Merrell* (6th Cir. 2009) 330 F.App'x 556, 560 (emphasis in original).)

156.    Further, as affiants in warrant applications, SFDA investigators act as fact witnesses in the State's investigation of cases. SFDA investigators have an independent duty to present relevant information in an unbiased and unprejudiced manner, in conformance with US Constitution and the California Penal Code. Pursuant to Penal Code sections 118.1 and 831(a), no police office can make false statements in these warrant affidavits. SFDA investigators act as sworn law enforcement officers when doing investigation regarding search warrants, and their conduct is subject to the same Penal Code sections. As an affiant regarding the warrant affidavit, the investigator is subject to questioning by the magistrate as to all aspects of the drafting of the affidavit, including the sources of the factual information, and any deliberations with SFDA attorneys regarding the drafting of the affidavit. SFDA investigators are independently subject to prosecution for perjury and/or civil rights violations under 42 U.S.C. section 1983 if their affidavit or live testimony regarding search warrants is false or deliberately misleading.

157.    Here, plaintiff PAILET observed defendants DRUSINSKY and LACAMBRA, in their process of editing and re-drafting certain search warrants, directing a misrepresentation of the circumstances at issue and exclusion of relevant exculpatory information. Defendants DRUSINSKY and LACAMBRA continued to do so even after plaintiff PAILET repeatedly warned of these illegal actions.

158.    Initially, plaintiff PAILET attempted to report these issues internally at the SF DA's office, to defendants DRUSINSKY and LACAMBRA, in an effort to halt this activity.

159.    On November 6, 2020 plaintiff PAILET was notified of his termination from the San Francisco District Attorney's Office, due to his continued objection and reporting of these improper and unethical activities.

160.    Both before and after plaintiff PAILET's termination from the San Francisco District Attorney's Office, plaintiff made several reports regarding the above-described improper conduct, and

made several requests that a formal investigation be performed. Plaintiff did so in reliance on the representations of the SF DA's office, and on the representations of defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, and each of them, that reports of unethical and unlawful conduct would be investigated.

161.    On November 2, 2020, plaintiff PAILET made a whistleblower complaint via email related to the violations to the involved assistant district attorneys, defendants STEPHANIE LACAMBRA and DANA DRUSINSKY. However, plaintiff PAILET was not contacted or interviewed regarding any investigation of these claims. Plaintiff is informed and believes and thereon alleges that no investigation was conducted by defendants STEPHANIE LACAMBRA and DANA DRUSINSKY.

162.    On November 6, 2020, plaintiff JEFFREY PAILET made a whistleblower complaint via email related to the above-stated violations and unethical conduct to District Attorney CHESA BOUDIN and Chief of Staff DAVID CAMPOS. Plaintiff was not contacted related to this and was never informed of any investigation of these claims.

163.    On March 10, 2021, plaintiff JEFFREY PAILET submitted a whistleblower complaint to the San Francisco Office of the Controller Whistleblower Program and requested that an investigation be conducted related to the above-stated violations and unethical conduct. Plaintiff was initially contacted by an investigator, but was later informed that no City agency would conduct any formal investigation and that an outside agency would be contacting plaintiff. However, despite this promise, Plaintiff was never contacted by anyone from the Office of the Controller who was conducting a formal investigation of plaintiff's reports of violations and unethical conduct.

164.    Following this termination, Plaintiff JEFFREY PAILET subsequently availed himself of his Government Code § 3304(b) appeal rights. The hearing occurred on March 12, 2021. During this appeal, Plaintiff PAILET again reported the improper unlawful conduct to the hearing officer, Defendant SIMIN SHAMJI, Chief of Programs and Initiatives. Plaintiff requested that an investigation be done related to the events of his termination and asked for an explanation as to why he was terminated. However, plaintiff was notified on April 23, 2021 that his appeal was denied. The explanatory report by defendant SHAMJI indicated that no investigation would be performed by SHAMJI, nor would SHAMJI refer the matter to any other City of San Francisco agency for investigation. No explanation was given for

Plaintiff's termination, and he was informed that no investigation would be done.

165.    On April 30, 2021, plaintiff JEFFREY PAILET submitted a government tort claim against defendants the CITY AND COUNTY OF SAN FRANCISCO, the SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY CHESA BOUDIN, CHIEF OF STAFF DAVID CAMPOS, and other involved parties, and requested that an investigation be performed. The purpose of a government tort claim is to provide the public entity with notice of the action to permit the entity to investigate the claims. (*Chalmers v. County of L.A.* (1985) 175 Cal.App.3d 461, 465-466 [describing rationale underlying Govt. Code §910]) However, plaintiff JEFFREY PAILET was not contacted or interviewed related to this violation, and was never informed of an investigation.

166.    On May 5, 2021, plaintiff JEFFREY PAILET was notified that his government tort claim was denied by the City Attorney's Office. Plaintiff was never contacted by the City Attorney's Office prior to this and was not informed of any investigation being performed. In response to this denial, plaintiff again supplied a written explanation to the City Attorney's Office that identified the concerning and illegal activity that he witnessed, and his termination in violation of his protected whistleblower status, and requested an investigation be performed.

167.    The fact that no agency or department of the CITY AND COUNTY OF SAN FRANCISCO, or any of its officials or employees, ever contacted plaintiff PAILET for an interview, demonstrates that no good faith investigation of plaintiff's claims was ever conducted by the CITY AND COUNTY OF SAN FRANCISCO, the SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY CHESA BOUDIN, and/or CHIEF OF STAFF DAVID CAMPOS.

168.    As a legal result of Plaintiff JEFFREY PAILET's reasonable reliance on the misrepresentations of defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, and on the false promises by said defendants related to a reasonably competent investigation of plaintiff's claims of illegal and unethical conduct, plaintiff suffered damages. A competent investigation by an impartial investigator was likely to affirm the existence of illegal and unethical conduct. Such a conclusion would have prevented PAILET from being terminated in the first instance; alternatively, this would have yielded the conclusion that plaintiff PAILET was a protected whistleblower who was terminated in violation of Labor Code section

1102.5.

169.    Further, Plaintiff PAILET's reliance on the misrepresentations and false promises of defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, caused harm to plaintiff, in that this caused delay in plaintiff's filing of a civil case for remedies, and thus a delay in a just resolution of the claims herein presented.

170.    Further, plaintiff is informed and believes and thereon alleges that defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, and each of them, used the delay caused by their own failure to conduct any investigation of plaintiff's claims of potentially illegal conduct, in order to destroy relevant evidence and to obfuscate important information. Defendants utilized certain messaging applications such as Signal and WhatsApp in order to conceal communications regarding issues relevant to defendants' bad faith refusal to investigate, such as: the underlying warrant applications; the SFDA office's assessment of plaintiff PAILET's political position with respect to investigations of alleged police misconduct; the decision to fire PAILET; the conduct of the Government Code § 3304(b) appeal hearing; and/or the various decisions by defendants not to pursue any investigation. Defendants' delays, and the concealment that these delays permitted, caused plaintiff PAILET harm by impeding PAILET's rights in this litigation to discover relevant facts regarding this case.

171.    In doing the things alleged herein, the conduct of Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, and DOES 1-50 was despicable. The individual Defendants acted towards Plaintiff JEFFREY PAILET in a fraudulent manner, entitling him to an award of punitive damages under Civil Code section 3294.

Wherefore, Plaintiff JEFFREY PAILET prays for judgment against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, as set forth below.

## PRAYER AND REQUEST FOR RELIEF

Plaintiff JEFFREY PAILET seeks judgment on the First Cause of Action for Whistleblower Retaliation in Violation of Labor Code §1102.5, against Defendants CITY AND COUNTY OF SAN FRANCISCO, DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY CHESA BOUDIN,

DAVID CAMPOS, DANA DRUSINSKY, STEPHANIE LACAMBRA, and DOES 1-50, as follows:

      1.      Compensatory damages, including lost past and future wages and benefits, and emotional distress damages, in a sum according to proof;

      2.      Punitive damages against individual Defendants, in a sum according to proof;

      3.      Interest on judgment, including prejudgment interest, at the legal rate;

      4.      Attorneys' fees and costs including but not limited to those provided under Code of Civ. Pro. §1021.5 and Labor Code §2699 *et seq*; and;

      5.      Such other and further relief as the Court may deem proper.

Plaintiff JEFFREY PAILET seeks judgment on the Second Cause of Action for Whistleblower Retaliation in Violation of San Francisco Campaign and Government Code § 4.115, against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS and DOES 1-50, and each of them, as follows:

      1.      Civil penalties against each defendant, not to exceed $10,000;

      2.      Punitive damages against individual Defendants, in a sum according to proof;

      3.      Interest on judgment, including prejudgment interest, at the legal rate;

      4.      Attorneys' fees and costs including but not limited to those provided under Code of Civ. Pro. §1021.5 and Labor Code §2699 *et seq*; and;

      5.      Such other and further relief as the Court may deem proper.

Plaintiff JEFFREY PAILET seeks judgment on the Wrongful Termination In Violation of the US Constitution and the California Penal Code, Establishing California State Public Policy For Public Employees, against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS and DOES 1-50, and each of them, as follows:

      1.      Compensatory damages, including lost past and future wages and benefits, and emotional distress damages, in a sum according to proof;

      2.      Punitive damages against individual Defendants, in a sum according to proof;

      3.      Interest on judgment, including prejudgment interest, at the legal rate;

      4.      Attorneys' fees and costs including but not limited to those provided under Code of Civ. Pro. §1021.5 and Labor Code §2699 *et seq*; and;

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

5.       Such other and further relief as the Court may deem proper.

Plaintiff JEFFREY PAILET seeks judgment on the Fourth Cause of Action under the Private Attorney's General Act (Labor Code §2699), for Whistleblower Retaliation (Labor Code §1102.5) and Political Retaliation (Labor Code §§1101, 1102) against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS and DOES 1-50, and each of them, as follows:

1.       Civil penalties against each defendant, pursuant to Labor Code §2699(f), for defendants' violations of Labor Code sections 1101(b), 1102, and 1102.5;

2.       Punitive damages against individual Defendants, in a sum according to proof;

3.       Interest on judgment, including prejudgment interest, at the legal rate;

4.       An award of reasonable attorney's fees and costs in bringing this action, including any filing fees, pursuant to Labor Code section 2699(g); and,

5.       Such other and further relief as the Court may deem proper.

Plaintiff JEFFREY PAILET seeks judgment on the Fifth Cause of Action for Fraud and False Promise – Officials' Deliberate Failure To Perform Duty To Investigate, against Defendants DANA DRUSINSKY, STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50, and each of them, as follows:

1.       Compensatory damages, including lost past and future wages and benefits, and emotional distress damages, in a sum according to proof;

2.       Punitive damages against individual Defendants, in a sum according to proof;

3.       Interest on judgment, including prejudgment interest, at the legal rate;

4.       Such other and further relief as the Court may deem proper.

///
///
///
///
///
///

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

As to the matters complained of herein against Defendants CITY AND COUNTY OF SAN

FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, DANA DRUSINSKY,

STEPHANIE LACAMBRA, CHESA BOUDIN, DAVID CAMPOS, SIMIN SHAMJI, and DOES 1-50,

and each of them, Plaintiff JEFFREY PAILET demands a trial by jury.


Dated: March 16, 2022                                    Respectfully submitted,
                                                         **RAINS LUCIA STERN**
                                                         **ST. PHALLE & SILVER, PC**

                                                         By:  Eustace de Saint Phalle
                                                         Attorneys for Plaintiff JEFFREY PAILET

FIRST AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL