**EXHIBIT 10**

```
                       IN THE SUPERIOR COURT
              STATE OF CALIFORNIA, COUNTY OF ALAMEDA
                     RENE C. DAVIDSON COURTHOUSE
             BEFORE THE HONORABLE SCOTT PATTON, JUDGE
                         DEPARTMENT NUMBER 12
                              ---o0o---


THE PEOPLE OF THE STATE OF CALIFORNIA,)
                                      )
                           Plaintiff, ) No. 23CR003838
                                      )
    vs.                               )
                                      )
PHONG TRAN,                           )
                                      )
                           Defendant. )
_____)


                         COURT PROCEEDINGS
                         October 13, 2023


                       A P P E A R A N C E S


FOR THE PEOPLE:              Zachary Linowitz
                             Deputy District Attorney

FOR THE DEFENDANT:           Andrew Ganz
                             Attorney at Law




REPORTED BY:                 CHRIS SWINDERMAN, CSR #6932
```

1  finder of fact, they could be more or less likely to believe a
2  particular defense.
3        In the case of Ms. Webber's declaration, although it
4  didn't necessarily explicitly incriminate the defendant, it
5  did mention that she had spoken with him about the case at
6  hand, the Butler homicide, in passing in the years before she
7  came forward as a witness.  But more importantly, there needs
8  to be some connection between what Inspector Koltuniac
9  allegedly did and how that's a defense to Mr. Tran.
10       So I'm not going to provide examples, I don't think
11 that's really my role here, but there's no -- other than
12 saying --
13       THE COURT:  The threshold is fairly low that they have
14 to make a showing.  Given the charges here, which are perjury,
15 suborning perjury, things of that nature, the idea is about
16 words, what is said, the context and how those words are
17 interpreted, right?  And so your inspector prepared
18 declarations that summarized and characterized things that
19 people said, put them in context, and I think that's what
20 we're dealing with here.  What do those words mean in the way
21 that they're spoken?  ==I think that he has made a prima facie==
22 ==showing as far as Pitchess are concerned for any material==
23 ==misrepresentation.==
24       So complaints in this inspector's files about
25 misrepresentations or misquoting people and affidavits, which
26 we have here, I think that he has made the threshold in his
27 declaration to require an in camera hearing of the inspector's
28 personnel file.  So that threshold has been reached.

1        At some point we need to have that in camera hearing.
2   The San Francisco DA is not here.  I don't know if your office
3   has any material for me to review.  I don't know if you have
4   the personnel files in question.
5        MR. LINOWITZ:  I do not.
6        THE COURT:  And Brady is a separate thing.  You have an
7   ongoing obligation.  You said in your brief it's not timely.
8   I don't understand that.  Brady is always timely.
9        MR. LINOWITZ:  But there is no Brady.
10       THE COURT:  That's fine.  If you're telling me there's
11  no Brady material in the files that you possess --
12       MR. LINOWITZ:  Yes.
13       THE COURT:  That's fine, but it's an ongoing obligation
14  that continues throughout the trial and through the appellate
15  process.
16       MR. LINOWITZ:  Sure.
17       THE COURT:  All right.  So let's --
18       MR. GANZ:  I want to make sure we have sort of a clean
19  record and order here.  There were motions made both as to the
20  personnel file at the San Francisco District Attorney's Office
21  and the Alameda County District Attorney's Office.  Typically
22  what would happen is a custodian of records would present
23  information to the Court and either there's nothing in the
24  file pursuant to the Court's scope, or will provide records to
25  the Court and the Court can do an in camera review.
26       Let's take the Alameda County District Attorney's
27  Office first.  I don't know if Mr. Linowitz is acting as a
28  custodian or just making representation based on the Court's

1  ruling that there is nothing in his file that would be
2  disclosable for the Court to review.  How ever the Court wants
3  to handle it.
4        THE COURT:  Normally you would provide me with an order
5  I would sign, and then I would get a response from the city
6  attorney.  Here it's the district attorney's office.  What
7  Mr. Linowitz is telling me there's nothing to disclose.
8        MR. GANZ:  Okay.
9        MR. LINOWITZ:  That's right.  Also, my reading of the
10 Pitchess motion is that it was targeted to the personnel files
11 in possession of the San Francisco District Attorney's
12 Office.
13       MR. GANZ:  I made two distinct requests.  One for San
14 Francisco and one for Alameda County.
15       THE COURT:  That was my understanding.  And
16 Mr. Linowitz cannot respond for San Francisco, but you can
17 provide me an order that I will sign to tell the San Francisco
18 District Attorney's Office that they have to provide me with
19 an in camera review of the inspector's personnel file.
20       MR. GANZ:  Okay.  I will be happy to do that.  I was
21 going to pass along to them the Court's ruling, but I will
22 provide counsel a proposed order, clear it with counsel, and
23 submit it to the Court.
24       MR. LINOWITZ:  Will the Court specify the scope of the
25 review?
26       THE COURT:  Well, so this would be as to falsehoods,
27 misrepresentations.  This wouldn't be a use of force, anything
28 like that.  It's very particular.  And if I was to provide any

```
 1  discovery, it would be in the strict limitations of Pitchess,
 2  which would be name of a reporting party, their contact
 3  information.  I would not be providing files at this stage.
 4  It would just be if there was anything to turn over via the
 5  standard Pitchess process.
 6          MR. LINOWITZ:  Understood.
 7          MR. GANZ:  Thank you.
 8          THE COURT:  Let's move on to the motion to quash.
 9      As I said on September 1st, I was very concerned about
10  a material misrepresentation that was presented to me in an
11  affidavit and that affidavit included a declaration from the
12  district attorney inspector that mischaracterized the
13  testimony of Mr. Tran during the trial.  And you have
14  responded to my concerns in a supplemental, Mr. Linowitz,
15  which I have read.
16          Would you like to argue anything further as far as that
17  is concerned?
18          MR. LINOWITZ:  I won't just re-read my brief to you
19  since the Court's already read it.  I would just like to
20  emphasize that I do take -- I did take the Court's concerns
21  and I continue to take the Court's concerns very seriously,
22  and I do assure the Court that this is not a case like some of
23  the published decisions where there is some provable intent to
24  defraud the magistrate.  And rather, this is really at best,
25  or I should say at worse, grammatic imprecision.  And the use
26  of -- stripping away the quotation marks, I don't think
27  there's any colorable argument that there was anything, you
28  know, misrepresentative --
```

1     THE COURT: You and I could not disagree more on that
2 point. I found this a blatant falsehood the way it was
3 written.
4     I was the magistrate that first reviewed the initial
5 search warrant and I was mislead. I believed that this was a
6 direct quotation taken from the trial transcript, and anyone
7 reading that would think the same thing. It was put in
8 quotation marks, and it said, "Officer Tran stated or
9 claimed" --
10     MR. LINOWITZ: Claimed.
11     THE COURT: And then it puts in quote a question during
12 cross-examination, and then it deletes certain parts that
13 would have clarified -- actually, it deletes the parts of that
14 question and puts in other things that affirms that this is a
15 statement that was made by Mr. Tran on the witness stand,
16 which he denied. And the idea that you couldn't put out the
17 actual question that was asked and the answer that was given
18 is ridiculous. It's 42 words. It's a third of a Tweet. It's
19 not like you would have had to include the transcript.
20     MR. LINOWITZ: I agree that would have been the better
21 course. As the Court already noted, I respectfully disagree
22 that anything material was deleted. The witness answered
23 "yes" after clarifying a part of the question and that part of
24 the question was included. So really nothing was deleted from
25 the quoted passage. All of the material parts are included.
26     THE COURT: So let me state: "By inserting the
27 'was' -- which he does in brackets -- "in between 'Webber' and
28 in September, the affiant has removed part of the ambiguity of

1   the question; i.e., was this the first time you ever met with
2   her, or when was the first time you met with her during the
3   month of September of 2013?"
4           So it's a very ambiguous question.  It is a confusing
5   question.  It's poorly drafted and could have two different
6   meanings.  But what your inspector did in his declaration was
7   he made it way more incriminating.  It's not like he clarified
8   it.  He made it more incriminating as to Mr. Tran's answer.
9   He didn't help to clarify it.  He just summarized it in a way
10  that was incriminating to Mr. Tran when he could have just
11  quoted the actual question and answer and then the magistrate
12  can make his own determination.  That's not what he did.
13          MR. LINOWITZ:  I agree he -- well, first of all, just
14  procedurally, there are a couple things going on here.
15          THE COURT:  And given the case that you're charging
16  this man with perjury, it would seem to me from the Public
17  Integrity Unit that you would want to make sure that
18  everything was perfect.
19          MR. LINOWITZ:  Certainly.  So as a preliminary matter,
20  the Court is focusing on a warrant that is not the subject of
21  the defendant's motion to quash.  I do think that is not an
22  insignificant procedural point.
23          The Court reviewed a warrant and approved a warrant
24  that predated the one at hand.  And even though --
25          THE COURT:  All that information is in the same
26  affidavit though.
27          MR. LINOWITZ:  I understand that.  But the defendant
28  filed a motion to quash a particular warrant.  This court sua

```
1  STATE OF CALIFORNIA)
                      )   ss.
2  COUNTY OF ALAMEDA  )

3          I, CHRIS SWINDERMAN, Certified Shorthand Reporter,
4  do hereby certify that I am an Official Court Reporter for the
5  Superior Court, County of Alameda, State of California, and
6  that as such I reported the proceedings had in the
7  above-entitled matter at the time and place set forth herein.
8          That my stenograph notes were thereafter transcribed
9  under my direction; and that the foregoing pages numbered
10 through constitutes a full, true and correct transcription of
11 my said notes.
12
13                          Dated:  October 19, 2023
14
15
16
17                          _____
18                          Chris Swinderman CSR No. 6932
```