**EXHIBIT 12**

April 21, 2022

City & County of San Francisco Ethics Commission
25 Van Ness Ave., Suite 220
San Francisco, CA 94102

**Re:**    ***Ethics Complaint Concerning San Francisco District Attorney Chesa Boudin,***

To Whom It May Concern:

My name is Jeffrey Pailet. I was previously a Lieutenant District Attorney investigator
with the San Francisco District Attorney's Office. I am filing an ethics complaint regarding San
Francisco District Attorney (DA) Chesa Boudin, former DA Chief of Staff David Campos, ADA
Stephanie Lacambra, ADA Dana Drusinsky, and DA Chief of Programs and Initiatives Simin
Shamji.

My ethics complaint against Chesa Boudin arises from his statements publically, and
potentially privately, within the City and County of San Francisco wherein he stated that he was
"not aware one iota of evidence, not an email, not a documented conversation, nothing that
occurred during my tenure that could possibly suggest that it is ever acceptable, under any
circumstances, to be less than 100% truthful and candid in affidavits filed under penalty of
perjury."

I know that this statement is false, since I emailed him directly about similar conduct in a
separate case where attorneys he hired to the SFDA's Office had attempted to have false and
misleading factual statements asserted in a warrant affidavit. DA Chesa Boudin was specifically
informed that these attorneys attempted to have false and misleading factual information
provided to a judge in order to justify a search warrant. Rather than investigate the
circumstances, I believe DA Chesa Boudin has engaged in a cover up in order to try and protect
these Assistant District Attorneys and hide this conduct from the public, San Francisco Superior
Court Judges, and other San Francisco City employees of various departments.

This statement was made on February 4, 2022, at DA Boudin's press conference in
response to questions concerning testimony by an Investigator in the District Attorney's Office
that asserted she was pressured under threat of termination to exclude exculpatory information
from a warrant affidavit by certain San Francisco Assistant District Attorneys (ADAs).

While I was employed as a Lieutenant Investigator at the San Francisco District
Attorney's Office, I witnessed similar conduct occurring, including that certain ADAs were
directing the drafting and submission of warrant affidavits that contained false and misleading
statements that I believe would have constituted perjury. I informed DA Boudin in writing on
November 6, 2020, that ADAs he hired, Drusinsky and Lacambra, were acting improperly
related to warrant affidavits, specifically with the inclusion of misleading statements and the
omission of relevant facts. Following my report of this misconduct, DA Boudin terminated my

employment with the San Francisco District Attorney's Office and never spoke to me or had me interviewed about what I witnessed.

As a result of this improper conduct by ADA Dana Drusinsky and ADA Stephanie Lacambra and the subsequent actions that occurred, I am also making an ethics complaint against former SFDA Chief of Staff David Campos, ADA Drusinsky, ADA Lacambra and SFDA Chief of Programs and Initiatives Simin Shamji related to their conduct and what I believe to be subsequent efforts of a cover-up to hide what I believe to be unethical and illegal activities.

At the time of my whistleblower report of this misconduct, I had also requested an investigation about these matters. To my knowledge, no formal investigation has been performed in response to my reports of prosecutorial misconduct, unethical behavior and what I perceive to be potentially illegal actions. After having made these allegations and reports as a whistleblower, no individual from the San Francisco District Attorney's Office or the City and County of San Francisco has ever interviewed me. Thus, a formal investigation cannot have been conducted. Due to this, it appears DA Boudin refuses to conduct such an investigation. I believe that this supports the conclusion that DA Boudin and others are attempting to cover-up this improper activity occurring within the District Attorney's Office rather than properly investigate these issues.

In the past, I have attempted to use other available City and County entities to report what I believed to be illegal and ethical violations within the San Francisco District Attorney's Office as a whistleblower. I have repeatedly requested that an investigation be performed concerning my whistleblower complaints about District Attorney Chesa Boudin, Chief of Staff David Campos and the San Francisco District Attorney's Office.

I am concerned that there is a cover-up occurring to protect various individuals within the San Francisco District Attorney's Office and to delay any investigation because of the up-coming election and to suppress evidence. Due to my claims being ignored and derided, I believe it is necessary for me to publically report these issues and share my concerns with each of you.

I also believe DA Chesa Boudin in particular has potentially committed an ethics violation related to this matter and, in addition to these false public statements, he may have also made misleading statements privately to various San Francisco departments and personnel, including the Mayor London Breed, San Francisco Police Chief William Scott and the San Francisco Board of Supervisors.

I believe that the following questions should be asked when examining the details of my ethics complaint and related reports:

- Did the ADAs attempt to have a DA Investigator provide false and misleading information in warrant affidavit to be submitted to a San Francisco Superior Court Judge?
- Is it an ethical violation for DA Boudin to make statements to the public, and potentially in private, that directly contradict the evidence concerning misconduct

within the District Attorney's Office that I provided to him in writing on multiple dates, including November 6, 2020, and March 12, 2021?

- Why have I never been contacted by anyone to provide a sworn statement related to the misconduct I observed in the District Attorney's Office?
- Has any other individual been interviewed related to what I witnessed as an investigator in the District Attorney's Office?
- Has Investigator Magen Hayashi been interviewed related to the various conduct she witnessed as an investigator in the District Attorney's Office?
- Are crimes being committed by attorneys in the District Attorney's Office?
- Should the District Attorney's Office be able conduct the investigation of itself or is there a conflict of interest? It seems like an outside agency, should be conducting this investigation such as the Federal Bureau of Investigation.
- Should there be an investigation regarding why DA Boudin has not allowed this investigation to occur related to my whistleblower complaint nor allowed anyone, including myself, to be interviewed related to the conduct that I observed?
- Do attorneys in the District Attorney's Office use software designed to conceal communications, such as Signal and WhatsApp?
- Should an investigation be conducted related to the use of certain communication software designed to conceal communications, such as Signal and WhatsApp, by members of the District Attorney's Office including DA Boudin?
- Why has the Police Commission not started their own investigation of this conduct?
- Why has the Board of Supervisors not started their own investigation of this conduct?
- Why has the Mayor's Office not started their own investigation of this conduct?
- If this is a potential crime, is it time for the SF Police Department to start an investigation?
- Should this be referred to the FBI for an investigation?

I send this letter with the hope that an independent investigation will finally be performed by those that do not have an incentive to assist with any potential cover-up that may be occurring. I am further requesting that someone interview me and obtain the information I have so that a proper investigation can finally be started.

Thank you for your attention to this matter,

Jeffrey Pailet

Cc:    The Federal Bureau of Investigation
       Field Office
       450 Golden Gate Avenue, 13th Floor
       San Francisco, CA 94102-9523
       *Via Mail*

San Francisco Police Chief William Scott
1245 3rd Street
San Francisco, CA 94158
*Via Mail*

San Francisco Board of Supervisors
City Hall, 1 Dr. Carlton B. Goodlett Place, Room 244
San Francisco, CA 94102-4689
*Via Mail*

The Office of Mayor London Breed
City Hall, 1 Dr. Carlton B. Goodlett Place, Room 200
San Francisco, CA 94102
*Via Mail*

Eustace de Saint Phalle
Rains Lucia Stern St. Phalle & Silver, PC
2300 Contra Costa Blvd., Suite 500
Pleasant Hill, CA 94523
*Via Mail*



**San Francisco Ethics Commission**
25 Van Ness Avenue, Suite 220, San Francisco, CA 94102
Phone: 415.252.3100 . Fax: 415.252.3112
ethics.commission@sfgov.org . www.sfethics.org

| Received on: |
| --- |
| |

## Complaint Form

The Ethics Commission has jurisdiction to investigate alleged violations of the City's campaign finance, lobbying, conflicts of interest, governmental ethics, and whistleblower protection laws. The Commission can investigate and enforce only those laws for which it has authority.

For questions regarding specific scenarios that you may have identified as a violation before filing a complaint online, please contact us at ethics.commission@sfgov.org or 415-252-3100 prior to taking action.

You may file this form in any of several ways:
    (1) identifying yourself and verifying the truth and accuracy of your statements;
    (2) identifying yourself and declining to verify the truth and accuracy of your statements;
    (3) anonymously.

Commission Staff review all complaints to determine whether they allege sufficient facts of specific violations of law within the Commission's jurisdiction to warrant a full investigation. The length of that process depends on numerous factors, including the complexity of the allegations and the availability of, or need to obtain, preliminary evidence.

Additionally, investigations can be complex and may take many months to resolve. Under the City's Charter, the Ethics Commission cannot and does not confirm or deny the existence of any complaint or investigation, and may provide only general updates about the status of a complaint to the person who filed it. Commission Staff will not contact you unless we require additional information.

This complaint form does not constitute a written request to commence a civil action against the City and County of San Francisco, nor against any other individual or entity. The Ethics Commission does not act as an advocate for individuals in their disputes with City departments or employees.

For more information, see: https://sfethics.org/enforcement

---

### 1. COMPLAINANT INFORMATION

**YOUR NAME**

Jeffrey Pailet

**ADDRESS**

955 Deep Valley Drive, P.O. Box 3176, Palos Verdes Peninsula, CA 90274-9998

| PHONE NUMBER | EMAIL |
| --- | --- |
| | |

If you need more space than is provided on any section on this form, please attach a separate document containing your responses.

**2. RESPONDENT INFORMATION**

Provide the name, title, affiliation (e.g. City department, campaign committee, business entity), business address, and telephone number of each person who committed the alleged violation(s).

Chesa Boudin, District Attorney, former DA Chief of Staff David Campos, ADA Dana Drusinsky, ADA Stephanie Lacambra and DA Chief of Programs and Initiatives Simin Shamji.
San Francisco District Attorney's Office, 350 Rhode Island St., #400n, San Francisco, CA 94103

**3. DESCRIPTION OF ALLEGATION(S)**

Please describe the facts you believe constitute a violation. Please provide as much specific information as possible, including the dates on which the alleged violations occurred and the names of the persons whom you believe violated the law or otherwise contributed to violations of the law.

Please see attached declaration and attachments.

**4. WITNESS INFORMATION**

**Please provide the name and contact information of each person you believe may have information that would assist the Commission in its evaluation of this complaint. Also describe the information you believe such witnesses may provide.**

The above-named party in section two, myself, other employees of the San Francisco District Attorney's Office, including former DA Chief of Staff David Campos, ADAs Dana Drusinsky, Stephanie Lacambra, DA Chief of Programs and Initiatives Simin Shamji, Human Resources Analyst Richard Ng.

**5. DOCUMENTATION**

**Please attach copies of any documents in your possession that relate to the allegations stated in this complaint.**

**If you have documents that cannot be uploaded or attached (e.g. audio or video material, or information available only on the Internet), include below the URL address(es) where that information is available or indicate below that you will mail or deliver such information to the Ethics Commission. In addition, state below whether there are other records, not in your possession, that you believe may assist the Commission in its evaluation of your complaint.**

Please see attached declaration and attachments.
Video of DA Boudin's February 4, 2022 Press Conference, starting at minute 18:18, https://ne-np.
facebook.com/abc7news/videos/sf-da-boudin-speaks-after-sfpd-pulls-out-of-investigations-
pact/4827842140571504/
Magen Hayashi's January 27, 2022 testimony in the Terrance Stangel Trial:
https://www.courthousenews.com/wp-content/uploads/2022/02/stangel-hearing-1.27.22.pdf

**6. ADDITIONAL INFORMATION**

**Provide any additional information you believe may assist the Commission in its evaluation of this complaint.**

Please see attached declaration.

## 7. RELATED COMPLAINTS

If you have filed the same or similar allegations regarding the same individuals with another agency or court, identify the agency or court and attach a copy of any complaint or other written description of the allegations submitted to that agency or court.

- Whistleblower Complaint submitted to the San Francisco Controller's Office.
- Wrongful Termination Civil Complaint.
- Government Code section 3304 Appeal Hearing Brief
These materials can be obtained through my attorneys: Eustace de Saint Phalle, Rains Lucia Stern St. Phalle & Silver, PC, 2300 Contra Costa Blvd., Suite 500, Pleasant Hill, CA 94523; (925) 609-1699.

## 8. VERIFICATION

Informal complaints may be filed anonymously. Complainants who wish to remain anonymous should not complete this verification section. However, please be advised that the Commission is not required to process or respond to unverified complaints.

I certify under penalty of perjury under the laws of the State of California that the above statements are true and correct.

| SIGNATURE | DATE SIGNED |
|---|---|
| *Jeffy B. Pait* | 04-21-2022 |

## 9. SUBMISSION

☒ Before you submit this form, check this box to confirm that you have finished completing the form and have attached any relevant documents.

You may also submit your complaint hard copy to the Commission's office address

> San Francisco Ethics Commission
> Attn: Enforcement Division
> 25 Van Ness Avenue, Suite 220
> San Francisco, California 94102

via e-mail

> ethics.commission@sfgov.org

or over the telephone
> 415-252-3100

I, Jeffrey Pailet, declare as following:

1.    I am bringing an ethics complaint against Chesa Boudin, San Francisco District Attorney, as I believe that District Attorney (DA) Boudin has made public statements to the press and within the City and County of San Francisco that are false. I also believe that DA Boudin has taken actions to obfuscate the investigation of my reports, and attempt to conceal, unethical and potentially illegal activities occurring within the San Francisco District Attorney's Office.

2.    On February 4, 2022, DA Boudin stated during a press conference that he was not aware of "one iota of evidence" from his tenure as District Attorney that would suggest it is within the San Francisco District Attorney's Office that it is "acceptable, under any circumstances, to be less than 100% truthful and candid in affidavits filed under penalty of perjury."

3.    This statement was made in response to a question regarding the January 27, 2022, testimony by DA Investigator Magen Hayashi in which she stated that she was pressured by certain San Francisco Assistant District Attorneys to exclude certain exculpatory information in an arrest warrant.

4.    I know that DA Boudin's February 4, 2022, statement regarding his lack of knowledge of any misconduct concerning warrant affidavits within the District Attorney's Office to be a false statement.

5.    I had previously informed DA Boudin via email on November 6, 2021, and subsequently, that similar conduct was occurring in another matter being investigated by the San Francisco District Attorney's Office. Specifically, I believed during my employment with the District Attorney's Office that I witnessed unethical and likely illegal conduct by Assistant District Attorneys related to warrant affidavits. This conduct occurred while DA Boudin was the District Attorney and was performed by Assistant District Attorneys that he hired. I have repeatedly requested that the San Francisco District Attorney's Office perform an investigation related to the conduct that I witnessed. To date, I have not been interviewed by anyone on behalf of the District Attorney's Office and it does not appear that any legitimate investigation has been done.

6.    With regard to the facts that led to my claims at issue, I was hired by the San Francisco District Attorney's Office in May 2017 as an investigator in the Independent Investigations Bureau and was elevated to Lieutenant investigator in June 2017.

7.    The Independent Investigations Bureau (IIB) is a unit within the San Francisco District

Attorney's Office assigned to investigate police use-of-force incidents, including officer involved shootings.

8.      Prior to my hiring, I was employed for over three decades with the Los Angeles Police Department. Many of my assignments while with the Los Angeles Police Department involved the investigation of police officer misconduct and use-of-force incidents.

9.      For instance, during my employment with the Los Angeles Police Department (LAPD), I worked at Internal Affairs where I investigated allegations of both administrative and criminal misconduct by law enforcement officers. I also worked on the task force for the largest law enforcement corruption investigation in LAPD history, commonly known as the "Rampart Investigation."

10.     My employment at LAPD provided me with a wide breadth of knowledge pertaining to law enforcement misconduct and corruption. Due to these experiences, I am extremely motivated to uncover and halt law enforcement misconduct when it occurs and am unable to ignore or tolerate this improper activity when I recognize it. This would include what I believed to be the illegal and unethical conduct in the San Francisco District Attorney's Office, which is what I believe I witnessed.

11.     Specifically, in 2020, I witnessed actions by San Francisco Assistant District Attorneys that I believed would constitute a violation of the law, prosecutorial misconduct and unethical activities within the Independent Investigations Bureau (IIB). Initially, I attempted to report these issues internally in an effort to halt this activity at issue.

12.     On November 6, 2020, I was notified of my termination from the San Francisco District Attorney's Office. I believe that I was terminated due to my continued objection and reporting of these improper and unethical activities.

13.     I requested a stop to this improper conduct and that a formal investigation be performed multiple times before and after my termination from the San Francisco District Attorney's Office. Specifically, I formally requested that this conduct be halted and an investigation be performed on the following dates:

- On November 2, 2020, I made a whistleblower complaint via email related to the violations to the involved Assistant District Attorneys, Stephanie Lacamabra and Dana Drusinsky. I was not contacted related to an investigation of my claims;

2

- On November 6, 2020, I made a whistleblower complaint via email related to these violations to District Attorney Chesa Boudin and Chief of Staff David Campos; I was not contacted related to this and never informed of an investigation;

- On March 10, 2021, I submitted a whistleblower complaint to the San Francisco Office of the Controller Whistleblower Program and requested that an investigation be conducted; while I was initially contacted by an investigator, I was later informed that the City would not be conducting a formal investigation and that an outside agency would be contacting me. I was never contacted by anyone conducting a formal investigation;

- On March 12, 2021, pursuant to the Cal. Labor Code section 3304, I presented an appeal of my termination in an administrative hearing and explained these issues to San Francisco District Attorney's Office management and alleged that my termination was a violation of my protected whistleblower status; On April 23, 2021, I was specifically told that no investigation would be performed, my appeal was denied and there was no follow-up on my claims;

- On November 2, 2021, I filed a civil complaint against the City and County of San Francisco, the San Francisco District Attorney's Office, the District Attorney Chesa Boudin, Chief of Staff David Campos, Assistant District Attorney Stephanie Lacambra and Assistant District Attorney Dana Drusinsky that again detailed my claims and again requested an investigation be performed;

14.    In all, I have formally reported this improper conduct and requested an investigation be performed on multiple occasions with various San Francisco entities. To my knowledge, no formal investigation into my allegations has occurred by the San Francisco District Attorney's Office. In fact, myself, and my attorneys, have never been contacted for the purpose of a formal investigation of my claims by a person on behalf of the San Francisco District Attorney's Office at any point following my report of this improper and potentially illegal conduct.

15.    As an investigator, I know that a proper investigation necessarily would require all witnesses who observed the conduct at issue to be interviewed. It is common knowledge that when an investigation unexplainably avoids speaking to the witness of the improper conduct at issue, the goal of this investigation is not to confirm the facts but to obfuscate the situation and conceal the improper activity.

16.     Based on my experience as an investigator, I am very concerned that District Attorney Chesa Boudin, and/or other District Attorney's Office supervisors that I reported this misconduct to have never contacted me to discuss my claims, even though I directly reported these issues to them. It is important to recognize that I emailed both District Attorney Chesa Boudin and Chief of Staff David Campos on November 6, 2020, informing them of the misconduct by certain Assistant District Attorneys that occurred during DA Boudin's tenure as District Attorney and performed by Assistant District Attorneys who he himself hired.

17.     I was terminated by District Attorney Chesa Boudin shortly after I objected to this conduct and notified people of the improper, and what I believed to be illegal, conduct occurring. It is my belief that this constitutes circumstantial evidence that DA Boudin, Chief of Staff David Campos, Assistant District Attorney Stephanie Lacambra, Assistant District Attorney Dana Drusinsky and Simin Shamji may be part of a cover-up to ensure that a proper investigation does not take place.

18.     Due to the refusal by the District Attorney's Office's to investigate my claims, I believe that this improper conduct has been allowed to continue, and potentially is supported, within the San Francisco District Attorney's Office and by District Attorney Chesa Boudin.

19.     I previously relied on the City and County of San Francisco's regulations and procedures as the proper entities for my whistleblower complaints to identify and stop the improper conduct and to seek redress for my illegal termination. However, based on the failure to investigate and act upon my claims, I believe that these processes were instead used merely as a tactic to delay and cover-up the improper, and potentially illegal, conduct activity Again, although I provided numerous warnings alerting the San Francisco District Attorney's Office and the City and County of San Francisco's various established whistleblower investigative bodies regarding this misconduct, to my knowledge no legitimate investigation has been performed, my claims have been summarily ignored and this activity has been allowed to continue within the San Francisco District Attorney's Office.

20.     The San Francisco District Attorney's Office is the highest law enforcement entity in the City and County of San Francisco. It is tasked with investigating and prosecuting violations of law within San Francisco. Due to my multiple attempts to report these violations and the absence of any formal investigation, I believe that the District Attorney's Office is attempting to cover-up these improper actions

4

rather than fulfil their duty to investigate and halt illegal activity. Further, I do not believe at this point that it would be proper for the San Francisco District Attorney's Office to be involved in this investigation since it would appear they have a vested interest in trying to suppress any evidence of the improper conduct.

21.    I believe that other examples of unethical activity and misconduct occurring within the San Francisco District Attorney's Office further support my concerns. I learned that similar conduct occurred on a separate matter following my termination when Investigator Magen Hayashi testified during the Terrance Stangel trial on January 27, 2022, that she was pressured to remove certain exculpatory information from an arrest warrant by Assistant District Attorneys under the threat of termination. I believe this is very similar to what I witnessed within the San Francisco District Attorney's Office and implies that there may be a larger practice of prosecutorial misconduct and intimidation beyond my matter and that this may be ongoing within the San Francisco District Attorney's Office. (See the transcript of Magen Hayashi's testimony in the Terrance Stangel case taken on January 27, 2022. https://www.courthousenews.com/wp-content/uploads/2022/02/stangel-hearing-1.27.22.pdf)

22.    On February 4, 2022, District Attorney Chesa Boudin stated at his press conference in reference to Magen Hayashi's January 27, 2022 testimony, that he was "not aware of one iota of evidence, not an email, not a documented conversation, nothing that occurred during my tenure that could possibly suggest that is ever acceptable, under any circumstances, to be less than 100% truthful and candid in affidavits filed under penalty of perjury."

23.    Contrary to District Attorney Chesa Boudin's statements, DA Boudin should be very aware of other allegations concerning false statements including in affidavits as this is the central subject at issue in my whistleblower complaints. In fact, I have reported these issues directly to DA Boudin and his supervisory staff on multiple occasions. Thus, DA Boudin must have knowledge of other claims regarding misconduct with the content of affidavits issued by the San Francisco District Attorney's Office because I told him of those issues.

24.    Additionally, I believe that there is further circumstantial evidence that employees of the San Francisco District Attorney's Office, including DA Boudin, are attempting to conceal misconduct and confuse any formal investigation into my claims.

25.     Under the San Francisco Administrative Code section 67.2907, commonly referred to as the Sunshine Ordinance, government employees' communications, including those sent and received by the San Francisco District Attorney's Office, shall be maintained and preserved.

26.     While I was employed at the San Francisco District Attorney's Office, there were rumors that employees were using Whatsapp and other communication devices that would allow for deletion of their messages and prevent a record of their discussions. Since my termination I have conducted some additional investigation and have obtained information that seems to corroborate that attorneys within the San Francisco District Attorney's Office are regularly communicating with applications designed to destroy messages automatically after they are sent and received, including the Signal application. If this is true, I believe that this conduct is contrary to the requirements for preservation of communications within the City and County of San Francisco as required by the Sunshine Ordinance. (See: Minutes from Sunshine Ordinance Taskforce Hearing on May 5, 2021.)

27.     Additionally, I have come across an article that I believe demonstrates the violations of the Sunshine Ordinance and Freedom of Information Act requests that there is evidence of the DA's Office either deleting or attempting to hide communications. (See: Boudin Broke SF Sunshine Laws, Lou's Newsletter, October 4, 2021.)

28.     It is my opinion that District Attorney Chesa Boudin does not wish for a robust investigation into my reports to occur and, contrary to his recent statements, has taken steps to conceal improper activities occurring within the San Francisco District Attorney's Office.

29.     My repeated attempts to report these ethical violations and instances of prosecutorial misconduct have failed to institute a serious investigation of my whistleblower claims. I therefore believe that if I continue to present my claims privately, these actions occurring within the San Francisco District Attorney's Office will continue unfettered.

30.     Based on the apparent inaction by the San Francisco District Attorney's Office and the other City and County whistleblower entities I've reported to thus far, I believe that a proper formal investigation of these unethical, and potentially illegal, activities can only be conducted by an outside agency. Based on the seriousness of these matters, I think that the Federal Bureau of Investigation (FBI) would be an appropriate investigative agency.

6

31.     I am therefore requesting that the Mayor London Breed, the Board of Supervisors, the Chief of Police, and any other concerned citizen request that the FBI investigate these serious allegations of prosecutorial misconduct that have now been identified in many instances and by multiple people employed or formally employed at the San Francisco District Attorney's Office.

///

Dated: April 21, 2022

By:  Jeffrey Pailet

7