**EXHIBIT 14**

April 5, 2022

City & County of San Francisco Ethics Commission
25 Van Ness Ave., Suite 220
San Francisco, CA 94102

      Re:    **_Ethics Complaint Concerning San Francisco Police Commission Vice President Cindy Elias_**

To Whom It May Concern:

      My name is Jeffrey Pailet. I was previously a Lieutenant District Attorney investigator with the San Francisco District Attorney's Office. I am filing an ethics complaint regarding Cindy Elias, the Vice President of the San Francisco Police Commission, and Lateef Gray, the Managing Attorney of the Independent Investigations Bureau at the San Francisco District Attorney's Office.

      My complaint arises from Cindy Elias' statements made at a February 9th, 2022 Police Commission meeting. During this meeting, Ms. Elias claimed I was a "disgruntled employee" while making comments regarding my suit against the San Francisco District Attorney's Office concerning my wrongful termination.

      In the past, I have attempted to use other available City and County entities to report what I believed to be illegal and ethical violations within the San Francisco District Attorney's Office as a whistleblower. I have repeatedly requested that an investigation be performed concerning my whistleblower complaints to District Attorney Chesa Boudin, Chief of Staff David Campos and the San Francisco District Attorney's Office.

      To my knowledge, no formal investigation has been performed in response to my reports of prosecutorial misconduct, unethical behavior and what I perceive to be potentially illegal actions. After having made these allegations and reports as a whistleblower, no individual from the San Francisco District Attorney's Office or the City and County of San Francisco has ever interviewed me, thus a formal investigation cannot have been conducted.

      I am concerned that there is a cover-up occurring in order to protect various individuals within the San Francisco District Attorney's Office. Due to my claims being ignored and derided, I believe it is necessary for me to publically report these issues and share my concerns with each of you. I believe the Vice President of the Police Commission, Cindy Elias, and her husband, Lateef Gray, have potentially committed an ethics violation related to this matter.

I send this letter with the hope that a proper outside investigation will finally be performed by those that do not have an incentive to assist with any potential cover-up that may be occurring. I am further requesting that someone interview me and obtain the information I have so that a proper investigation can be finally conducted.

Thank you for your attention to this matter,

*Jeffrey Pailet*

Cc: San Francisco Police Chief William Scott
1245 3rd Street
San Francisco, CA 94158
*Via Mail*

San Francisco Police Commission
1245 3rd Street
San Francisco, CA 94158
*Via Mail*

San Francisco Board of Supervisors
City Hall, 1 Dr. Carlton B. Goodlett Place, Room 244
San Francisco, CA 94102-4689
*Via Mail*

The Office of Mayor London Breed
City Hall, 1 Dr. Carlton B. Goodlett Place, Room 200
San Francisco, CA 94102
*Via Mail*

Eustace de Saint Phalle
Rains Lucia Stern St. Phalle & Silver, PC
2300 Contra Costa Blvd., Suite 500
Pleasant Hill, CA 94523
*Via Mail*



**San Francisco Ethics Commission**
25 Van Ness Avenue, Suite 220, San Francisco, CA 94102
Phone: 415.252.3100 . Fax: 415.252.3112
ethics.commission@sfgov.org . www.sfethics.org

Received on:

# Complaint Form

The Ethics Commission has jurisdiction to investigate alleged violations of the City's campaign finance, lobbying, conflicts of interest, governmental ethics, and whistleblower protection laws. The Commission can investigate and enforce only those laws for which it has authority.

For questions regarding specific scenarios that you may have identified as a violation before filing a complaint online, please contact us at ethics.commission@sfgov.org or 415-252-3100 prior to taking action.

You may file this form in any of several ways:
  (1) identifying yourself and verifying the truth and accuracy of your statements;
  (2) identifying yourself and declining to verify the truth and accuracy of your statements;
  (3) anonymously.

Commission Staff review all complaints to determine whether they allege sufficient facts of specific violations of law within the Commission's jurisdiction to warrant a full investigation. The length of that process depends on numerous factors, including the complexity of the allegations and the availability of, or need to obtain, preliminary evidence.

Additionally, investigations can be complex and may take many months to resolve. Under the City's Charter, the Ethics Commission cannot and does not confirm or deny the existence of any complaint or investigation, and may provide only general updates about the status of a complaint to the person who filed it. Commission Staff will not contact you unless we require additional information.

This complaint form does not constitute a written request to commence a civil action against the City and County of San Francisco, nor against any other individual or entity. The Ethics Commission does not act as an advocate for individuals in their disputes with City departments or employees.

For more information, see: https://sfethics.org/enforcement

### 1. COMPLAINANT INFORMATION

**YOUR NAME**

Jeffrey Pailet

**ADDRESS**

955 Deep Valley Drive, P.O. Box 3176, Palos Verdes Peninsula, CA 90274-9998

| **PHONE NUMBER** | **EMAIL** |
|---|---|
|  |  |

If you need more space than is provided on any section on this form, please attach a separate document containing your responses.

## 2. Respondent Information

**Provide the name, title, affiliation (e.g. City department, campaign committee, business entity), business address, and telephone number of each person who committed the alleged violation(s).**

Cindy Elias, Vice President of the San Francisco Police Commission, 1245 3rd Street, San Francisco, CA 94158

Lateef Gray, Managing Attorney of Independent Investigations Bureau, San Francisco District Attorney's Office, 350 Rhode Island St., #400n, San Francisco, CA 94103

## 3. Description of Allegation(s)

**Please describe the facts you believe constitute a violation. Please provide as much specific information as possible, including the dates on which the alleged violations occurred and the names of the persons whom you believe violated the law or otherwise contributed to violations of the law.**

Please see attached declaration.

For a recording of pertinent comments, go to: https://sfgovtv.org/ , go to police commission page, select hearing recording on February 9, 2022. Comments made at 432.30, which is 4 hours and 32 minutes, 30 seconds into the hearing.

### 4. WITNESS INFORMATION

**Please provide the name and contact information of each person you believe may have information that would assist the Commission in its evaluation of this complaint. Also describe the information you believe such witnesses may provide.**

The above-named parties in section two, myself.

### 5. DOCUMENTATION

**Please attach copies of any documents in your possession that relate to the allegations stated in this complaint.**

| | If you have documents that cannot be uploaded or attached (e.g. audio or video material, or information available only on the Internet), include below the URL address(es) where that information is available or indicate below that you will mail or deliver such information to the Ethics Commission. In addition, state below whether there are other records, not in your possession, that you believe may assist the Commission in its evaluation of your complaint. |
|---|---|

Please see attached declaration.

### 6. ADDITIONAL INFORMATION

**Provide any additional information you believe may assist the Commission in its evaluation of this complaint.**

Please see attached declaration.

### 7. RELATED COMPLAINTS

If you have filed the same or similar allegations regarding the same individuals with another agency or court, identify the agency or court and attach a copy of any complaint or other written description of the allegations submitted to that agency or court.

- Whistleblower Complaint submitted to the San Francisco Controller's Office.
- Wrongful Termination Civil Complaint.

These materials can be obtained through my attorneys: Eustace de Saint Phalle, Rains Lucia Stern St. Phalle & Silver, PC, 2300 Contra Costa Blvd., Suite 500, Pleasant Hill, CA 94523; (925) 609-1699.

### 8. VERIFICATION

Informal complaints may be filed anonymously. Complainants who wish to remain anonymous should not complete this verification section. However, please be advised that the Commission is not required to process or respond to unverified complaints.

I certify under penalty of perjury under the laws of the State of California that the above statements are true and correct.

| SIGNATURE | DATE SIGNED |
|---|---|
| *[signed]* Jeff O. Pod | 04/05/2022 |

### 9. SUBMISSION

☒ Before you submit this form, check this box to confirm that you have finished completing the form and have attached any relevant documents.

You may also submit your complaint hard copy to the Commission's office address

> San Francisco Ethics Commission
> Attn: Enforcement Division
> 25 Van Ness Avenue, Suite 220
> San Francisco, California 94102

via e-mail

> ethics.commission@sfgov.org

or over the telephone

> 415-252-3100

I, Jeffrey Pailet, declare as follows:

1. I am bringing an ethics complaint against Cindy Elias and Lateef Gray, married spouses, who I believe improperly obtained information about me and an underlying investigation in which Lateef Gray possessed a conflict of interest.

2. On February 9, 2022, Cindy Elias stated at a public meeting in her capacity as Vice President of the Police Commission that I was merely a "disgruntled employee" rather than a protected whistleblower related to my termination from the San Francisco District Attorney's Office.

3. Such statements are not true. I reported unethical and potentially illegal conduct by certain Assistant District Attorneys within the San Francisco District Attorney's Office prior to my termination and was threatened by Assistant District Attorneys within the Office when I attempted to do so. I was then subsequently terminated, I believe in retaliation for my continued reports of these unethical and potentially illegal activities.

4. For necessary background for my complaint, on May 22, 2017, I was hired at the San Francisco District Attorney's Office in the Independent Investigations Bureau (IIB) as an investigator. I was subsequently promoted to Lieutenant in July 2017.

5. As a Lieutenant with the San Francisco District Attorney's Office, I assisted other investigators as part of a team of investigators in the IIB unit.

6. Lateef Gray joined the San Francisco District Attorney's Office in February 2020 and was promoted to IIB Managing Attorney in June 2020.

7. Prior to Lateef Gray's position with the San Francisco District Attorney's Office, Lateef Gray worked as a civil attorney at the Law Offices of John Burris.

8. Much of the cases regularly handled by the Law Offices of John Burris involve police misconduct and officer-involved shootings that are also investigated by the IIB unit. While employed at the Law Offices of John Burris, Mr. Gray represented the family of a man who brought a civil wrongful death action against the San Francisco Police Department, its involved officers and City & County of San Francisco.

9. Due to potential confidentiality, the police use of force incident that is at issue in this complaint will be referred to as "Matter A".

1

DECLARATION OF JEFFREY PAILET RELATED TO THE ETHICS COMPLAINT AGAINST CINDY ELIAS & LATEEF GRAY

10. After District Attorney Chesa Boudin assumed his office, he re-opened the San Francisco District Attorney's Office IIB investigation of Matter A.

11. When Lateef Gray joined the San Francisco District Attorney's Office in June 2020, the wrongful death civil action was still ongoing and a criminal investigation was occurring within the San Francisco District Attorney's Office. Since Lateef Gray had a previous financial interest in this matter and had worked on this matter during his previous employment, he was deemed to have a conflict of interest by the San Francisco District Attorney's Office.

12. Within the San Francisco District Attorney's Office, this conflict of interest required that Lateef Gray be excluded from all information regarding the IIB investigation of Matter A. This exclusion was internally referred to as being "walled off". However, it is my belief that Lateef Gray continued to improperly receive information related to Matter A.

13. In October of 2020, an investigator I assisted brought to my attention their concerns regarding instructions from two San Francisco Assistant District Attorneys related to the investigation of Matter A. I evaluated the investigator's concerns and found that the investigator's concerns were justified by evidence which demonstrated that the involved Assistant District Attorneys were attempting to present false and misleading evidence via warrant affidavits. I attempted to stop this improper and unethical activity. After a period of time, I came to believe that I was witnessing prosecutorial misconduct, including intentional attempts by the two San Francisco Assistant District Attorneys to misrepresent facts to the San Francisco Superior Court during the investigation of Matter A. Specifically, I believe the two San Francisco Assistant District Attorneys were attempting to assert false and misleading facts and suborn perjury through the investigator that was assigned to this matter.

14. In an attempt to halt this improper and potentially illegal activity, I attempted to report these violations as a whistleblower within the San Francisco District Attorney's Office. While I was attempting to report these violations as a whistleblower, I was threatened by the two Assistant District Attorneys that if I continued to object to their actions there would be repercussions that would negatively impact my employment with the San Francisco District Attorney's Office.

15. On November 6, 2020, I was notified that I was terminated. I believe that I was terminated in retaliation for having attempted to stop the Assistant District Attorneys in the San Francisco District

Attorney's Office from promoting false and misleading information in court documents. Because I would not participate in promoting statements that would constitute perjury and misconduct, I was terminated. Additionally, because I was attempting to report and stop this unethical and likely illegal conduct prior to being terminated, it is inaccurate to call me a "disgruntled employee" as it related to my termination, since I was making these claims prior to my termination.

16. I challenged the validity of this termination and asserted that it violated my protected whistleblower status in multiple ways, including eventually filing a civil complaint alleging wrongful termination against the involved Assistant District Attorneys, Dana Drusinsky and Stephanie Lacambra, District Attorney Chesa Boudin, then San Francisco District Attorney Chief of Staff David Campos, the San Francisco District Attorney's Office and the City and County of San Francisco.

17. Lateef Gray is married to Cindy Elias. Cindy Elias has been a member of the San Francisco Police Commission since 2018. In 2021, Cindy Elias was elected by the Commission to serve as Vice President.

18. On February 2, 2022, San Francisco Police Chief Bill Scott terminated the Memorandum of Understanding with the San Francisco District Attorney's Office related to police use-of-force investigations. On February 9, 2022, Chief Scott cited the information in my civil complaint as one reason for his decision to terminate the Memorandum of Understanding.

19. Also on February 9, 2022, I heard Cindy Elias describe me as a "disgruntled employee" during a Police Commission public meeting in order to dismiss the validity of my whistleblower claim.

20. As stated, contrary to Cindy Elias' statement on February 9, 2022, I am not a "disgruntled employee" but should be considered a protected whistleblower reporting misconduct occurring within the San Francisco District Attorney's Office. My understanding of her intention when describing me as a "disgruntled employee" is to imply that I only issued complaints after my termination due to anger about my termination from the San Francisco District Attorney's Office. This is not true.

21. With regard to my situation, I believed I was witnessing likely illegal, and certainly unethical, conduct during my employment with the San Francisco District Attorney's Office that constituted prosecutorial misconduct. I attempted to correct the improper conduct and reported these issues on numerous occasions. I believe that in response to my efforts to stop and report this improper

conduct, I was threatened, and finally terminated, as a means to cover-up this conduct.

22. On February 9, 2022, Cindy Elias asserted that she possessed information that I was a "disgruntled employee" and that therefore there was no merit to my claims regarding the illegal and unethical conduct I believe I witnessed in the San Francisco District Attorney's Office.

23. It is my opinion that Cindy Elias' is intentionally and maliciously making these false statements about my status as a "disgruntled employee" to malign my character and reputation.

24. Cindy Elias is married to Lateef Gray, who is currently employed at San Francisco District Attorney's Office. It is my belief that she must have been told of this matter by her husband, Lateef Gray.

25. However, Lateef Gray was not supposed to have information related to the subject of my whistleblower complaint, Matter A, and neither should Cindy Elias. Lateef Grey should have been "walled off" of the underlying investigation of Matter A and the same principles should apply to his spouse, Cindy Elias. To the extent that Lateef Gray and Cindy Elias have obtained information about my situation or discussed my situation, they appear to have done so improperly and acted unethically.

26. If Lateef Gray, or his wife Cindy Elias, received information regarding Matter A, the underlying matter at issue in my reports, then it appears there was an unethical breach of information regarding Matter A within the San Francisco District Attorney's Office.

27. Additionally, it is my opinion that due her marriage with Lateef Gray, Ms. Elias has a conflict of interest concerning matters that directly relate to her husband's position as an attorney with the San Francisco District Attorney's Office.

28. I believe that this ethics complaint concerning Cindy Elias and Lateef Gray must be investigated and that an outside agency must do the investigation. I suggest that the scope of the investigation include:

    a. Whether Lateef Gray retained any financial interest in Matter A during the time at issue.

    b. The date it was determined that Lateef Gray had a conflict of interest and was required to be "walled off" from Matter A.

    c. If Lateef Gray did have a conflict of interest regarding Matter A, does his wife, Cindy Elias, also have a conflict of interest as it relates to Matter A?

     d. Whether Lateef Gray received any information from the San Francisco District Attorney's Office related to Matter A.

     e. Where Cindy Elias obtained information that would allow her to comment on my employment matter, including her opinion that I am a "disgruntled employee" rather than a protected whistleblower who reported these matters prior to my termination.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge, except as to matters stated under information and belief, and as to those matters I am informed and believe them to be true.

Executed on __APRIL 5__, 2022 in __LOS ANGELES__, California.

By: Jeffrey Pailet

---

DECLARATION OF JEFFREY PAILET RELATED TO THE ETHICS COMPLAINT AGAINST CINDY ELIAS & LATEEF GRAY