DAVID CHIU, SBN 189542
City Attorney
YVONNE MERÉ, SBN 189542
Chief Deputy City Attorney
JENNIFER CHOI, SBN 184058
Chief Trial Deputy
KARUN A. TILAK, SBN 323939
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Fl.
San Francisco, California 94102-5408
Telephone:     (415) 554-3308
Facsimile:     (415) 437-4644
E-Mail:        Karun.Tilak@sfcityatty.org

*Attorneys for Defendants*
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO DISTRICT ATTORNEY'S
OFFICE, CHESA BOUDIN, DANA DRUSINSKY,
STEPHANIE LACAMBRA, LATEEF GRAY,
REBECCA YOUNG, and ANDREW KOLTUNIAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHA,<br><br>         Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, CHESA BOUDIN, DANA DRUSINSKY, STEPHANIE LACAMBRA, LATEEF GRAY, REBECCA YOUNG, ANDREW KOLTUNIAK, and DOES 1-100,<br><br>         Defendants. | Case No. 24-CV-04700-PHK<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge:          Peter H. Kang<br>Hearing Date:   April 10, 2025<br>Place:          Courtroom F, 15th Fl.<br>Time:           1:00 p.m. |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................. iii

INTRODUCTION ...............................................................................................................1

ARGUMENT .......................................................................................................................1

    I.       Consideration of Evidence Outside the Complaint...................................................1

            A.       Cha's Declaration and Exhibits Are Inappropriate for a Motion to Dismiss.........................................................................................................1

            B.       The Arrest Warrant Application and Grand Jury Transcripts Are Subject to Judicial Notice ...................................................................................2

    II.      Cha's Malicious Prosecution Claim (Count I) Must Be Dismissed ........................3

            A.       Cha's Claim is Untimely as to Boudin, Gray, Drusinsky, Lacambra, and Young..................................................................................................3

            B.       Cha's Claim is Barred by Absolute Prosecutorial Immunity.....................5

            C.       Individual Defendants Are Entitled to Qualified Immunity ......................8

    III.     Cha Has Abandoned His *Monell* Claim (Count II)................................................13

    IV.    Cha's Negligent Supervision, Hiring, and Training Claim (Count III) Fails ........14

    V.     Leave to Amend Should Not Be Granted ..............................................................15

CONCLUSION..................................................................................................................15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aisenberg v. Hillsborough County. Sheriff's Office*
   325 F. Supp. 2d 1366 (M.D. Fla. 2004) ...................................................................................8

*Awabdy v. City of Adelanto*
   368 F.3d 1062 (9th Cir. 2004) ............................................................................................12

*Ayala v. City of S. San Francisco*
   No. C 06-02061 WHA, 2007 WL 2070236 (N.D. Cal. July 13, 2007) ....................................14

*Barnett v. Marquis*
   662 F. App'x 537 (9th Cir. 2016) .........................................................................................6

*Bernard v. Cnty. of Suffolk*
   356 F.3d 495 (2d Cir. 2004) ..................................................................................................8

*Brandon LaRon Cobb v. Cnty. of Mohave*
   No. CV-24-08021, 2025 WL 509248 (D. Ariz., Feb. 14, 2025) .............................................13

*Buckley v. Fitzimmons*
   509 U.S. 259 (1993) ...............................................................................................................7

*Caldwell v. Montoya*
   10 Cal. 4th 972 (1995) ...........................................................................................................14

*Chaudhry v. Aragon*
   68 F.4th 1161 (9th Cir. 2023) .........................................................................................8, 11

*City of Canton v. Harris*
   489 U.S. 378 (1989) ...............................................................................................................6

*Connelly v. Borenstein*
   33 Cal. App. 5th 783 (2019) ..............................................................................................4, 5

*Cooley v. City of Walnut Creek*
   No. 18-cv-00719-YGR, 2018 WL 6330020 (N.D. Cal. Dec. 4, 2018) .....................................13

*Daniels-Hall v. Nat'l Educ. Ass'n*
   629 F.3d 992 (9th Cir. 2010) ..................................................................................................3

*Dougherty v. City of Covina*
   654 F.3d 892 (9th Cir. 2011) ................................................................................................13

*Doyle v. City of Medford*
   No. 1:16-cv-01376-MC, 2017 WL 3784038 (D. Or. Aug. 31, 2017) ......................................13

*Dunn v. Castro*
   621 F.3d 1196 (9th Cir. 2010) ................................................................................................9

*Escamilla v. Vannucci*
  97 Cal. App. 5th 175 (2023) ..............................................................................4, 5

*Estate of Abdollahi v. Cnty. of Sacramento*
  405 F. Supp. 2d 1194 (E.D. Cal. 2005) ....................................................................14

*Estate of Levee v. Los Angeles Cnty.*
  No. CV 10-01266-SJO (FMOx), 2010 WL 11549362 (C.D. Cal. Aug. 26, 2010) ..................14

*Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*
  515 F.3d 1019 (9th Cir. 2008) ........................................................................9, 10, 11

*Fogle v. Sokol*
  957 F.3d 148 (3d Cir. 2020) ..............................................................................5

*Galen v. Cnty. of Los Angeles*
  477 F.3d 652 (9th Cir. 2007) .............................................................................12

*Garcia v. Rosenberg*
  42 Cal. App. 5th 1050 (2019) ..........................................................................4, 5

*Garfield v. People's Finance & Thrift Co. of Riverside*
  24 Cal. App. 2d 144 (1937) ..............................................................................12

*Gobel v. Maricopa Cnty.*
  867 F.2d 1201 (9th Cir. 1989) ............................................................................6

*Guillory v. Super. Ct.*
  31 Cal. 4th 168 (2003) ....................................................................................4

*Harris v. Roderick*
  126 F.3d 1189 (9th Cir. 1997) ...........................................................................12

*Hunter v. Bryant*
  502 U.S. 224 (1991)........................................................................................9

*Imbler v. Pachtman*
  424 U.S. 409 (1976).....................................................................................6, 8

*Johnson v. Super. Ct.*
  15 Cal. 3d 248 (1975) ..................................................................................4, 8

*Kalina v. Fletcher*
  552 U.S. 118 (1997).......................................................................................6

*Lawlor v. Connelly*
  471 F. App'x 64 (2d Cir. 2012) ...........................................................................7

*Lee v. City of Los Angeles*
  250 F.3d 668 (9th Cir. 2001) ........................................................................1, 2, 4

*Lee v. Hanley*
    61 Cal. 4th 1225 (2015) ...................................................................................................3

*Leon v. County of Riverside*
    14 Cal. 5th 910 (2023) ...............................................................................................14, 15

*Loftin v. City of Prentiss*
    33 F.4th 774 (5th Cir. 2022) .......................................................................................13

*Malley v. Briggs*
    475 U.S. 335 (1986)......................................................................................................6

*Monell v. Department of Social Services*
    436 U.S. 658 (1978).............................................................................................1, 3, 13

*Morales v. Fry*
    873 F.3d 817 (9th Cir. 2017) .......................................................................................9

*Nelson v. Santa Barbara County Sheriff's Office*
    No. B308778, 2024 WL 160960 (Ct. App. Jan. 16, 2024) ..........................................15

*Pallas v. Acconero*
    No. 3:19-cv-01171-LB, 2019 WL 2359215 (N.D. Cal. June 3, 2019) ...........................9, 10, 11

*Rehberg v. Paulk*
    611 F.3d 828 (11th Cir. 2010) ....................................................................................11

*Roe v. City & Cnty. of S.F.*
    109 F.3d 578 (9th Cir. 1997) .......................................................................................8

*Sample v. City of Woodbury*
    836 F.3d 913 (8th Cir. 2016) .......................................................................................8

*Sanders v. City & Cnty. of S.F.*
    226 F. App'x 687 (9th Cir. 2007) ...............................................................................11

*Sheldon Appel Co. v. Albert & Oliker*
    47 Cal. 3d 863 (1989) ...........................................................................................10, 11

*Shenenfield v. Kovtun*
    106 Cal. App. 5th 925 (2024) .......................................................................................4

*Shooter v. Arizona*
    4 F.4th 955 (9th Cir. 2021) .........................................................................................12

*Smith v. Gribetz*
    958 F. Supp. 145 (S.D.N.Y. 1997) ...............................................................................7

*Sudderth v. City & Cnty. of S.F.*
    No. 00-2337 MMC, 2001 WL 764929 (N.D. Cal. June 27, 2001).....................................10, 11

*Vafi v. McCloskey*
    193 Cal. App. 4th 874 (2011) ..................................................4, 5

*Van de Kamp v. Goldstein*
    555 U.S. 335 (2009)..................................................6, 7

*Vaughan v. Wardhaugh*
    No. 23-cv-02879-RFL, 2025 WL 251694 (N.D. Cal. Jan. 21, 2025)..................13

*Whren v. United States*
    517 U.S. 806, 813 (1996)..................................................10

*Williams v. Alameda Cnty.*
    No. 21-cv-00523-CRB, 2023 WL 4552108 (N.D. Cal. July 14, 2023)..................6

*Yee v. Cheung*
    220 Cal. App. 4th 184 (2013) ..................................................4, 5

*Yousefian v. City of Glendale*
    779 F.3d 1010 (9th Cir. 2015) ..................................................10, 11

*Yousefian v. City of Glendale*
    No. CV-11-03579, 2012 WL 12849427 (C.D. Cal. Nov. 19, 2012) ..................13

**State Statutes & Codes**

Civil Code of Procedure
    § 340.6 ..................................................3, 4
    § 340.6 (a) ..................................................4, 5

Government Code
    § 820.2 ..................................................1, 14
    § 821.6 ..................................................1, 14, 15
    § 25303 ..................................................14
    § 26500 ..................................................14

Penal Code
    § 851.8 ..................................................5
    § 939.71 ..................................................4

**Legislative Materials**

AB 316.  2009 Cal. Legis. Serv. Ch. 432 (West), available at
    https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=200920100AB316 ..........5

Senate Comm. on Pub. Safety Rep. on AB 316 (June 22, 2009), available at
    https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=200920100AB316 ....5

**INTRODUCTION**

Plaintiff Kenneth Cha's opposition fails to rebut the myriad deficiencies in his Complaint. All but acknowledging that his Complaint fails to state a claim, Cha belatedly and improperly attempts to supplement the Complaint with a lengthy declaration from his counsel and accompanying exhibits. But this "evidence" involves assertions of facts that are not appropriate for judicial notice or relevant to assessing the viability of the Complaint on a motion to dismiss. Considered on its own terms, Cha's complaint must be dismissed in its entirety without leave to amend. Cha's malicious prosecution cause of action is untimely and barred by absolute and qualified immunity. Cha's opposition does not address—and therefore abandons—his *Monell* claim, which fails because prosecutors act as state officials and are entitled to Eleventh Amendment immunity, and the City is an improper defendant. Finally, contrary to Cha's assertions, California courts have applied the immunities provided by Government Code sections 820.2 and 821.6 to state-law claims analogous to Cha's allegations.

**ARGUMENT**

**I.    Consideration of Evidence Outside the Complaint**

**A.    Cha's Declaration and Exhibits Are Inappropriate for a Motion to Dismiss**

In support of his opposition, Cha submits a lengthy declaration from his counsel and attaches numerous exhibits. *See* Decl. of Eustace De Saint Phalle, ECF No. 18 ("De Saint Phalle Decl."). As Cha's counsel admits, the Court is generally limited to the allegations in the complaint and exhibits attached thereto when ruling on a motion to dismiss. *Id.* at p. 2. A court may also consider judicially noticeable documents for purposes of adjudicating a motion to dismiss, including documents that the complaint "necessarily relies" on and whose "authenticity . . . is not contested," as well as matters of "public record" that are not "subject to reasonable dispute," *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (cleaned up). But Cha cannot (and does not even attempt to) demonstrate that the declaration and exhibits meet these criteria. The exhibits attached to the declaration include numerous documents that are not public records or are of contestable authenticity, including emails, letters, and draft documents. *See, e.g.*, De Saint Phalle Decl. Exs. 2, 5–6, 12, 14, 16. Most of the exhibits are not referenced in the complaint or relevant to the issues raised in the motion to dismiss; indeed, many of the documents appear to relate to testimony in other cases. *See, e.g.*, *Id.* Exs. 3–5, 7–

10, 12, 14.  Moreover, even if any of the exhibits were undisputedly authentic or relevant, it is clear from the declaration that Cha asks the Court to accept disputed facts from these documents, including the *truth* of statements made in the exhibits or declared by Cha's counsel.  *See, e.g.*, De Saint Phalle Decl. ¶¶ 33, 37–44, 46–53, 82–85, 87–99.  While a court can take judicial notice of the fact that information is reflected on the face of a public record (such as a court document), it cannot take notice of the truth of assertions contained therein.  *See Lee*, 250 F.3d at 689–90 (court could take judicial notice of fact that individual signed waiver of extradition, but could not assume truth of assertion that waiver was therefore voluntary and valid).  The Court should therefore disregard the De Saint Phalle declaration and exhibits in ruling on Defendants' motion to dismiss.

**B.    The Arrest Warrant Application and Grand Jury Transcripts Are Subject to Judicial Notice**

By contrast, and contrary to Cha's assertions, the arrest warrant application and grand jury transcripts submitted with Defendants' motion to dismiss *are* properly considered for purposes of the motion to dismiss.  Cha does not contest the authenticity or reliability of these documents, dispute that they are public court documents, or argue that they are irrelevant.  Indeed, Cha's complaint extensively references and relies on the arrest warrant application and grand jury testimony.

Rather, Cha only disputes judicial notice because he claims that Defendants are seeking notice of disputed facts.  Plt.'s Opp. to MTD, ECF No. 17 ("MTD Opp.") at 10.  Not so.  As Defendants' motion makes clear, they only seek judicial notice of the fact that certain information is reflected on the face of the arrest warrant application and the grand jury transcripts, and not the truth of statements made therein.  *See Lee*, 235 F.3d at 689–90.  For example, where the Complaint alleges that the arrest warrant failed to disclose that Moore died more than three years previously and thus Cha had a rebuttable defense, Compl. ¶ 65, the Court is entitled to take notice of the fact that the arrest warrant application contains this information.  *See* Decl. of K. Tilak ISO MTD, ECF No. 16 ("Tilak Decl.") Ex. A at A-020.  And where the Complaint states that the arrest warrant application failed to disclose Moore's size and "violent contribution" to the altercation, including that he kicked Cha and punched Officer Patino, Compl. ¶ 66, the Court can take judicial notice of the many places where this information is reflected in the warrant application and exhibits submitted to the Superior Court.  *See,*

1   *e.g.*, Tilak Decl. Ex. A at A-010, A-019, A-037–43, A-069–072, A-099–108, A-113–15, A-118–19.

2   Likewise, where the complaint alleges that Defendants Lacambra and Drusinsky did not inform grand

3   jurors that Moore had a history of aggressive encounters with the public and other police officers,

4   Compl. ¶ 70, the Court is entitled to take judicial notice that the grand jury transcripts reflect that

5   several officers were asked about prior interactions where Moore behaved aggressively.  Tilak Decl.

6   Ex. B at 17–18, 20–23; *id.* Ex. C at 180–87; *id.* Ex. E at 418–25.  Where these judicially noticeable

7   facts conflict with the allegations in the Complaint, that does not create a "disputed fact" requiring the

8   Court to blindly accept the Complaint.  The Ninth Circuit has made clear that in these circumstances,

9   the Court should not accept as true allegations that contradict judicially noticeable facts, even on a

10   motion to dismiss.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

11   **II.      Cha's Malicious Prosecution Claim (Count I) Must Be Dismissed**

12          Cha's first cause of action alleges a malicious prosecution claim against Boudin, Gray,

13   Drusinsky, Lacambra, Young, and Koltuniak ("Individual Defendants").[1]  That claim fails for three

14   reasons discussed below: (1) the claim is untimely as to Boudin, Gray, Drusinsky, Lacambra, and

15   Young under Code of Civil Procedure § 340.6;[2] (2) the Individual Defendants are protected by

16   absolute prosecutorial immunity; and (3) the Individual Defendants are entitled to qualified immunity

17   because Cha does not allege a clearly established constitutional violation.

18          **A.      Cha's Claim is Untimely as to Boudin, Gray, Drusinsky, Lacambra, and Young**

19          Cha raises two arguments for why the one-year statute of limitations in California Code of

20   Civil Procedure § 340.6 does not apply to his malicious prosecution claim against Defendants Boudin,

21   Gray, Drusinsky, Lacambra, and Young (all of whom are attorneys).  Neither argument is persuasive.

22          *First*, Cha argues that his claims do not necessarily implicate the attorneys' professional

23   obligations.  MTD Opp. at 20.  He points to inapposite cases involving allegations of conversion, *Lee*

24   *v. Hanley*, 61 Cal. 4th 1225, 1240 (2015), and where the statute of limitations defense was waived,

---

[1] As noted in Defendants' motion to dismiss, Cha's first cause of action is purportedly also asserted against the City and the DA's Office, but such claims against the municipality can only be raised under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  MTD at 19 n.12.  Cha does not argue otherwise in his opposition, and as discussed below, has abandoned his *Monell* claim.

[2] Defendants do not seek the application of the one-year statute of limitations to Koltuniak.

*Shenenfield v. Kovtun*, 106 Cal. App. 5th 925, 935–36 (2024). He fails entirely to consider or distinguish the consistent line of Court of Appeal decisions both before and after *Lee* that have found that a *malicious prosecution claim*—the specific claim at issue here—necessarily implicates an attorney's professional obligations. *See Escamilla v. Vannucci*, 97 Cal. App. 5th 175, 187 (2023); *Connelly v. Borenstein*, 33 Cal. App. 5th 783, 793–99 (2019); *Garcia v. Rosenberg*, 42 Cal. App. 5th 1050, 1059–60 (2019); *Yee v. Cheung*, 220 Cal. App. 4th 184, 194 (2013); *Vafi v. McCloskey*, 193 Cal. App. 4th 874, 880 (2011); *see* Defts.' Mot. to Dismiss, ECF No. 15 ("MTD") at 8–9.

While Cha makes the cursory assertion that his claims involve "investigative" conduct, MTD Opp. at 21, that is not a fair reading of his Complaint, the gravamen of which is that Defendants *knew* that Cha acted in lawful self-defense, but selectively disclosed information and structured their investigation with the pre-ordained goal of pursuing an unjustified prosecution against him. *See, e.g.*, Compl. ¶¶ 42–49; *see Garcia*, 42 Cal. App. 5th at 1054–55 (one-year statute of limitations applied in the context of allegations that attorney filed civil suit even after being provided with exculpatory documentation). In any event, Cha identifies no authority drawing a line between "investigative" and "prosecutorial" conduct for purposes of the application of CCP § 340.6. Cha also points to no cases suggesting that a prosecutor's steps in anticipation of initiating a prosecution do not implicate the prosecutor's professional obligations. *See Guillory v. Super. Ct.*, 31 Cal. 4th 168, 174 (2003) (prosecutor's ethical duties extend to not "caus[ing] to be instituted" criminal proceedings without probable cause). Moreover, the only "investigative" act that Cha identifies is the grand jury proceedings. MTD Opp. at 21. But prosecutors have unique ethical duties with respect to the conduct of grand jury proceedings. *See Johnson v. Super. Ct.*, 15 Cal. 3d 248, 255 (1975); Penal Code § 939.71. Thus, Cha's allegations about the withholding of exculpatory information from a grand jury only further underscore that his claims necessarily implicate the professional obligations of Boudin, Gray, Drusinsky, Lacambra, and Young.

*Second*, Cha argues that the Court should look to the second sentence of Section 340.6, which provides that a plaintiff who is "required to establish the plaintiff's factual innocence for the underlying criminal charge" can bring a claim within two years of a "postconviction exoneration." Code Civ. Proc. § 340.6(a); *see* MTD Opp. at 21–22. That provision, however, is plainly inapplicable

here.  The California Legislature added the provision in 2009 as part of AB 316.  2009 Cal. Legis. Serv. Ch. 432 (West), available at https://leginfo.legislature.ca.gov/faces/billTextClient. xhtml?bill_id=200920100AB316.  As AB 316 makes clear, the provision applies to "factually innocent people who have been *wrongfully convicted and served time in state prison in California*" and the Legislature intended a very specific definition of factual innocence—i.e., "a person who was *convicted of a crime* that either was not committed or, if committed, was not committed by him or her." *Id.* at § 1 (emphases added); *see also* Senate Comm. on Pub. Safety Rep. on AB 316 at p.6 (June 22, 2009), available at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml ?bill_id=200920100AB316 (noting that the bill is intended to address the fact that "a person whose conviction has been set aside must be legally exonerated before a claim can be filed," which "takes years, surpassing timetables set by the Statute of Limitations to file a cause of action").  Indeed, the two-year statute of limitations runs from the date of "postconviction exoneration."  Code Civ. Proc. § 340.6(a).  Cha, however, was never convicted.  While Cha notes that a malicious prosecution claim requires a favorable termination in favor of the plaintiff, that is true of *all* malicious prosecution claims——not just ones involving underlying criminal charges.  As discussed above, courts have regularly applied the one-year statute of limitations to malicious prosecution claims notwithstanding the requirement of favorable termination. *Escamilla*, 97 Cal. App. 5th at 187; *Connelly*, 33 Cal. App. 5th at 793–99; *Garcia*, 42 Cal. App. 5th at 1059–60; *Yee*, 220 Cal. App. 4th at 194; *Vafi*, 193 Cal. App. 4th at 880.[3]

### B.    Cha's Claim is Barred by Absolute Prosecutorial Immunity

 Cha's efforts to avoid the doctrine of absolute prosecutorial immunity are also unavailing.

As an initial matter, Cha cites to out-of-circuit precedent for the proposition that assessment of absolute immunity is inappropriate at a motion to dismiss and subject to a heightened standard. *See* MTD Opp. at 2–3, 12 (citing *Fogle v. Sokol*, 957 F.3d 148 (3d Cir. 2020)).  However, the Supreme Court and courts in this circuit have routinely adjudicated absolute immunity defenses in the context of

---

[3] Cha appears to conflate a favorable termination for purposes of malicious prosecution with a legal determination of factual innocence, which is a specific procedure under California law. *See* Penal Code § 851.8.

a motion to dismiss without suggesting any such heightened burden. *See Imbler v. Pachtman*, 424 U.S. 409, 416 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 340 (2009); *Barnett v. Marquis*, 662 F. App'x 537, 538–39 (9th Cir. 2016). As a court in this district recently observed, "an absolute immunity defense is properly raised on a motion to dismiss for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Williams v. Alameda Cnty.*, No. 21-cv-00523-CRB, 2023 WL 4552108, at *3 (N.D. Cal. July 14, 2023) (cleaned up); *see also id.* (applying normal motion-to-dismiss standard).

With respect to the application of absolute immunity in this case, Cha broadly claims that he is challenging investigative conduct unprotected by absolute immunity. But whereas Defendants have explained how each of the acts alleged in the Complaint falls within the ambit of absolute immunity, MTD at 11–16, Cha offers no response with respect to most of these acts (other than baldly labeling them as investigative), MTD Opp. at 11–13. By failing to provide any response, Cha effectively concedes that the Individual Defendants' conduct is protected by absolute immunity.

For example, Cha does not dispute that the Individual Defendants are immune for claims related to the determination that there was probable cause to prosecute and the actual institution and prosecution of criminal proceedings. *See* MTD at 10–11; *Imbler*, 424 U.S. at 431 (immunity extends to decision to initiate prosecution); *Kalina v. Fletcher*, 552 U.S. 118, 130 (1997) (absolute immunity extends to "determination that the evidence was sufficiently strong to justify a probable-cause finding"). The only allegations against Young are that she served as the lead prosecutor, Compl. ¶ 73, and the malicious prosecution claim against her must therefore be dismissed.

Cha also does not also does not offer any argument disputing that Defendants Boudin, Gray, Drusinsky, Lacambra, and Young are immune from allegations related to the selection of what facts to include in the arrest warrant application. MTD at 12–13. In any event, the Supreme Court has held that a prosecutor's selection of facts to include in an arrest warrant is protected by absolute immunity. *Kalina*, 522 U.S. at 129.[4] Finally, Cha does not contest that Boudin and Gray's role in supervising and

---

[4] Cha disputes that Koltuniak is protected by absolute immunity. MTD Opp. at 2. The Ninth Circuit has already held that investigators acting under the supervision of prosecutors are eligible for absolute immunity to the same extent as the prosecutors. *Gobel v. Maricopa Cnty.*, 867 F.2d 1201, 1203 n.5 (9th Cir. 1989), *abrogated on other grounds by City of Canton v. Harris*, 489 U.S. 378 (1989). Under *Kalina* and *Malley v. Briggs*, 475 U.S. 335 (1986), Defendants only seek qualified

training and setting prosecutorial policies is protected by absolute immunity. MTD at 13; *see, e.g.*, *Van de Kamp v. Goldstein*, 555 U.S. 335, 340 (2009).

In fact, the only *specific* conduct that Cha argues is not protected by absolute immunity is Drusinsky and Lacambra's presentation of evidence to the grand jury. Relying on a misreading of *Buckley v. Fitzimmons*, 509 U.S. 259 (1993), Cha claims that this is "investigative" conduct. MTD Opp. at 13–14. But *Buckley* does not create a categorical rule against extending absolute immunity to grand jury investigations. Rather, the *Buckley* Court held that in the context of allegations that a prosecutor fabricated evidence, absolute immunity could not protect the prosecutor's presentation of that fabricated evidence to a grand jury. 509 U.S. at 274–75. Moreover, *Buckley* involved an open-ended, months-long grand jury investigation into a crime that did not focus on any specific suspect, *see id.* at 263–64, unlike the grand jury's consideration in this case of evidence focused specifically on Cha's culpability. *See* Compl. ¶ 71 (alleging that Drusinsky and Lacambra were directed to "pursue the Grand Jury proceeding against" Cha); De Saint Phalle Decl. Ex. 11 at 5 (making clear that the "[s]ubject of the investigation" was Cha); *cf.* 509 U.S. at 263–64 (describing 8-month investigation involving testimony of 100 witnesses concluding with "insufficient evidence to indict anyone").

Courts have distinguished open-ended grand jury investigations like *Buckley* from situations like this one where the grand jury testimony focused on building evidence against a specific suspect, and have consistently held that absolute immunity applies in the latter instance. *See, e.g.*, *Smith v. Gribetz*, 958 F. Supp. 145, 154 (S.D.N.Y. 1997) ("general investigation into wrongdoing" is not protected by absolute immunity under *Buckley*, but prosecutors take on an advocacy role subject to absolute immunity when they "have already targeted [a] plaintiff" and "selectively offered evidence of plaintiff's conduct"); *id.* at 154–55 ("We can envision no scenario, other than one in which the District Attorney was seeking to initiate a prosecution that could explain the District Attorney's presentation of unduly prejudicial evidence and his concomitant failure to disclose exculpatory evidence to the grand jury"); *Lawlor v. Connelly*, 471 F. App'x 64, 65 (2d Cir. 2012) (absolute immunity applied to

---

immunity with respect to Koltuniak's signing of the arrest warrant application. *See* MTD at 13 n.8. But to the extent Cha seeks to hold Koltuniak liable for any other conduct for purposes of the malicious prosecution claim, he is entitled to absolute immunity to the same extent as the other Individual Defendants.

withholding of exculpatory evidence even though grand jury had only investigative function).  Indeed, the very case that Cha cites—*Aisenberg v. Hillsborough County. Sheriff's Office*, 325 F. Supp. 2d 1366 (M.D. Fla. 2004)—held that absolute immunity applied even though the grand jury was alleged to be an "investigative tool" because the plaintiffs "were the only persons identified by prosecutors as suspects" and the complaint alleged that the prosecutors used the grand jury to "frame" the plaintiffs. *Id.* at 1377–78.  Cha cites no case withholding absolute immunity in a case like this one that involves alleged withholding of exculpatory evidence from a grand jury focused on potential criminal conduct by a specific suspect.

Moreover, the California Supreme Court has made clear that a prosecutor has an obligation as an officer of the court to present exculpatory evidence to a grand jury.  *See Johnson*, 15 Cal. 3d at 255. Thus, as a matter of California law, a prosecutor's conduct in presenting evidence to the grand jury is "intimately associated with the judicial phase of the criminal process" for purposes of absolute immunity.  *Imbler*, 424 U.S. at 430.[5]

Finally, Cha claims that the Individual Defendants' allegedly "improper ideological and political motivation" for prosecuting him defeats absolute immunity.  MTD Opp. at 14.  But the Supreme Court and Ninth Circuit have held that absolute immunity applies even if a prosecutor acts with malice or improper motive.  *Imbler*, 421 U.S. at 427; *Roe v. City & Cnty. of S.F.*, 109 F.3d 578, 584 (9th Cir. 1997); *see also Sample v. City of Woodbury*, 836 F.3d 913, 916–17 (8th Cir. 2016); *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 503–04 (2d Cir. 2004); *see generally* MTD at 13.

### C.    Individual Defendants Are Entitled to Qualified Immunity

#### 1.    Adjudication of Qualified Immunity at the Pleadings Stage is Appropriate

While Cha argues that adjudication of qualified immunity involves factual disputes inappropriate for a motion to dismiss, MTD Opp. at 2–3, 15, 23, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage of litigation."

---

[5] As discussed further below, even if the grand jury proceedings are not protected by absolute immunity, the Individual Defendants are also protected by qualified immunity.  And ultimately, Cha cannot show that the grand jury was the cause of his constitutional harm where the grand jury never returned an indictment, and therefore could not have caused his arrest or prosecution.  *Chaudhry v. Aragon*, 68 F.4th 1161, 1169–70 (9th Cir. 2023) (causation is a necessary element of a § 1983 claim).

*Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).  As with absolute immunity, qualified immunity confers on Individual Defendants "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Id.* (cleaned up).  The Ninth Circuit has noted that early determination of qualified immunity is "often possible because qualified immunity most often turns on legal determinations, not disputed facts." *Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017) (cleaned up); *see also Dunn*, 621 F.3d at 1199 (noting that it was "particularly appropriate" to adjudicate qualified immunity on a motion to dismiss). That is particularly true here.

In order to prevail on a malicious prosecution claim, Cha must show that the Individual Defendants prosecuted him without probable cause.  Where there is no dispute regarding the facts known to the Individual Defendants, the determination of whether that knowledge supports probable cause is a question of law for the court.  *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1031 (9th Cir. 2008).  Here, neither Cha's opposition nor the De Saint Phalle declaration suggest that that there is any dispute or additional facts that could be added as to Individual Defendants' knowledge at the time of the investigation.  Taking the allegations in the Complaint at true, Cha alleges that the Individual Defendants already knew the salient facts of Cha's shooting of Moore and his self-defense claim but nonetheless chose to prosecute him for political reasons.  *See, e.g.*, Compl. ¶¶ 42–44, 48 (describing earlier investigations of Cha's shooting of Moore); *id.* ¶ 57 (allegations that Drusinsky and Lacambra edited search warrant drafts around June 2020 to remove facts already known to them).  Thus, the question of probable cause involves a legal determination. *See, e.g.*, *Pallas v. Acconero*, No. 3:19-cv-01171-LB, 2019 WL 2359215, at *4 (N.D. Cal. June 3, 2019) (adjudicating probable cause on motion to dismiss).  Moreover, even if the existence of probable cause involves factual considerations, the second step of the qualified immunity analysis—whether the right was clearly established—is a question of law for the court.  *Morales*, 873 F.3d at 822–25; *see also Dunn*, 621 F.3d at 1199 (noting that courts have discretion to dismiss a case on either prong of the qualified immunity analysis).

1

### 2.    Cha Does Not Plausibly Allege a Lack of Probable Cause

2

With respect to the existence of probable cause, Cha tellingly does not contest Defendants'

3  argument that probable cause existed to prosecute him based on the fact that he shot Moore in a

4  quarrel and the coroner ruled the death to be a homicide.  MTD at 14–15.  Nor does Cha respond to

5  Defendants' argument that Cha's self-defense claim did not vitiate probable cause, even if that defense

6  may have ultimately been successful at trial.  MTD at 16.  Indeed, Cha fails to address the numerous

7  cases cited by Defendants finding probable cause in similar circumstances.  *Yousefian v. City of*

8  *Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015); *Pallas*, 2019 WL 2359215, at *4–5; *Sudderth v. City*

9  *& Cnty. of S.F.*, No. 00-2337 MMC, 2001 WL 764929, at *5 (N.D. Cal. June 27, 2001); *see generally*

10  MTD pp. 14–16.  Rather, the only two arguments that Cha raises are that (1) probable cause did not

11  exist at the time of the grand jury proceedings because Defendants were allegedly seeking probable

12  cause from the grand jury; and (2) any probable cause is rebutted by evidence of malicious conduct.

13  Neither argument is meritorious.

14

### a.    Probable Cause Existed at the Time of the Grand Jury Proceeding

15

Cha appears to argue that because the Individual Defendants believed they needed to obtain

16  probable cause through a grand jury investigation, probable cause could not have existed at that

17  juncture.  MTD Opp. at 15.[6] However, it is well-established that probable cause is an objective test

18  that "is measured by the state of the defendant's knowledge, not by his intent . . . . The question is not

19  whether [the defendant] thought the facts to constitute probable cause, but whether the court thinks

20  they did."  *Tucker*, 515 F.3d at 1031 (quoting *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863,

21  881 (1989)) (cleaned up, emphases omitted); *see also Whren v. United States*, 517 U.S. 806, 813

22  (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

23

Thus, whether or not the Individual Defendants may have subjectively believed they needed to

24  empanel the grand jury to obtain probable cause is irrelevant; rather, the only question is whether the

25  facts known to the Individual Defendants at the time of the grand jury in July 2021 were sufficient to

26

27  _____

[6] While Cha claims that he "contests that defendants had probable cause at every phase of their conduct," MTD Opp. at 15, he does not explain why his Complaint creates a plausible inference that probable cause was lacking.  *See* MTD at 14–16.

28

create probable cause.  Based on the allegations in the Complaint, the Individual Defendants already knew Cha shot Moore during an altercation, that Moore had died three years later, that the autopsy showed he had multiple health issues but that the death was ruled a homicide based on injuries from the gunshot wound, and that there was some evidence that Cha acted in self-defense based on Moore's violent history and actions.  Cha does not dispute that these facts were sufficient to meet the low bar for probable cause.  *See* MTD at 14–15; *Yousefian*, 779 F.3d at 1014; *Pallas*, 2019 WL 2359215, at *4–5; *Sudderth*, 2001 WL 764929, at *5.

But even if probable cause were lacking at the time of the grand jury proceeding, that still would not save Cha's malicious prosecution claim because Cha cannot show that the grand jury testimony bears a causal relationship with the harm he alleges—his arrest and prosecution without probable cause.  The mere initiation of a criminal investigation does not implicate a federal right. *Rehberg v. Paulk*, 611 F.3d 828, 850 n.24 (11th Cir. 2010); *Sanders v. City & Cnty. of S.F.*, 226 F. App'x 687, 689 (9th Cir. 2007).  Where, as here, the grand jury was not asked to return an indictment, and Cha alleges that the Individual Defendants were already aware of exculpatory facts that were withheld from the grand jury and intended to proceed with the prosecution anyway, he cannot meet the causation element of a malicious prosecution claim.  *See Chaudhry*, 68 F.4th at 1169–70.

### b. Allegations of Malice Do Not Rebut Probable Cause

Cha's argument that allegations of malice rebut a finding of probable cause, MTD Opp. at 15–16, is foreclosed by Ninth Circuit and California Supreme Court precedent.  As those cases make abundantly clear, the probable cause and malice inquiries are distinct: probable cause is an objective test focused on what a reasonable officer would conclude based on the available facts without regard to a defendant's subjective intent, whereas malice does turn on the defendant's subjective state of mind.  *See Tucker*, 515 F.3d at 1031; *Sheldon Appel Co.*, 47 Cal. 3d at 881–82.  While evidence of subjective bad faith is relevant to showing malice, that information is irrelevant to the existence (or lack thereof) of probable cause.  *See Tucker*, 515 F.3d at 1031 (objective probable cause inquiry is "separate" from subjective mental state); *Garfield v. People's Finance & Thrift Co. of Riverside*, 24 Cal. App. 2d 144, 145–46 (1937) ("Lack of probable cause cannot be inferred from the existence of

malice"). Thus, even if Cha had sufficiently alleged a bad-faith motive for his prosecution, that would not bear on whether objective probable cause existed to prosecute him.

Cha relies on two inapposite cases. In *Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004), the Ninth Circuit merely held that a magistrate judge's decision to hold a defendant to answer after a preliminary hearing is *prima facie* evidence of probable cause that may be rebutted if the judge's decision was procured by fraud, corruption, fabricated evidence, or other wrongful conduct. *Id.* at 1067. Likewise, in *Harris v. Roderick*, 126 F.3d 1189 (9th Cir. 1997), the court held that while the fact of an indictment may establish probable cause, that showing may be rebutted if the indictment was procured through false testimony. *Id.* at 1198. These cases do not stand for the broad proposition that probable cause is always rebutted by allegations of malice, and are distinguishable for at least three reasons. *First*, as Defendants argue in their motion to dismiss, the facts known to the Individual Defendants themselves are sufficient to establish probable cause, a point that Cha does not dispute. *See* MTD at 14–16. *Second*, *Awabdy* and *Harris* involve preliminary hearings and indictments, neither of which is present here. *Finally*, while the Superior Court judge's decision to sign the arrest warrant in this case provides an independent determination of probable cause, *see Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 663–64 (9th Cir. 2007), Cha cannot show that the judge's decision was improperly tainted by fabricated evidence or false accusations. *See Awabdy*, 368 F.3d at 1065 (charges premised on false accusations); *Harris*, 126 F.3d at 1198 (indictment based on false testimony). In contrast to those cases, the arrest warrant application here informed the judge that Cha was entitled to a rebuttable defense because Moore had died more than three years previously and attached a wealth of information relevant to Cha's self-defense claim, including a coroner's report, body-worn camera footage and transcripts thereof, and Cha's voluntary statement explaining his justification for shooting Moore. Tilak Decl. Ex. A at 011–014, 020, 025–122.

### 3.    Cha Fails to Show that Defendants Violated Clearly Established Law

On a motion to dismiss, once a defendant raises qualified immunity, it is the plaintiff's burden to show that the defendant's conduct violated clearly-established law. *Shooter v. Arizona*, 4 F.4th 955, 961 (9th Cir. 2021). Cha abdicates this responsibility and simply asserts without support that this case

involves "novel" or "unique" circumstances because he alleges that the Individual Defendants acted pursuant to an improper prosecutorial policy instituted by the DA's Office.  MTD Opp. at 16–17.

In fact, courts often find probable cause or conclude that the law was not clearly established even where plaintiffs allege that the defendants acted pursuant to improper policies. *See Loftin v. City of Prentiss*, 33 F.4th 774, 779, 791 (5th Cir. 2022) (no clearly established law as to probable cause assessment despite allegations that City had policies that caused citizens to be arrested without probable cause); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (probable cause not clearly established, even though plaintiff alleged that City policy that caused the alleged constitutional violation); *Yousefian v. City of Glendale*, No. CV-11-03579, 2012 WL 12849427, at *7–11 (C.D. Cal. Nov. 19, 2012) (finding lack of probable cause, despite alleged *Monell* claim), *aff'd* 779 F.3d 1010 (9th Cir. 2015); *see also, e.g.*, *Brandon LaRon Cobb v. Cnty. of Mohave*, No. CV-24-08021, 2025 WL 509248, at *2–4 (D. Ariz., Feb. 14, 2025); *Cooley v. City of Walnut Creek*, No. 18-cv-00719-YGR, 2018 WL 6330020, at *7, *9 (N.D. Cal. Dec. 4, 2018); *Doyle v. City of Medford*, No. 1:16-cv-01376-MC, 2017 WL 3784038, at *9–10 (D. Or. Aug. 31, 2017).

Moreover, Cha's argument once again misses the point that probable cause is an objective inquiry.  Even if the Individual Defendants were subjectively motivated by a policy of putting "pressure on the SF Police Department . . . to coerce them into changing SFPD policies," MTD Opp. at 17, that does not bear on whether it was clearly established that prosecution based on the available facts was *objectively* reasonable.  With respect to the operative question—i.e., whether the facts known to Individual Defendants clearly established an objective lack of probable cause—Cha does not address the considerable authority cited in Defendants' motion showing that the law was not clearly established, MTD at 17–19, let alone identifying any caselaw to the contrary.

## III.    Cha Has Abandoned His *Monell* Claim (Count II)

Cha's opposition does not address his *Monell* claim at all, thereby abandoning the claim.  *See Vaughan v. Wardhaugh*, No. 23-cv-02879-RFL, 2025 WL 251694, at *1 (N.D. Cal. Jan. 21, 2025) (collecting cases).  The Court should therefore dismiss Count II of Cha's Complaint for the reasons stated in Defendants' motion to dismiss.  MTD at 19–20.

**IV.    Cha's Negligent Supervision, Hiring, and Training Claim (Count III) Fails**

Finally, Cha fails to state a viable state-law negligent hiring, supervision, and training claim.

Cha offers no persuasive justification for why discretionary act immunity under Government Code § 820.2 is inapplicable here.  While Cha claims that adjudicating immunity under section 820.2 is inappropriate on a motion to dismiss, MTD Opp. at 17–18, he ignores the fact that both the California Supreme Court and the federal courts have considered and adjudicated discretionary acts immunity at the pleadings stage.  *See, e.g.*, *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (1995); *Estate of Levee v. Los Angeles Cnty.*, No. CV 10-01266-SJO (FMOx), 2010 WL 11549362, at *3 (C.D. Cal. Aug. 26, 2010).  Moreover, contrary to Cha's assertions, courts have applied discretionary acts immunity to state-law negligent hiring and training claims brought alongside § 1983 claims alleging civil rights violations.  *See Estate of Levee*, 2010 WL 11549362, at *2 (extending § 820.2 immunity to "improper or negligent training and supervision" because they implicated Sheriff's policy discretion, despite alleged constitutional harms); *see also Ayala v. City of S. San Francisco*, No. C 06-02061 WHA, 2007 WL 2070236, at *3 (N.D. Cal. July 13, 2007); *Estate of Abdollahi v. Cnty. of Sacramento*, 405 F. Supp. 2d 1194, 1214 (E.D. Cal. 2005).

Taking the allegations in the complaint as true, there is no dispute that the hiring, training, and supervision decisions that Cha complains of were part and parcel of Boudin and Gray's allegedly improper exercise of policy discretion to prioritize prosecutions of police officers by hiring prosecutors and investigative staff who would follow those priorities. *See, e.g.*, Compl. ¶¶ 47, 117, 119; *see also* Gov. Code § 26500 (vesting in the district attorney the "discretion" to initiate and conduct prosecutions); *id.* § 25303 (referring to the "independent and constitutionally and statutorily designated investigative and prosecutorial functions" of the district attorney).  Immunity under Government Code § 820.2 therefore applies.

Cha's treatment of the official proceedings immunity in Government Code § 821.6 is even more cursory.  In effect, Cha simply argues that because *Leon v. County of Riverside*, 14 Cal. 5th 910 (2023) was decided at summary judgment, the Court should refrain from adjudicating the immunity defense at the pleadings stage.  MTD Opp. at 18–19.  In additional to being logically faulty, this argument ignores the fact that the California Court of Appeal has applied *Leon* and Government Code

section 821.6 to claims similar to Cha's *at the pleading stage*.  In *Nelson v. Santa Barbara County Sheriff's Office*, No. B308778, 2024 WL 160960, at *5 (Ct. App. Jan. 16, 2024) the plaintiff claimed that the district attorney's office acted negligently in "screening, hiring, training," and supervising deputy district attorneys leading to an improper and meritless investigation and prosecution against her.  *Id.*  The Court of Appeal, looking to *Leon*, sustained the defendants' demurrer and held that the plaintiff's claims related to the negligent hiring, training, and supervising of deputy prosecutors were barred by Section 821.6 because those negligent acts were connected to the initiation or prosecution of an official proceeding.  *Id.* at *6.  The same is true here; Cha alleges that the negligent hiring, training, and supervision of Koltuniak, Drusinsky, Lacambra, and Young "result[ed] in the improper and malicious investigation, arrest and criminal prosecution."  Compl. ¶ 121.

## V.    Leave to Amend Should Not Be Granted

Leave to amend is not appropriate here because any amendment would be futile.  While Cha claims he can add various allegations, MTD Opp. at 23–24, none of those allegations would cure the fact that each of the acts alleged in the Complaint (i.e., the grand jury proceedings, arrest warrant, and filing of criminal charges) is protected by absolute prosecutorial immunity regardless of Defendants' subjective intent.  Nor would those facts show a clearly established lack of probable cause for purposes of qualified immunity given the extensive caselaw identified in Defendants' motion and the undisputed facts around Cha's shooting of Moore, or overcome the state-law immunities in the Government Code.  And regardless of what facts Cha alleges, he cannot plead around the judicially noticeable fact that his arrest warrant application did not exclude exculpatory evidence and was signed by a Superior Court judge, Tilak Decl. Ex. A, or show that the grand jury proceedings caused his arrest and prosecution.  Cha's proposed wrongful arrest claim would also likewise fail because he cannot show a clearly established lack of probable cause or that the arrest warrant excluded material information.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss Cha's complaint in its entirety without leave to amend.

Dated:  February 21, 2025

DAVID CHIU
City Attorney
YVONNE MERÉ
Chief Deputy City Attorney
JENNIFER CHOI
Chief Trial Deputy
KARUN A. TILAK
Deputy City Attorneys


By: /s/ *Karun A. Tilak*
    KARUN A. TILAK

*Attorneys for Defendant*
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO DISTRICT ATTORNEY'S
OFFICE, CHESA BOUDIN, DANA DRUSINSKY,
STEPHANIE LACAMBRA, LATEEF GRAY,
REBECCA YOUNG, AND ANDREW KOLTUNIAK

## <u>CERTIFICATE OF SERVICE</u>

I, CHRISTINE HOANG, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States District Court for the Northern District of California by using the appellate CM/ECF system on February 21, 2025.

### REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed February 21, 2025, at San Francisco, California.


_/s/  CHRISTINE HOANG_
CHRISTINE HOANG