1  DAVID CHIU, SBN 189542
   City Attorney
2  YVONNE MERÉ, SBN 189542
   Chief Deputy City Attorney
3  JENNIFER CHOI, SBN 184058
   Chief Trial Deputy
4  KARUN A. TILAK, SBN 323939
   Deputy City Attorney
5  Fox Plaza
   1390 Market Street, 6th Fl.
6  San Francisco, California 94102-5408
   Telephone:    (415) 554-3308
7  Facsimile:    (415) 437-4644
   E-Mail:       Karun.Tilak@sfcityatty.org
8

9  *Attorneys for Defendants*
   CITY AND COUNTY OF SAN FRANCISCO,
10 SAN FRANCISCO DISTRICT ATTORNEY'S
   OFFICE, CHESA BOUDIN, DANA DRUSINSKY,
11 STEPHANIE LACAMBRA, LATEEF GRAY,
   REBECCA YOUNG, and ANDREW KOLTUNIAK
12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16 KENNETH CHA,                          | Case No. 24-CV-04700-PHK

17        Plaintiff,                     | **JOINT INITIAL CASE MANAGEMENT
                                         | STATEMENT**
18        vs.
                                         | Judge:         Peter H. Kang
19 CITY AND COUNTY OF SAN                | Hearing Date:  April 8, 2025
   FRANCISCO, SAN FRANCISCO DISTRICT     | Place:         Courtroom F, 15th Fl.
20 ATTORNEY'S OFFICE, CHESA BOUDIN,      | Time:          1:00 p.m.
   DANA DRUSINSKY, STEPHANIE
21 LACAMBRA, LATEEF GRAY, REBECCA
   YOUNG, ANDREW KOLTUNIAK, and
22 DOES 1-100,

23        Defendants.

24

25

26

27

28

## JOINT INITIAL CASE MANAGEMENT STATEMENT

Plaintiff KENNETH CHA ("Plaintiff") and Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, CHESA BOUDIN, DANA DRUSINSKY, STEPHANIE LACAMBRA, LATEEF GRAY, REBECCA YOUNG, ANDREW KOLTUNIAK, ("Defendants" and collectively with Plaintiff, the "Parties") respectfully submit the following Joint Case Management Conference Statement under the Court's standing order.

**1.    Jurisdiction and Service**

Plaintiff asserts federal court jurisdiction under 28 U.S.C. §§ 1331 and 1343 as to his first two causes of action, which allege malicious prosecution under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff asserts jurisdiction under 28 U.S.C. § 1367 as to his third cause of action, a California-law claim for negligent hiring, training, and supervision.  Defendants do not contest subject matter jurisdiction, except to the extent that if the Court dismisses the first two causes of action in Plaintiff's complaint, Defendants contend that the Court should decline to exercise supplemental jurisdiction over the third cause of action.  Defendants do not dispute personal jurisdiction or venue.

Defendants' counsel executed a waiver of service, and the Parties agreed to extend the deadline for Defendants to respond to the complaint.  *See* ECF Nos. 12–13.  Defendants filed a motion to dismiss on January 31, 2025, which is scheduled for hearing on April 8, 2025.

**2.    Facts**

a.    **Plaintiff's Contention**: The underlying matter was an officer-involved shooting that occurred on January 6, 2017. Plaintiff Kenneth Cha is a former San Francisco Police Department ("SFPD") officer. On January 6, 2017, plaintiff Cha, with his colleague Ofc. Colin Patino, responded to a call for assistance and attempted to enforce a restraining order against Sean Moore. Mr. Moore, weighing over 250 pounds, had a violent history and had been subject to multiple prior restraining orders. On this occasion, Moore screamed epithets, violently resisted arrest, threatened bodily harm to the officers, and assaulted the officers. During the altercation between the officers and Moore, after Moore had broken Ofc. Patino's nose and was advancing on Cha, Ofc. Cha shot and injured Moore. Plaintiff contends this use of force was a lawful exercise of Cha's right, both as a citizen and peace

officer, to self-defense in response to Moore's threatened violence. Sean Moore survived the shooting, but died over three years after the incident, possibly of complications from the shooting.

During the administration of San Francisco District Attorney George Gascon, the District Attorneys' Office investigated Cha's shooting of Moore, and determined that there was no probable cause to pursue a criminal case against Cha. This determination was based on body cam footage showing the violence by Moore which justified Cha's acts in self-defense, as well as uncertain causation due to the gap in time between the shooting and Moore's death. Gascon's office concluded that, in the totality of circumstances, there was not probable cause to arrest or prosecute Cha.

However, after January 2020, incoming DA Chesa Boudin promulgated a policy at the District Attorney's office authorizing the improper investigation and prosecution of officer-involved shooting cases, even where these cases lacked probable cause and were not likely to prevail at trial. By this policy related to OIS cases, Boudin intended to change the polices of the City of San Francisco and the SF Police Department regarding police use of force. Boudin instituted a plan to bring criminal cases against police officer in OIS cases even where there was no probable cause, and no chance of prevailing at trial, in order to pressure the police department to make changes to policies and procedures regarding the use of force.

As part of this new policy, Boudin and the DA's office reversed the prior DA's decision in the Cha case, and undertook to investigate and prosecute Cha, despite inadequate proof that a crime had been committed and despite clear evidence of self-defense. The DA purposely hired personnel to investigate and prosecute the case who were poorly qualified and did not adhere to of prosecutorial ethics or assessment of evidence, in order to pursue the malicious criminal investigation and prosecution of Ofc. Cha. Pursuant to that policy, even though they did not believe they had probable cause, defendants did an investigation into Cha and into other OIS cases.  In the Cha matter, members of the DA's office presented evidence to an investigative Grand Jury in a biased manner, and concealed exculpatory evidence. Further, the District Attorney sought an arrest warrant by presenting biased information lacking a full description of all the exculpatory evidence. The District Attorney then arrested Cha and filed a criminal case against him.

Further, the personnel on the case indicates the DA office's extreme bias and improper intentions. The DA's office hired Lateef Gray as the Managing Attorney for the Independent Investigation Bureau (IIB) with oversight of the Sean Moore OIS investigation. The DA allowed Gray to manage Cha's case, even though Gray had a conflict of interest due to his representation of Moore's family in their civil action. Gray managed Cha's case and used unqualified people, in violation of ethics rules and lacking probable cause, in order to conduct an improper biased investigation which ultimately caused the court to issue an arrest warrant against Cha.

Later, after Boudin left office and was no longer the DA, the criminal case was dismissed by the DA's office. After a review of the material and the file, the new DA Brooke Jenkins concluded there was an improper investigation and prosecution, and there was no probable cause for the prosecution of Cha. Jenkins further found that the former DA's office had not adhered to the norms of prosecutorial ethics, in that they had proceeded with the case despite inadequate proof that a crime was committed, while ignoring very clear exculpatory evidence. Further, Jenkins found that the prior DA had proceeded with the investigation utilizing Moore's prior civil counsel, Lateef Gray, at the helm of the unit that investigated the matter, constituting a clear conflict of interest and an ethical breach.

Plaintiff believes there will be sworn testimony by witnesses to each of these facts based on documents and testimony that have already been given in other matters.

**b.** **Defendants' Contention**: On January 6, 2017, Plaintiff former San Francisco Police Department ("SFPD") officer Kenneth Cha shot Sean Moore ("Moore") on the front steps of his home. Moore died three years later in state prison, and the coroner listed his cause of death as a homicide attributable to severe injuries he suffered as a result of being shot by Cha. Defendant Chesa Boudin, the former District Attorney of San Francisco, and attorneys working for his office—including Defendants Drusinsky, Gray, Lacambra, and Young—exercising their role as state prosecutors, evaluated and ultimately brought criminal charges against Cha for voluntary manslaughter and assault with a semiautomatic firearm. Defendant Koltuniak, an investigator with the DA's Office, prepared an affidavit in support of an arrest warrant for Cha. After DA Boudin was recalled, the new District Attorney, Brooke Jenkins, exercised her prosecutorial discretion not to pursue the charges against Cha, and they were dismissed.

**3.    Disputed Legal Issues**

    a.    <u>Plaintiff's Contention</u>:

    i.    In this action, plaintiff Cha brings the following claims:

- **Violation of Civil Rights (42 U.S.C. §1983) – Malicious Prosecution – Improper Investigation** (against all defendants): Plaintiff contends that the defendants conducted an improper investigation and improper arrest of plaintiff Cha without probable cause under the totality of the circumstances, resulting in a meritless arrest and criminal prosecution, thus violating plaintiff's civil right to be free from unlawful seizures under the Fourth Amendment of the US Constitution.

- **Violation of Civil Rights (42 U.S.C. §1983) – Municipal Policy Resulting in Deprivation of Rights** (Against Defendants City and County of San Francisco; San Francisco District Attorney's Office; Chesa Boudin; and Lateef Gray) – Plaintiff contends that these defendants, in an effort to improperly influence the City and the Police Department regarding police use-of-force policies, promulgated a municipal policy or custom, related to the aggressive investigation and prosecution of police use-of-force cases despite lack of probable cause; and, that this municipal policy was the moving force behind the violation of plaintiff's constitutional rights and others' rights.

- **Negligent Hiring, Supervision, and Training** (against Defendants City and County of San Francisco; San Francisco District Attorney's Office; Chesa Boudin; and Lateef Gray) – Plaintiff asserts negligence claims under California state law, for the improper hiring, training, and supervision of defendants Andrew Koltuniak, Dana Drusinsky; Stephanie Lacambra; and Rebecca Young, as these persons were not properly trained regarding the investigation and prosecution of officer-involved shooting (OIS) cases and other cases involving police misconduct, and were therefore unfit for these positions. The entire structure of hiring, supervision and training was done under Lateef Gray who had a conflict of interest in order to manipulate the investigation so that an arrest would occur without probable cause. The unfitness of these personnel for

the assigned task (an OIS investigation) was a direct cause of the improper investigation and prosecution of plaintiff Cha and the violation of Cha's rights.

ii. Defendants have filed a Motion to Dismiss regarding plaintiff's Complaint. Plaintiff contests each of the contentions in defendants' Motion, as described below:

- The claims against the attorney defendants are not barred by the statute of limitations set forth in Cal. Code of Civil Procedure section 340.6. On March 20, 2025, the Supreme Court ruled that, "[S]ection 340.6 does not apply to claims against attorneys brought by parties who were never their clients or the intended beneficiaries of their clients. Because the malicious prosecution claims here are brought by formerly *adverse* parties and not by an attorney's own clients, they are not subject to the one-year limitations period in section 340.6." (*Escamilla v. Vannucci* (Mar. 20, 2025, No. S282866) ___Cal.5th___ [2025 Cal. LEXIS 1453])

- Defendants Boudin, Gray, Drusinsky, Lacambra, Young, and Koltuniak are not entitled to absolute prosecutorial immunity, as much of their conduct was investigative and not subject to prosecutorial immunity, and Koltuniak is not an attorney.

- Defendants Boudin, Gray, Drusinsky, Lacambra, Young, and Koltuniak are not entitled to qualified immunity, as their investigation and prosecution of Cha were conducted without probable cause, and by ignoring exculpatory evidence of self-defense that was well known to these defendants. The fact that investigation and prosecution of Cha violated plaintiff's rights, and particularly that the evidence of self-defense negated any assertion of probable cause, was well known and understood by these defendants, as it was understood by the prior administration of the District Attorney's office who declined to prosecute Cha.

- The City and County of San Francisco is a proper defendant in plaintiff's *Monell* claim. Plaintiff's Complaint identifies the City's municipal policy (the policy to prosecute OIS cases despite a lack of probable cause) that was the moving force behind the violation of Plaintiff's Fourth Amendment rights. Further, the City's municipal policy included administrative conduct (failure to properly administer cases pursued without probable

cause and to discipline the offending attorneys) that is not subject to 11th Amendment immunity.

- As to plaintiff's State law claims for negligent hiring and supervision, defendants are not immune under Government Code §820.2, as some of the conduct did not constitute policy decisions, but rather was ministerial conduct that implemented policy. Further, defendants are not immune under Government Code §821.6, as much of the defendants' conduct preceded the initiation of a criminal proceeding.

- The issues raised in defendants' Motion to Dismiss involve factual determinations regarding specific conduct by these defendants in their prosecutorial, investigative, and administrative functions. Plaintiffs submit that it is inappropriate to determine these issues on a Motion to Dismiss prior to any factual discovery in this matter.

iii.   Plaintiff's counsel has met and conferred with defense counsel on the issues in the motion to dismiss. Plaintiff intends to file a supplemental brief to address recent case law regarding the statute of limitations in C.C.P. §340.6, to wit, *Escamilla v. Vannucci* (Mar. 20, 2025, No. S282866) ___Cal.5[th]___ [2025 Cal. LEXIS 1453], as this Supreme Court case is dispositive on the issue.

iv.   In addition, Plaintiff intends to provide the Court with the following case citations and further case support for contentions made in plaintiff's Opposition to the Motion to Dismiss, on the following issues:

- Cases already provided:
  - *Aisenberg v. Hillsborough County Sheriff's Office,* 325 F.Supp.2d 1366 (M.D.Fla. 2004)
  - *Alexander v. Verizon Wireless Services, L.L.C.,* 875 F.3d 243 (5th Cir. 2017)
  - *Ashcroft v. al-Kidd*, 563 U.S. 731 (2012)
  - *Awabdy v. City of Adelanto,* 368 F.3d 1062 (9th Cir. 2004)
  - *Ayala v. City of S. San Francisco* (N.D.Cal. July 13, 2007, No. C 06-02061 WHA) 2007 U.S.Dist.LEXIS 54051
  - *Buckley v. Fitzsimmons,* 509 U.S. 259 (1993)

1   o   *Burns v. Reed,* 1991) 500 U.S. 478 (1991)

2   o   *Caldwell v. Montoya,* 10 Cal.4th 972 (1995)

3   o   *Colonies Partners LP v. Cnty. of San Bernardino* (C.D.Cal. July 28, 2020,

4        No. EDCV 18-420 JGB (SHKx)) 2020 U.S.Dist.LEXIS 160672

5   o   *Cruz v. TD Bank, N.A*., 742 F.3d 520 (2d Cir. 2013)

6   o   *District of Columbia v. Wesby*, 583 U.S. 48 (2018)

7   o   *Estate of Abdollahi v. County of Sacramento,* 405 F.Supp.2d 1194 (E.D.Cal.

8        2005)

9   o   *Fenico v. City of Philadelphia*, 70 F.4th 151 (3d Cir. 2023)

10  o   *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247 (3d

11       Cir. 2007)

12  o   *Fogle v. Sokol,* 957 F.3d 148 (3d Cir. 2020)

13  o   *Garmon v. Cty. of Los Angeles*, 828 F.3d 837 (9th Cir. 2016)

14  o   *Gavitt v. Born*, 835 F.3d 623 (6th Cir. 2016)

15  o   *Genzler v. Longanbach,* 384 F.3d 1092 (9th Cir. 2004)

16  o   *Gibson v. United States*, 781 F.2d 1334 (9th Cir. 1986)

17  o   *Gilligan v. Jamco Dev. Corp*., 108 F.3d 246 (9th Cir. 1997)

18  o   *Gunn v. Cont'l Cas. Co*., 968 F.3d 802 (7th Cir. 2020)

19  o   *Halebian v. Berv,* 644 F.3d 122 (2d Cir. 2011)

20  o   *Hamilton v. Brown*, 630 F.3d 889 (9th Cir. 2011)

21  o   *Hand v. Gary,* 838 F.2d 1420 (5th Cir. 1988)

22  o   *Harding v. Galceran*, 889 F.2d 906 (9th Cir. 1989)

23  o   *Harris v. Roderick,* 126 F.3d 1189 (9th Cir. 1997)

24  o   *Henagan v. City of Lafayette* (W.D.La. Sep. 27, 2022, No. 6:21-CV-03946)

25       2022 U.S.Dist.LEXIS 175607

26  o   *Imbler v. Pachtman,* 424 U.S. 409 (1976)

27  o   *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014)

28  o   *Johnson v. State of California,* 69 Cal.2d 782 (1968)

o *Kalina v. Fletcher,* 522 U.S. 118 (1997)

o *King v. City of Sacramento*, No. 2:20-cv-01326-KJM-DB, 2022 U.S. Dist. LEXIS 1631 (E.D. Cal. Jan. 3, 2022)

o *King v. Rubenstein*, 825 F.3d 206 (4th Cir. 2016)

o *Lackner v. LaCroix*, 25 Cal. 3d 747 (1979)

o *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001)

o *Lee v. Hanley*, 61 Cal.4th 1225 (2015)

o *Leon v. County of Riverside,* 14 Cal.5th 910 (2023)

o *Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal.3d 780 (1985)

o *Malik v. City & Cty. of San Francisco* (N.D.Cal. June 28, 2018, No. 17-cv-06954-DMR) 2018 U.S.Dist.LEXIS 109473

o *McCray v. Lee*, 963 F.3d 110 (2d Cir. 2020)

o *Owens v. Okure*, 488 U.S. 235 (1989)

o *Pierson v. Ray*, 386 U.S. 547 (1967)

o *Quintilliani v. Mannerino*, 62 Cal.App.4th 54 (1998)

o *Rieves v. Town of Smyrna*, 959 F. 3d 676 (6 Cir. 2020)

o *Rodriguez v. California Highway Patrol,* 89 F.Supp.2d 1131, 1137 (N.D.Cal. 2000)

o *Shenefield v. Kovtun*, 106 Cal.App.5th 925 (2024)

o *Thacker v. City of Columbus*, 328 F.3d 244 (6th Cir. 2003)

o *Thompson v. Clark*, 596 U.S. 36, 44, 142 S. Ct. 1332 (2022)

o *United States v. Brugnara*, No. CR 14-0306 WHA, 2015 U.S. Dist. (N.D. Cal. Oct. 9, 2015)

o *Wearry v. Foster,*  33 F.4th 260 (5th Cir. 2022)

o *Wool v. Tandem Computers, Inc.,* 818 F.2d 1433 (9th Cir. 1987)

o *Yousefian v. City of Glendale*, 779 F.3d 1010 (9th Cir. 2015)

o *Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007)

- Additional cases that may be discussed during argument:

- **Qualified immunity:**
  - *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003) [exculpatory evidence and probable cause]
  - *Reyes v. Greer* (W.D.Tex. 2023) 686 F. Supp. 3d 524, 538-539 [exculpatory evidence, probable cause, and qualified immunity]
  - *Jocks v. Tavernier* (2d Cir. 2003) 316 F.3d 128, 135-136 [exculpatory evidence, self defense, and qualified immunity]
  - *Kuehl v. Burtis* (8th Cir. 1999) 173 F.3d 646, 651 [exculpatory evidence, probable cause]
  - **Assertion of immunities under Cal. Govt. Code §821.6:***County of L.A. v. Superior Court* (2000) 78 Cal.App.4th 212, 231 [Govt. Code §821.6 immunities]
- *Monell* **claim for improper municipal policy and 11ᵗʰ Amd. protection for the District Attorney's office acting as a State officer:**
  - *Goldstein v. City of Long Beach* (9th Cir. 2013) 715 F.3d 750, 761-762 [DA's administrative conduct, 11th Amendment]
  - *Puckett v. Cnty. of Sacramento* (E.D.Cal. Mar. 28, 2024, No. 2:22-cv-0350 KJM DB) 2024 U.S.Dist.LEXIS 56662 [Discipline, prosecutor Brady violations, administrative conduct, 11th Amendment]
- **Inappropriateness of a Motion to Dismiss to decide these issues:**
  - *Harper v. City of L.A.* (9th Cir. 2008) 533 F.3d 1010, 1022 [probable cause jury question]
- **Additional claims on amendment:**
  - Fraudulent misrepresentations/concealment of facts: Plaintiff may make an additional State law claim that, in investigating Cha and in providing evidence for the arrest warrant and to the investigative Grand Jury, the defendants made false representations and concealed exculpatory facts, despite a duty to be truthful, thus harming plaintiff. (Coggins v. County of Nassau (E.D.N.Y. 2013) 988 F.Supp.2d

231, 238-239 [exculpatory evidence, fabrication/omissions, malicious prosecution, fraudulent misrepresentations]

- These additional citations are not intended to violate any rule related to N.D. Cal. Local Rule 7-3(d). Plaintiff intends to provide a supplemental briefing related to *Escamilla v. Vannucci*, 2025 WL 943692 (Cal. Mar. 20, 2025), and is only providing these additional citations that may be discussed at oral argument depending on what questions are asked by the Court.

    b. <u>Defendants' Contention:</u>

i.  As discussed in Defendants' pending motion to dismiss, Defendants dispute the viability of each of Plaintiff's claims, including:

- Whether Defendants Boudin, Gray, Drusinsky, Lacambra, Young, and Koltuniak are entitled to absolute immunity;

- Whether Defendants Boudin, Gray, Drusinsky, Lacambra, Young, and Koltuniak are entitled to qualified immunity;

- Whether Defendants violated Plaintiff's Fourth Amendment rights, including whether they lacked probable cause or acted maliciously in evaluating and filing criminal charges against Plaintiff;

- Whether the City is an improper defendant for purposes of Plaintiff's *Monell* cause of action[1];

- Whether the DA's Office is entitled to Eleventh Amendment immunity for purposes of Plaintiff's *Monell* cause of action;

- Whether Plaintiff has identified any municipal policy that was the moving force behind any violation of Plaintiff's constitutional rights for purposes of the *Monell* cause of action;

- Whether Defendants are immune from Plaintiff's state-law cause of action under California Government Code §§ 820.2 and 821.6; and

---

[1] As discussed in the parties' briefing on Defendants' pending motion to dismiss, Plaintiff does not responded to Defendants' arguments for dismissing his *Monell* claim, and has therefore abandoned that claim.

- Whether Plaintiff can show that Defendants acted negligently in hiring, supervising, or training the employees involved in evaluating and pursuing criminal charges against Plaintiff.

ii.   Defendants' motion to dismiss also argues that Plaintiff's first cause of action is untimely as to Defendants' Boudin, Gray, Lacambra, Young, and Drusinsky under the one-year statute of limitations in California Code of Civil Procedure section 340.6.  However, since the completion of briefing, the California Supreme Court issued a decision in *Escamilla v. Vannucci*, 2025 WL 943692 (Cal. Mar. 20, 2025) holding that section 340.6 does not apply to claims such as Plaintiff's and reversing the California Court of Appeal authorities cited in Defendants' motion.  As such, Defendants withdraw their argument that Plaintiff's first cause of action is untimely. Pursuant to N.D. Cal. Rule 7-3(d)(2), the parties will file a Statement of Recent Decision in advance of the hearing on Defendants' motion to dismiss.

iii.   Finally, Plaintiff appears to use this Joint Case Management Statement to supplement his opposition to the motion to dismiss and raise arguments and additional cases not cited in the opposition. *See* Part 3.a.iv. For example, after entirely failing to address the *Monell* claim in opposing Defendants' motion to dismiss—and thereby abandoning it—Plaintiff now belatedly purports to cite authority for why the *Monell* claim should not be dismissed. Plaintiff also raises new cases supporting his qualified immunity and state-law claims *that he could have raised in his opposition.*  Plaintiff's arguments are an improper use of the Case Management Statement, which is meant to facilitate case scheduling, not to litigate substantive motions.  Moreover, Plaintiff's attempt to augment the opposition brief through this Case Management Statement clearly violates N.D. Cal. Local Rule 7-3(d), which states that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." As such, the Court should strike the portion of Part 3.a.iv of this Joint Case Management Conference Statement that adds additional caselaw and arguments, and should disregard it in adjudicating Defendants' motion to dismiss.  *See, e.g.*, *Crown Paper Liquidating Trust v. Am. Int'l Group, Inc.*, 2007 WL 407943, at * 1 n.2 (N.D. Cal. Nov. 27, 2007) (striking plaintiff's submission of additional caselaw authority

available at the time of motion-to-dismiss briefing); *Keller v. Experien Information Solutions, Inc.*, 2017 WL 130285, at *2 n.2 (N.D. Cal. Jan. 13, 2017) (similarly denying submission of additional caselaw after the completion of briefing).

**4.    Pending and Anticipated Motions**

On January 31, 2025, Defendants filed a motion to dismiss Plaintiffs' complaint, which is pending and scheduled for hearing on April 8, 2025 at 1:00 p.m.  Defendants anticipate filing a motion for summary judgment.  The Parties will work to resolve any discovery disagreements informally, but it is possible that both Parties may file discovery-related disputes consistent with the Court's standing order.

**5.    Amendment of Pleading**

As discussed above, Defendants currently have a pending motion to dismiss.  Plaintiffs seek leave to amend their complaint if the Court grants the motion to dismiss.  Defendants contend that leave to amend should not be granted.  The Parties agree that if Plaintiff is granted leave and seeks to amend the complaint, he will do so by June 8, 2025.

**6.    Evidence Preservation**

Both Plaintiff and Defendants are aware of their duty to preserve evidence and have taken steps to preserve all potentially relevant evidence.

**7.    Disclosures**

The Parties agree to exchange initial disclosures by June 8, 2025.

**8.    Discovery**

The Parties have not commenced discovery. Plaintiff anticipates needing more than 10 depositions. The Parties will meet and confer about the number of additional depositions and will bring any disagreement to the Court's attention. The parties will also meet and confer regarding a proposed e-discovery order and protective order for this case.

**9.    Class Action**

This is not a class action matter.

**10.    Relief**

Plaintiff seeks monetary damages for the violations of his Constitutional rights as alleged in the Complaint, in an amount to be determined.

**11.    Settlement and ADR**

The parties have not engaged in settlement discussions to date. The Parties are open to a settlement conference or mediation, by agree that settlement discussions will be most fruitful after the they have engaged in some initial discovery.  The Parties will continue to meet and confer as to the timing and forum for settlement efforts.

**12.    Other Reference**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**13.    Narrowing of Issues**

None at this time.

**14.    Scheduling**

| Category | Parties' Joint Proposal |
|---|---|
| Close of Fact Discovery | October 12, 2026 |
| Disclosure of Expert Reports | November 13, 2026 |
| Disclosure of Rebuttal Reports | December 7, 2026 |
| Close of Expert Discovery | December 21, 2026 |
| Dispositive Motions Deadline | January 15, 2027 |
| Dispositive Motion Hearing | February 19, 2027 |
| Pretrial Conference | April 26, 2027 |
| Trial Date | May 10, 2027 |

.

**15.    Trial**

The Parties seek a jury trial. Defendants estimate the trial will last 7-10 days. Plaintiff estimates the trial will last 14-16 days.

**16.    Disclosure of Non-party Interested Entities or Persons**

<u>Plaintiff</u>: Plaintiff Kenneth Cha is not aware of any conflict, financial or otherwise, that the presiding judge for this case has with the parties to this litigation. Plaintiff is not aware of any person or entity that has a financial interest in a party or the subject matter of the case or has any other kind of interest that could substantially affect the outcome of the proceedings.

<u>Defendant</u>: The City and County of San Francisco and the DA's Office are governmental entities not subject to the certification requirement in N.D. Cal. Local Rule 3–15.  Defendants Chesa Boudin, Lateef Gray, Dana Drusinsky, Stephanie Lacambra, Rebecca Young, and Andrew Koltuniak are not aware of any conflict, financial or otherwise, that the presiding judge for this case has with the parties to this litigation. These Defendants are also not aware of any person or entity that has a financial interest in a party or the subject matter of the case or has any other kind of interest that could substantially affect the outcome of the proceedings.

**17.     Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**18.     Other Matters**

None at this time.

Dated:  April 1, 2025                          Respectfully submitted,


                                               EUSTACE DE SAINT PHALLE
                                               Rains Lucia Stern St. Phalle & Silver, PC

                                               By: /s/ Eustace De Saint Phalle
                                               EUSTACE DE SAINT PHALLE

                                               *Attorney for Plaintiff*


                                               DAVID CHIU
                                               City Attorney
                                               YVONNE MERÉ
                                               Chief Deputy City Attorney
                                               JENNIFER CHOI
                                               Chief Trial Deputy
                                               KARUN A. TILAK
                                               Deputy City Attorney


                                               By:  /s/Karun A. Tilak
                                               KARUN A. TILAK

                                               *Attorney for Defendants*

# CERTIFICATE OF SERVICE

I, CHRISTINE HOANG, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States District Court for the Northern District of California by using the appellate CM/ECF system on April 1, 2025.

**JOINT INITIAL CASE MANAGEMENT STATEMENT**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed April 1, 2025, at San Francisco, California.


_____
          */s/  CHRISTINE HOANG*
          CHRISTINE HOANG