# EXHIBIT 3

**Subject:** IIB Discoveries
**Date:** Friday, August 19, 2022 8:51:57 PM

Hello, All.

I write this email to alert you and bring attention to the gross abuse and misuse of resources within the IIB that I have only recently begun to discover in my short three-week tenure as managing attorney for the Unit. Please read this in the context that I was part of the original IIB when it was formed, and how almost seven years later the Unit is even less organized and regimented than when I was a member in 2016-2017. The current status of the Unit's lack of direction has been compounded by the high turn over of personnel assigned to the Unit and their lack of understanding or concern about the Unit's purpose, goals, or ideals. Multiple attorneys were employed in this Unit who were unqualified to work in it, unaware or uneducated as to what the role of IIB-ADA required, or simply uncommitted to the role of being an ethnically based prosecutor. The lack of oversight and submission of the Unit's members to the political whims of former leaders also deeply corrupted the Unit and contributed to the Unit's gross misuse and abuse of resources.

The use and abuse of resources is so extreme that it is jaw-dropping at times. I itemize these observations here and then include my plan to avoid these violations of the public trust about how to spend their taxes below as well as serve the communities goals of public safety and police accountability when criminality can be determined in connection to any incident of excessive force or an in-custody death:

- Multiple grand juries impaneled on cases in which prior declinations were issued under prior District Attorney Gascon.
- Grand juries impaneled to "test the water" on cases in which an internal determination re the quantum of proof could have been easily made and reached
- Multiple violations of CLETS policies and permissions to run or access criminal offender information.
- Abuse of hours and telecommuter privileges
- An attitude of "choose your own adventure" as cases were investigated not because the facts warranted those investigations, but because of "mission-like" perspectives that were left completely unchecked.
- Absolutely no formulaic or systemized approach to the investigation of any matter, but rather a "ride your horse in whatever direction you want, and see what is out there" based approach to cases, which created useless information requests or the pursuit of information that was irrelevant or likely inadmissible.
- Repeated and redundant requests for documents from SFPD as opposed to the creation of a resource manual or pursuit of easily accessible materials from the internet (e.g. DGO documents).
- A use of retained experts on cases that was simply unnecessary and unwarranted without any justification submitted for that retained expert
- There are 36 open cases in which either a declination statement was not generated or created going back to 2015 (and possibly even 2009) with no attention paid to the time constraints under the applicable Government Codes requiring public law enforcement agencies to complete their investigations (re employment of target officer(s)) within one year.
No organization to files, documents, and multiple copies of documents that are highly

sensitive or confidential.
- Unauthorized sharing of documents and access to those documents with temporary workers such as interns.
- No documentation of dispositions, justification for dispositions, or submission to managing attorney for approval prior to disposition.
- Unauthorized expansion of the IIB Unit's purpose; i.e. expanding the Unit by former managing attorneys to work on pet projects or pursuits outside of the IIB's funding (i.e. designating the Unit as authorized to launch Brady investigations in cases outside of the jurisdiction of the County/City of San Francisco.)
- Baseless reopening of cases previously fully investigation and in which declination statements were already authored
- Multiple ethical obligations concerns.
- Unauthorized or unilateral authorization of the IIB Unit as a Conviction Review Unit and solicitation of requests from prison inmates to review their convictions.
- No documentation whatsoever of work flow, generation of requests for work, or documentation of reasons for any work request.

My plans to avoid this in the future:

Development of work requests to monitor work flow, and track that flow
Development of internal protocols and policies for Unit members upon the opening of a case
Development of internal protocols and policies for Unit members upon the closing of case
Internal deadlines for the preparation of declination reports and progress report checks set at designated intervals to ensure timely evaluations, and reports
Development of resource manuals to reduce the burden on SFPD to constantly respond to SDTs and redundant request for training materials, DGOs, etc.
Development and requirement of opening memorandum with an itemized list of materials and case-based needs to begin an investigation
Systems of accountability to ensure that internal deadlines are being met
Clear statements in writing with respect to Unit expectations
Letters to the SFPD upon the opening of any investigation with an articulated date as a "goal date" to potentially provide an update to the SFPD or a date to reach a decision
Set dates for employees who want to telecommute
Limited roles and access for temporary/contract workers (i.e interns)
A requirement that all dispositions in any matter is supported by memoranda (justifications) and presented to the DA for review and approval

I welcome suggestions and am currently working with my IIB staff to address all of these issues and to avoid this waste of resources in the future.

Thank you for taking the time to read this email and I look forward to improving this Unit for all the self-evident reasons.

Best,
Darby