UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHA,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, CHESA BOUDIN, DANA DRUSINSKY, STEPHANIE LACAMBRA, LATEEF GRAY, ANDREW KOLTUNIAK, and DOES 1-100,<br><br>                Defendants. | Case No. 24-CV-04700-PHK<br><br>[PROPOSED] STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

### 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between January 6, 2017 and July 18, 2023 will be preserved;

b) The parties will agree on the number of custodians per party for whom ESI will be preserved;

c) The parties are currently not aware of any data sources that are likely to contain responsive information but which are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B). If any party becomes aware of any such data source, the parties will meet and confer in good faith about whether that data should be preserved and/or collected.5.

### 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

### 6. PRODUCTION FORMATS

The parties agree to produce documents in ☒TIFF/JPG and/or ☒ PDF and/or ☒native file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

For documents produced as TIFFs or JPGs (images), each image shall have a unique file name which will be the Bates number of that page (e.g., BATES000001.TIF). The Bates number must appear on the face of the image (e.g., BATES000001).

Documents produced as PDF shall have a Bates-numbered placeholder image associated with the PDF document with that Bates number.

Documents produced natively shall have a Bates-numbered placeholder image associated with the native document with that Bates number.

For each document produced in image, PDF or native format, a document-level extracted text file shall be provided. The text of ESI shall be extracted directly from the native

file and shall be provided in searchable ASCII text format (or Unicode text format if the text is in a language requiring characters outside of the ASCII character set). Each text file will be named for the beginning Bates number of its corresponding document (e.g., BATES000001.TXT).

With respect to documents containing redacted text, OCR of the non-redacted portions of the document will be provided. No party shall be obligated to OCR ESI that contains no extractable text, but the producing party shall provide such OCR in its possession at the time of production. ESI items shall be processed as to preserve the date/time shown in the document as it was last saved, to the extent reasonably available, not the date of collection or processing. The Parties shall endeavor to produce time-stamped documents including the time zone and universal coordinated time (UTC). The parties agree not to degrade the searchability of documents as part of the document production process.

### 7. DOCUMENTS PROTECTED FROM DISCOVERY

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate, so long as the identification by category conforms with the requirements of Federal Rule of Civil Procedure 26(b)(5).

### 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 30, 2025                     EUSTACE DE SAINT PHALLE
                                        Rains Lucia Stern St. Phalle & Silver, PC

                                        By: /s/ *Eustace De Saint Phalle*
                                        EUSTACE DE SAINT PHALLE

                                        *Attorney for Plaintiff*

Dated: May 30, 2025                     DAVID CHIU
                                        City Attorney
                                        YVONNE MERÉ
                                        Chief Deputy City Attorney
                                        JENNIFER CHOI
                                        Chief Trial Deputy
                                        KARUN A. TILAK
                                        Deputy City Attorney


                                        By:  /s/Karun A. Tilak
                                        KARUN A. TILAK

                                        *Attorney for Defendants*



**IT IS ORDERED** that the forgoing Agreement is approved.


Dated: June 26, 2025          _____
                              UNITED STATES ~~DISTRICT/~~MAGISTRATE JUDGE

4