DAVID CHIU, SBN 189542
City Attorney
YVONNE MERÉ, SBN 189542
Chief Deputy City Attorney
JENNIFER CHOI, SBN 184058
Chief Trial Deputy
KARUN A. TILAK, SBN 323939
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Fl.
San Francisco, California 94102-5408
Telephone:    (415) 554-3308
Facsimile:    (415) 437-4644
E-Mail:       Karun.Tilak@sfcityatty.org

ERIN BERNSTEIN, SBN 231539
TAYLOR JASZEWSKI, SBN 345094
PRIANKA MISRA, SBN 348165
BRADLEY BERNSTEIN SANDS LLP
1212 Broadway, Suite 1100
Oakland, CA 94612
Telephone:    (510) 380-5801
E-Mail:       ebernstein@bradleybernstein.com

*Attorneys for Defendants*
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO DISTRICT ATTORNEY'S
OFFICE, CHESA BOUDIN, DANA DRUSINSKY,
STEPHANIE LACAMBRA, LATEEF GRAY,
REBECCA YOUNG, and ANDREW KOLTUNIAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHA, <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, CHESA BOUDIN, DANA DRUSINSKY, STEPHANIE LACAMBRA, LATEEF GRAY, REBECCA YOUNG, ANDREW KOLTUNIAK, and DOES 1-100, <br><br> Defendants. | Case No. 24-CV-04700-PHK <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** <br><br> Judge:         Peter H. Kang <br> Hearing Date:  August 28, 2025 <br> Place:         Courtroom F, 15th Fl. <br> Time:          1:30 p.m. <br><br> Trial Date:    February 8, 2027 |

# REQUEST FOR JUDICIAL NOTICE

Defendants City and County of San Francisco ("City"), San Francisco District Attorney's Office ("DA's Office"), and Chesa Boudin, Lateef Gray, Rebecca Young, Dana Drusinsky, Stephanie Lacambra, and Andrew Koltuniak (together "Individual Defendants") hereby respectfully request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following court records from the criminal case against Plaintiff Kenneth Cha, *People v. Cha*, S.F. Superior Court No. CRI-21010958 (filed Nov. 4, 2021).

| Tilak Decl. Exhibit # | Document |
| --- | --- |
| Exhibit A | Felony Complaint and Arrest Warrant with Exhibits |
| Exhibit B-E | Redacted Transcript of Grand Jury Testimony |

In adjudicating a motion to dismiss, the Court may take judicial notice of materials on which a complaint necessarily relies and the authenticity of which are not subject to dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953–54 (N.D. Cal. 2007). The Court may also consider other matters of public record that are not reasonably subject to dispute, including court records. *Lee*, 250 F.3d at 688; *Pierce v. Cantil-Sakauye*, No. C 13-01295, 2013 WL 4382735, at * (N.D. Cal. Aug. 13, 2013) ("On a motion to dismiss pursuant to either Rule 12(b)(1) or Rule 12(b)(6), the Court may take judicial notice of court records in other cases."). Courts may consider such material without converting a motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 688–89.

Here, the records for which Defendants seek judicial notice are referenced in and integral to Cha's complaint, and are otherwise public records not subject to reasonable dispute. Exhibit A is excerpts of the certified copy of the Felony Complaint and Arrest Warrant, the attached warrant application, and exhibits on file with the Superior Court.[1] The

---

[1] As described in the Tilak Declaration, Paragraphs 7-9 on Page 13 of the arrest warrant application were redacted in the certified copy provided by the Superior Court. Defendants have redacted limited additional personally identifiable information, specifically Plaintiff's birth date and driver's license number, the name and address of the reporting

arrest warrant and the contents of the warrant application are incorporated by reference and highly relevant to the allegations in Cha's complaint, which makes numerous allegations about exculpatory information excluded from the application. Because these documents are necessarily relied on by Cha, and in any event are not reasonably subject to dispute, judicial notice is appropriate.

Exhibits B-E are excerpts of redacted transcripts of the grand jury proceedings. These transcripts (in their redacted form) were unsealed and attached to the People's motion to dismiss in the criminal proceedings. Judicial notice of these documents is likewise appropriate because Cha's complaint makes detailed allegations about information allegedly withheld from the grand jury. Moreover, the complaint references the transcript of the grand jury proceedings and the motion to dismiss to which the transcripts are attached. Judicial notice of these documents is therefore appropriate because they are relied upon in the complaint, relevant to the allegations, and in any event not reasonably subject to dispute.

Dated: June 30, 2025

Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE MERÉ
Chief Deputy City Attorney
JENNIFER CHOI
Chief Trial Deputy
KARUN A. TILAK
Deputy City Attorney

ERIN BERNSTEIN
PRIANKA MISRA
TAYLOR JASZEWSKI

By:   /s/ Erin Bernstein
ERIN BERNSTEIN

*Attorneys for Defendants*

---

party, and certain private phone numbers, in order to be consistent with what has been publicly disclosed in the Superior Court. The redacted information is not relevant to the issues before the Court or for which Defendants seek judicial notice. However, at the Court's request, Defendants can file a version of Exhibit A under seal without these limited additional redactions.