# EXHIBIT 3

CITY AND COUNTY OF SAN FRANCISCO                OFFICE OF THE DISTRICT ATTORNEY



BROOKE JENKINS
District Attorney

# THE SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE CHARGING POLICY

## Introduction

The San Francisco District Attorney's Charging Policy outlines the legal and ethical rules that guide our office's charging decisions.[1] By law, "[t]he District Attorney's role is to institute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses when they have information that such offenses have been committed." (Gov. Code, § 26501.) Enforcement of the law is an obligation to the State of California with the primary goal in prosecution being community safety balanced with protecting the factually and legally innocent.[2]

The San Francisco District Attorney's policies about crime charging are set forth in the 2016 California District Attorneys Association (CDAA) Professionalism Manual which states in pertinent part that criminal charges should only be filed if four basic requirements are met: (1) there has been a complete investigation and thorough consideration of all pertinent information; (2) there is legally sufficient, admissible evidence of corpus delicti; (3) there is legally sufficient, admissible evidence of the accused's identity as the perpetrator; (4) the prosecutor has considered the probability of conviction by an objective fact finder hearing the admissible evidence. Admissible evidence should be of such convincing force that it would warrant conviction of the crime charged by a reasonable and objective fact finder after hearing all the evidence available to the prosecutor at the time of charging and after hearing the most plausible reasonably foreseeable defense that could be raised under the evidence presented to the prosecutor. (See Uniform Crime Charging Standards, CDAA 2016.) In other words, the evidence should be sufficient to prove the charges beyond a reasonable doubt, unanimously, to a jury.

## Charging Standard Considerations

Evidentiary Sufficiency. A reasonably complete investigation is reviewed, and the available and admissible evidence shows the accused is guilty. The evidentiary review should include reviewing the written reports, photographs, and video of the incident. An assessment of the credibility of the witness should be made, which includes reviewing any records of arrests or prosecutions of witnesses and of any available *Brady*[3] information related to law enforcement

---

[1] This Charging Policy sets out an overview of the San Francisco District Attorney's guiding principles in charging and supersedes all prior charging policies. Effective June 2023.

[2] The factually innocent are those who were misidentified or were legally justified in their actions. The legally innocent are those who cannot be prosecuted due to the lack of admissible evidence.

[3] The *Brady* doctrine is a pretrial discovery rule established by the United States Supreme Court in *Brady v. Maryland* requiring that the prosecution turn over all exculpatory evidence in their possession to the defendant in a criminal case.

CITY AND COUNTY OF SAN FRANCISCO

officer.  Unless the prosecutor has a reasonable likelihood of conviction with the present investigation, an incomplete investigation should lead to rejection of a case.[4]

Corpus Delicti Rule.  This rule requires there be evidence beyond the defendant's admission to establish a crime occurred; however, if there is any independent evidence that a crime was committed, the defendant's admission can be used to establish the nature and quality of the underlying offense.

Proof of Identity.  Identity must be established by legally admissible evidence that is either direct or circumstantial evidence.  Caution is required where the sole evidence of identification is by a single eyewitness who does not know the suspect.  Where identification is based solely on a single eyewitness, charges should only be brought when identification is corroborated by other evidence, unless there are unusual circumstances such as distinctive or unique features of the suspect.

Probability of Conviction.  Charges should only be brought when there is a reasonable likelihood of conviction by an objective factfinder hearing the admissible evidence, which means an analysis that the matter can be proven to a unanimous jury beyond a reasonable doubt.

Charge Selection.  The charge selected must describe the offenses committed by the accused.  More specifically, there should be facts to support every element of the offense chosen for charging.  There should be a reasonable expectation of conviction on the charge chosen.  If multiple charges apply, they may be filed in the alternative.  The prosecutor should not seek leverage for pleas to a lesser charge by overcharging – because such leverage could induce the innocent to plea to lesser charges to avoid conviction on the greater.  Overcharging cannot be reconciled with any legitimate prosecution function.

Multiple Counts.  Penal Code section 954 criteria requires that the crimes charged all be connected in the commission of the offense, be of the same class of crimes, or alternative statements of the same offense.  Penal Code section 654 protects the accused against duplicative sentencing where there are multiple overlapping counts.

Affirmative Defenses.  The filing should occur despite an affirmative defense unless the affirmative defense would exonerate the defendant and the prosecutor cannot refute the affirmative defense with substantial evidence.[5]

Unethical and prohibited reasons for filing charges, allegations, enhancements, and aggravating factors or refusing to file the same include: bias for or against certain individuals or protected classes, including a person's race, ethnicity, or national origin; mere fact of request by private, law enforcement, or political entity; public, journalistic, political pressure to charge or not to charge; personal opinions regarding what the law should be, instead of what the law actually is; solely to facilitate investigation of a case; and facilitating or impeding efforts to achieve elected or appointed office.

Allegations, enhancements, and aggravating factors should be charged and proved. These factors allow us to distinguish between offenses and offenders and allow for individualized

---

[4] When the prosecution rejects a case for filing, that case is "discharged."  Discharging is different than a "dismissal," which is the term used when there is the termination of a case after it has been filed with the Court.
[5] Self-defense is not an affirmative defense in that a defendant does not have a burden of proof to meet.  Self-defense must be affirmatively disproved in any assaultive crime where the surrounding circumstances support a self-defense claim.

CITY AND COUNTY OF SAN FRANCISCO      CITY AND COUNTY OF SAN FRANCISCO

determinations in each case. Sentencing enhancements based on prior criminal convictions should be charged after careful review of the defendant's local, state, and nationwide Record of Arrests and Prosecutions (RAPs: SF, CII, and FBI, respectively).

Violations of Supervision (i.e., probation, parole, or mandatory supervision) should be charged in conjunction with any new cases. A case that is otherwise provable should not be discharged to proceed solely by way of a violation of supervision unless it is in the interests of justice such as a *de minimus* violation, where a new conviction would not gain direct or collateral punishment, no deterrence is gained by the new case, if there are significant proof issues in the new case, and there are no restitution issues for a victim on the new matter. In cases where the evaluation of the new case suggests that it does not meet the "beyond a reasonable doubt" standard, the violation of supervision can be charged alone if it meets the "preponderance of the evidence" standard used in violations of supervision.

**Duty Regarding Pending Cases**

Cases evolve over time, and an attorney should always assess the evidence to see if there was an error or oversight in the initial charging or if new evidence impacts the charges. All ADAs handling cases should critically evaluate the evidence and charges in their cases while they are assigned the case. If new evidence suggests different or more charges should be brought, the charging document should be amended as necessary to best describe the conduct that occurred and allow for individualized determinations based on the facts of the case and history of the individual. In cases where the evidence changes such that there is no longer a likelihood of conviction, this should be brought to the attention of the managing attorney for discussion to determine whether dismissal as to specific charges or to the entirety of the case is appropriate.

**Alternatives to Criminal Prosecution**

Alternatives to prosecution include diversion and collaborative courts in cases where the interests of justice are served. Cases should proceed in Collaborative Courts and Diversion only following the Office's carefully considered and established guidelines or statutory guidelines.

<p style="text-align:center; color:red;">**Effective May 9, 2023**</p>