1  DAVID CHIU, SBN 189542
   City Attorney
2  YVONNE MERÉ, SBN 189542
   Chief Deputy City Attorney
3  JENNIFER CHOI, SBN 184058
   Chief Trial Deputy
4  KARUN A. TILAK, SBN 323939
   Deputy City Attorney
5  Fox Plaza
   1390 Market Street, 6th Fl.
6  San Francisco, California 94102-5408
   Telephone:    (415) 554-3308
7  Facsimile:    (415) 437-4644
   E-Mail:        Karun.Tilak@sfcityatty.org
8
   ERIN BERNSTEIN, SBN 231539
9  TAYLOR JASZEWSKI, SBN 345094
   PRIANKA MISRA, SBN 348165
10 BRADLEY BERNSTEIN SANDS LLP
   1212 Broadway, Suite 1100
11 Oakland, CA 94612
   Telephone:    (510) 380-5801
12 E-Mail:        ebernstein@bradleybernstein.com

13 *Attorneys for Defendants*
   CITY AND COUNTY OF SAN FRANCISCO,
14 SAN FRANCISCO DISTRICT ATTORNEY'S
   OFFICE, CHESA BOUDIN, DANA DRUSINSKY,
15 STEPHANIE LACAMBRA, LATEEF GRAY,
   REBECCA YOUNG, AND ANDREW KOLTUNIAK
16

17                    UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19 KENNETH CHA,                          Case No. 24-CV-04700-PHK

20        Plaintiff,                     **DEFENDANTS' REPLY RE: MOTION TO
                                         DISMISS FIRST AMENDED COMPLAINT**
21        vs.
                                         Judge:          Hon. Peter H. Kang
22 CITY AND COUNTY OF SAN                Hearing Date:   September 9, 2025
   FRANCISCO, SAN FRANCISCO              Place:          Courtroom F, 15th Fl.
23 DISTRICT ATTORNEY'S OFFICE, CHESA     Time:           1:30 p.m.
   BOUDIN, DANA DRUSINSKY,
24 STEPHANIE LACAMBRA, LATEEF            Trial Date:     Feb. 8, 2027
   GRAY, and ANDREW KOLTUNIAK, and
25 DOES 1-100,

26        Defendants.

27

28

1

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................6

I.   Cha's FAC Must Be Dismissed Because Probable Cause Existed
     for the Prosecution ...............................................................................................6

     A.    Plaintiff Does Not Allege Facts Sufficient to Undermine the Superior
           Court's Finding of Probable Cause Sufficient to Issue the
           Arrest Warrant ..............................................................................................6

           1.    The Arrest Warrant Need Not Affirmatively Disprove Self-
                 Defense Claims to Support Probable Cause ........................................7

           2.    The FAC Does Not Allege Facts Sufficient to Show
                 Judicial Deception in Obtaining the Warrant ......................................9

     B.    Because All Harms Alleged in the FAC Arise from Cha's
           Arrest, the Court Must Grant the Motion to Dismiss as to All Claims .......10

II.  The Court Should Dismiss All Claims for Relief Alleged Against the
     Individual Defendants Because They Are Based on Acts Subject to Absolute
     Prosecutorial Immunity .........................................................................................11

III. Cha's Claims Against the Individual Defendants Must Be Dismissed Under
     the Doctrine of Qualified Immunity .......................................................................14

IV.  Plaintiff Fails to Establish Liability for the City or SFDA ...................................15

     A.    Plaintiff's Only Claim Pled Under *Monell* Fails Because the FAC
           Does Not Allege the Policies Caused Harm Beyond the Arrest
           Warrant (Claim 4) ........................................................................................15

     B.    The FAC Fails to Plead Facts Establishing a Practice or Pattern of
           Violations that Pre-Existed the Prosecution of Cha (All Claims
           Against Entity Defendants) .........................................................................16

     C.    The SFDA and the City are Immune from Suit as to Cha's
           Other Claims ................................................................................................17

           1.    Malicious Prosecution (Claims 1-3) ..................................................17

           2.    Plaintiff's State Law Claim for Negligent Hiring, Supervision,
                 and Training Fails as a Matter of Law. ..............................................18

     D.    Defendants are Immune from the FAC's Allegations Supporting the
           Claims of Conspiracy to Violate Civil Rights (Sixth Cause of Action) .......18

CONCLUSION ...............................................................................................................19

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................14

*Bey v. Loback,*
    No. 18-CV-04830-LB, 2018 WL 4108075 (N.D. Cal. Aug. 29, 2018) ...............................13

*Chaudhry v. Aragón,*
    68 F.4th 1161 (9th Cir. 2023)..................................................................................10

*City of Los Angeles v. Heller,*
    475 U.S. 796 (1986)................................................................................................10

*District of Columbia v. Wesby*
    583 U.S. 48 (2018)..............................................................................................7, 14

*Erazo Machado v. Boyd,*
    No. 4:24-cv-03525-KAW, 2025 WL 1359064 (N.D. Cal. May 9, 2025) ...............................9

*Ewing v. City of Stockton,*
    588 F.3d 1218 (9th Cir. 2009)....................................................................................9

*Flores v. Cnty. of Los Angeles,*
    758 F.3d 1154 (9th Cir. 2014)..................................................................................17

*Franks v. Delaware,*
    438 U.S. 154 (1978)................................................................................................10

*Galen v. Cnty. of Los Angeles,*
    477 F.3d 652 (9th Cir. 2007)......................................................................................9

*Genzler v. Longanbach,*
    410 F.3d 630 (9th Cir. 2005)....................................................................................13

*Gerstein v. Pugh,*
    420 U.S. 103 (1975)..................................................................................................8

*Goldstein v. City of Long Beach,*
    715 F.3d 750 (9th Cir. 2013)....................................................................................16

*Golino v. City of New Haven,*
    950 F.2d 864 (2d Cir. 1991)......................................................................................9

*Greene v. City of New York,*
    742 F. App'x 532 (2d Cir. 2018).........................................................................17

*Haynesworth v. Miller,*
    820 F.2d 1245 (D.C. Cir. 1987)..........................................................................13

*Kalina v. Fletcher,*
    522 U.S. 118 (1997)..............................................................................................12

*KRL v. Moore,*
    384 F.3d 1105 (9th Cir. 2004)..............................................................................9

*Lee v. Harris,*
    127 F.4th 666 (7th Cir. 2025)..............................................................................9

*Martin v. Cnty. of San Diego,*
    No. 03-CV-1788-IEG (WMC), 2004 WL 7334370 (S.D. Cal. May 12, 2004).....................18

*McLennon v. City of New York,*
    171 F. Supp. 3d 69 (E.D.N.Y. 2016) ...................................................................17

*Milstein v. Cooley,*
    257 F.3d 1004 (9th Cir.2001) ..............................................................................12

*Novalk LLC, v. Sedgwick,*
    No. 3:21-CV-973-BEN-LL, 2021 WL 4125999 (S.D. Cal. Sept. 9, 2021)..................11

*Pallas v. Accornero,*
    No. 3:19-cv-01171-LB, 2019 WL 2359215 (N.D. Cal. June 3, 2019) ...................7

*Phillips v. TLC Plumbing, Inc.,*
    172 Cal.App.4th 1133 (2009) ..............................................................................10

*Ramirez v. City of Buena Park,*
    560 F.3d 1012 (9th Cir. 2009)..............................................................................7

*Rehberg v. Paulk,*
    611 F.3d 828 (11th Cir. 2010)..............................................................................11

*Reyes v. Greer,*
    686 F. Supp. 3d 524 (W.D. Tex. 2023) ...............................................................15

*Roe v. City & Cnty. of San Francisco*,
  109 F.3d 578 (9th Cir. 1997) .......................................................................13

*Sanders v. City and Cnty. of San Francisco*,
  226 F. App'x 687 (9th Cir. 2007) ...........................................................11, 12, 18

*Sanders v. City of Fresno*,
  No. CIVA 05-0469 AWISMS, 2006 WL 1883394 (E.D. Cal. July 7, 2006) ........................18

*Smith v. Almada*,
  640 F.3d 931 (9th Cir. 2011) ........................................................................9

*Tennison v. City & Cnty. of San Francisco*,
  No. C 04-0574 CW, 2006 WL 733470 (N.D. Cal. Mar. 22, 2006) .......................................11

*Thomas v. City of Galveston*,
  800 F.Supp.2d 826 (S. D. Tex. 2011) ..............................................................7, 8

*Torres v. Goddard*,
  793 F.3d 1046 (9th Cir. 2015) ......................................................................12

*Waggy v. Spokane County*,
  594 F.3d 707 (9th Cir. 2010) .......................................................................12

*Weiner v. San Diego Cnty.*,
  210 F.3d 1025 (9th Cir. 2000) ..................................................................15, 17

*Wood v. Moss*,
  572 U.S. 744 (2014)..................................................................................14

*Yousefian v. City of Glendale*,
  779 F.3d 1010 (9th Cir. 2015) ........................................................... *passim*

1

**ARGUMENT**

2

Much as with Plaintiff's First Amended Complaint (FAC), Cha's Opposition to

3    Defendants' Motion to Dismiss takes a shotgun approach to create the appearance of liability

4    where there is none.  Both the FAC and Opposition spend the bulk of their efforts on the

5    factual scenario leading up to the shooting of Mr. Moore, and attempt to undermine the valid

6    arrest warrant sought from —and granted by—a neutral Superior Court judge acting on an

7    extensive record presented by the SFDA.

8

At the same time, faced with clear case law establishing prosecutorial immunity for

9    decisions leading up to and including the warrant affidavit, Plaintiff disclaims that the

10    warrant is the heart of his case.  Rather, Plaintiff instead claims that the case is truly about

11    the SFDA's policies and procedures allowing anti-police bias to lead to warrants issuing in

12    officer-involved shooting cases.  But Plaintiff fails to specifically identify those policies and

13    procedures or demonstrate how those policies and procedures led to a cognizable harm

14    beyond the warrant issuing. There can be no constitutional claim without actual harm to the

15    claimant.  But here, such harm is non-existent—because we can presume that a neutral judge,

16    faced with non-fabricated evidence, issued a valid warrant.

17

Plaintiff's opposition does not distinguish between claims against individuals and

18    entity defendants or separate their opposition by causes of action, but instead relies on

19    various scattershot arguments.  Rather than following Plaintiff down these rabbit holes,

20    Defendants' motion and this reply brief focus on the fundamental reasons why *none* of the

21    FAC's claims should survive dismissal.

22

**I.    Cha's FAC Must Be Dismissed Because Probable Cause Existed for the Prosecution**

23

   **A.    *Plaintiff Does Not Allege Facts Sufficient to Undermine the Superior Court's
            Finding of Probable Cause Sufficient to Issue the Arrest Warrant***

24

25

Neither the FAC nor the Opposition refute the conclusion that probable cause existed

26    for Cha's arrest warrant.  To establish that constitutional violations arise out of his arrest and

27    prosecution, Cha must show that the Superior Court lacked probable cause to issue the

28    warrant against him.  *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) ("The

absence of probable cause is a necessary element of § 1983 false arrest and malicious prosecution claims.").  Both Cha's FAC and the Opposition fail to do so.  Accordingly, this Court should dismiss all claims against the individual defendants without leave to amend. *Inman v. Anderson*, 294 F. Supp. 3d 907, 917 (N.D. Cal. 2018) (where "prosecutorial immunity bars a plaintiff's claim, the deficiencies in that claim cannot be cured by amendment").

      **1.**    *The Arrest Warrant Need Not Affirmatively Disprove Self-Defense Claims to Support Probable Cause*

The Opposition focuses on the mistaken proposition that Defendants were required to affirmatively disprove any claim of self-defense in order to establish probable cause for the arrest warrant.  Opp. at 10-11.  Not only does Plaintiff misstate the law;  his position would also pose disastrous consequences for law enforcement efforts.  The Texas case Plaintiff relies on, *Thomas v. City of Galveston*, does not stand for the fact that probable cause is defeated wherever self-defense is claimed, but only that "an affirmative defense [of self-defense] is *relevant* to the probable cause inquiry in some circumstances." 800 F.Supp.2d 826, 835 (S. D. Tex. 2011)(emphasis added) (collecting cases). As stated in Defendants' opening brief, self-defense does not negate probable cause even if—contrary to Plaintiff's assertions, Opp. at 12—self-defense may ultimately defeat the prosecution's ability to prove the charge beyond a reasonable doubt.  *See* Mot. at 21-22 (citing *Yousefian*, supra, 779 F.3d at 1014).

Plaintiff's reliance on a single, out-of-state case is unsurprising, as courts have routinely found that an assertion of self-defense does not negate probable cause.  *See, e.g.*, *District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018) ("[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts."); *id.* at 68 ("[I]nnocent explanations—even uncontradicted ones—do not have any automatic, probable-cause-vitiating effect."); *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1024 (9th Cir. 2009) (citation omitted) ("[T]he test is not whether the conduct under question is consistent with innocent behavior; law enforcement officers do not have to rule out the possibility of innocent behavior."); *Pallas v. Accornero*, No. 3:19-cv-01171-LB, 2019 WL 2359215, at *4–5

(N.D. Cal. June 3, 2019) (rejecting argument that assertion of self-defense negated probable cause, and collecting authorities from within the Ninth Circuit).

More fundamentally, Plaintiff's argument fails because he concedes that self-defense *was actually considered* by the District Attorney's office and presented to the magistrate upon the application for an arrest warrant.  *See* FAC ¶ 115.  As opposed to the cases cited in the Opposition, Plaintiff cannot argue that the investigators at issue here "ignored information known to them which proves that the suspect is protected by an affirmative legal justification for his suspected criminal actions." *Thomas*, 800 F. Supp. at 837 (quotation omitted).  Instead, as Plaintiff alleges, the District Attorney's office simply believed that the inculpatory evidence outweighed the documented exculpatory evidence in making a determination of probable cause.  FAC ¶ 115; *see also Yousefian*, 779 F.3d at 1014 (holding probable cause finding proper where officers believed alternative account of events despite exculpatory evidence regarding self-defense).

Nor would Plaintiff's proposed standard be workable. Cha proposes a standard under which any law enforcement officer seeking an arrest warrant for someone must definitively *disprove* any potential self-defense justification and resolve conflicting evidence before ever crossing the low threshold for probable cause.  This would require additional investigation and delay ahead of seeking arrest warrants and would invert the criminal justice process. Dangerous (and armed) persons would remain at large while prosecutors would be required to prove their *trial burden* of an absence of a potential self-defense affirmative defense before even commencing criminal proceedings. This is not only absurd, but (thankfully) is also not the law.  *See Gerstein v. Pugh,* 420 U.S. 103, 121 (1975) (probable cause "does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands, and credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt").

### 2. *The FAC Does Not Allege Facts Sufficient to Show Judicial Deception in Obtaining the Warrant*

Plaintiff's claim that judicial deception undermines the warrant process also fails. Neither the FAC nor Plaintiff's opposition allege specific "false statements or omissions that were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004). A claim of judicial deception must be based on more than "an officer's erroneous assumptions about the evidence he has received." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009). Indeed, the alleged false statements underlying a claim of judicial deception cannot outweigh "an independent, reliable source" of the information also before the magistrate. *See Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011) (citing *Ewing*, 588 F.3d at 1218) (warrant application's two false statements about the plaintiff were not material because an independent, reliable source of information was sufficient to establish probable cause).

Plaintiff's opposition appears to concede that absent judicial deception, "a judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007). This is because the issuance of an arrest warrant "which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe there was probable cause." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991); *see also Lee v. Harris*, 127 F.4th 666, 672 (7th Cir. 2025); *Erazo Machado v. Boyd*, No. 4:24-cv-03525-KAW, 2025 WL 1359064, at *7 (N.D. Cal. May 9, 2025).

Here, Plaintiff focuses on three items in the warrant affidavit, all relating to Koltuniak's written characterization of court holdings and body camera footage. Opp. at 15. None of the three items constitute omissions or misrepresentations. And, in any event, Koltuniak's characterizations were immaterial to the finding of probable cause by the Superior Court judge because the judge had access to the actual cases, as well as the full body camera footage. Even if Koltuniak had mischaracterized the body camera footage, such summarizing of the footage is precisely the sort of "erroneous assumption[] about evidence"

that *Ewing* holds cannot support a claim of judicial deception. More, Koltuniak's representations are not material because "an independent, reliable source" of the information was also provided to the magistrate—namely the full body camera footage itself. The allegations that Koltuniak's representation of caselaw would mislead a Superior Court judge are even less material to the finding of probable cause given that the judge is a legally trained judicial officer who is "equipped to conduct a fairly vigorous inquiry into the accuracy of the factual affidavit supporting a warrant application." *Franks v. Delaware*, 438 U.S. 154, 166 (1978). Importantly, Cha does not allege that the individual defendants falsified any evidence or that the facts presented to the Superior Court judge would be insufficient in and of themselves to create probable cause.

Plaintiff's allegations are therefore insufficient to support any finding of judicial deception that would undermine the probable cause determination.[1]

**B.      *Because All Harms Alleged in the FAC Arise from Cha's Arrest, the Court Must Grant the Motion to Dismiss as to All Claims***

As described in the Motion, all the harms Cha alleges in the FAC flow from the SFDA seeking an arrest warrant against him. Mot. at 14. Because probable cause existed to proceed against Cha, *all* claims for relief in the FAC fail because Cha cannot show harm arising from his arrest, including his prosecution. *See Chaudhry v. Aragón*, 68 F.4th 1161, 1170 (9th Cir. 2023) (a plaintiff alleging a § 1983 claim must "show they were deprived of a right, privilege, or immunity secured by the Constitution and laws" and that defendants' conduct was the cause of the harm); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (constitutional harm required for *Monell* claim); *Phillips v. TLC Plumbing, Inc.*, 172 Cal.App.4th 1133, 1139 (2009) (negligent hiring and training requires showing of causation and harm).

---

[1] Cha's opposition also repeatedly contends that this Court cannot presume that a Superior Court judge reviewed the evidence before him; and even suggests that we should presume the judge did *not* review the warrant application in full. Opp. at 27. To assume that a magistrate does not read the evidence, and to rely on that assumption to undermine probable cause is both factually inaccurate and legally unsupported.

Here, none of the actions leading up to the arrest warrant are alleged to have harmed Cha. Mere commencement of an investigation does not violate a constitutional right, so there is no constitutional harm from the prosecutors' decision to draft a search warrant or empanel a grand jury. *Rehberg v. Paulk*, 611 F.3d 828, 850 n.24 (11th Cir. 2010); *Sanders v. City and Cnty. of San Francisco*, 226 F. App'x 687, 689 (9th Cir. 2007) (unpublished) ("Appellants point to no case law that supports the proposition that probable cause must exist before an investigation can commence. That is not surprising, given that the impetus behind criminal investigations is to develop probable cause."); *Tennison v. City & Cnty. of San Francisco*, No. C 04-0574 CW, 2006 WL 733470, at *24 (N.D. Cal. Mar. 22, 2006) ("There is no constitutional right to have witnesses interviewed in a particular manner or to have the investigation carried on in a particular way").

Plaintiff's opposition does not address these arguments or attempt to demonstrate that the FAC alleges harm untethered to the issuance of the arrest warrant. Accordingly, Plaintiff has waived any opposition to the Motion based on the FAC's failure to allege causation of harms aside from the issuance of the arrest warrant. *See Novalk LLC, v. Sedgwick*, No. 3:21-CV-973-BEN-LL, 2021 WL 4125999, at *4 (S.D. Cal. Sept. 9, 2021) ("[W]here the non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived.").

## II.   The Court Should Dismiss All Claims for Relief Alleged Against the Individual Defendants Because They Are Based on Acts Subject to Absolute Prosecutorial Immunity

This Court should dismiss each of the FAC's claims against individual defendants because they are based on acts protected by prosecutorial immunity. Both the FAC and Plaintiff's brief opposing this motion heavily focus on the arrest warrant and probable cause determination. Opp. at 10-20. But Plaintiff does not—and cannot— successfully refute the

decades of binding precedent finding prosecutors are entitled to absolute immunity for their actions in seeking arrest warrants and in appearing before grand juries.[2]

The Supreme Court and the Ninth Circuit have conclusively granted prosecutorial immunity where defendants took actions "commenc[ing] a criminal proceeding" by filing 1) an information charging an individual with burglary; 2) a motion seeking an arrest warrant; and 3) a probable cause certification that "summarized the evidence supporting the charge." *Kalina v. Fletcher*, 522 U.S. 118, 120–21 (1997); see also *Torres v. Goddard*, 793 F.3d 1046, 1053 (9th Cir. 2015). In *Kalina*, the Supreme Court held that the prosecutor's "activities in connection with the preparation and filing of" the information and the motion for an arrest warrant were protected by absolute immunity. 522 U.S at 129. These activities were "the work of an advocate and [were] integral to the initiation of the prosecution." *Id.* at 130. Likewise, the decision to convene a grand jury or seek an indictment despite lacking probable cause beforehand is entitled to prosecutorial immunity. *Sanders v. City & Cnty. of San Francisco*, 226 F. App'x 687, 690 (9th Cir. 2007). As this Court recently held:

> State prosecutors have absolute prosecutorial immunity from liability under 42 U.S.C. § 1983 for "pursuing a criminal prosecution" as an "advocate for the State" for actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Securing an arrest warrant is such an act. *Waggy v. Spokane County*, 594 F.3d 707, 713 (9th Cir. 2010) (by applying for an arrest warrant, a prosecutor acts as a judicial advocate and does not act in an investigative capacity that otherwise might extend only qualified immunity to the prosecutor)

*Bey v. Loback*, No. 18-CV-04830-LB, 2018 WL 4108075, at *3 (N.D. Cal. Aug. 29, 2018). Moreover, Plaintiff's allegations concerning the defendants' motives for filing and prosecuting these cases are irrelevant because the intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry. *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001).

---

[2] Further, no harm flows from any alleged misconduct before the grand jury because the grand jury was never asked to indict Cha.

Further, *Genzler v. Longanbach*—cited by Plaintiff in support of his anti-immunity argument—actually supports a finding of absolute immunity in this case. The Ninth Circuit held in *Genzler* that "a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial… [and] a prosecutor is also absolutely immune for direct participation in a probable cause hearing … and for preparing and filing charging documents." *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). The *Genzler* court distinguished between a prosecutor's actions manufacturing false evidence, for which there is no absolute immunity, and actions "bound up in the judicial process" like seeking a judicial warrant. *Id.* at 637-38. But here, each act alleged by the FAC to have caused harm to Plaintiff is likewise "bound up in the judicial process." Notably, the FAC does not allege that Defendants manufactured false evidence in Plaintiff's case and it is devoid of allegations concerning alternative acts by the Defendants that fall outside of the judicial process.

Nonetheless, Plaintiff contends that "the FAC alleges conduct that is not protected by absolute immunity," Opp. at 26-27, pointing to its allegations relating to administrative policies, hiring practices, conflicts procedures, investigator independence, and the decision to proceed with an investigative grand jury. As discussed in Defendants' motion, Mot. at 22, prosecutorial immunity extends to allegations of improper bias or political motive in pursuing charges, *see, e.g.*, *Imbler*, 421 U.S. at 427; *Roe v. City & Cnty. of San Francisco*, 109 F.3d 578, 584 (9th Cir. 1997); *Sample v. City of Woodbury*, 836 F.3d 913, 916–17 (8th Cir. 2016), and allegations related to improper supervision and training of prosecutors, *Van de Kamp v. Goldstein*, 555 U.S. 335, 340 (2009); *Haynesworth v. Miller*, 820 F.2d 1245, 1268–69 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006). In short, Plaintiff's many conclusory theories still fail to provide an explanation as to why the FAC's allegations should negate absolute immunity here.[3]

---

[3] Plaintiff's opposition brief does not address Defendants' immunity arguments as to the individual defendants under the FAC's Claims Five and Seven. This Court should accordingly grant the motion to dismiss the individual defendants as to those claims.

1

2

### III.    Cha's Claims Against the Individual Defendants Must Be Dismissed Under the Doctrine of Qualified Immunity

3

4

Given the clearly established law holding that individual defendants are immune under both state and federal law for their actions in seeking an arrest warrant and otherwise prosecuting Plaintiff for his actions, it should not be necessary for this Court to reach the issue of qualified immunity.  However, for the very same reason, should this Court decline to find the individual defendants absolutely immune, it should at least apply qualified immunity to dismiss the claims against them.

5

6

7

8

9

The Supreme Court has implored that qualified immunity be resolved "at the earliest possible stage of the litigation," *Wood v. Moss*, 572 U.S. 744, 755 n. 4 (2014), in order to "free officials from the concerns of litigation. *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009).  Where a complaint fails to plead facts sufficient to allege that the official violated a statutory or constitutional right that was "clearly established" at the time of the challenged conduct, a court may apply qualified immunity at the motion to dismiss stage. *Id.* at 672.  As the Supreme Court has made clear, a clearly established right must be "dictated by controlling authority or a robust consensus of cases of persuasive authority." *Wesby*, 583 U.S. 48 at 63 (cleaned up). The right must be defined with "a high degree of specificity," particularly in the context of a Fourth Amendment claim such as Cha's, because "officers will often find it difficult to know how the general standard of probable cause applies in the precise situation encountered." *Id.* at 63–64 (cleaned up).  As such, the Supreme Court has "stressed the need to identify a case where an officer acting under similar circumstances was held to have violated the Fourth Amendment." *Id.* at 64 (cleaned up).

10

11

12

13

14

15

16

17

18

19

20

21

22

While Cha tries (unsuccessfully) to distinguish the wealth of controlling and persuasive authority put forth by Defendants, *see* Opp. at 18–19, he does not put forth *any* authority showing that the lack of probable cause was clearly established in a similar setting involving a split-second shooting with conflicting evidence—let alone a robust consensus of cases.  At most, Cha cites cases for the general proposition that an officer may not ignore "obvious" exculpatory evidence, and he relies on one district court decision from Texas,

23

24

25

26

27

28

*Reyes v. Greer*, 686 F. Supp. 3d 524 (W.D. Tex. 2023).  But even if those sparse cases were comparable (they are not), they cannot meet the "high degree of specifity" or the "robust consensus of cases" required to establish a clearly established right.  Accordingly, even were the claims here not barred by prosecutorial immunity, qualified immunity is appropriately applied here to individual defendants.

**IV.    Plaintiff Fails to Establish Liability for the City or SFDA**

      **A.    *Plaintiff's Only Claim Pled Under Monell Fails Because the FAC Does Not Allege the Policies Caused Harm Beyond the Arrest Warrant (Claim 4)***

Cha's arguments in favor of his *Monell* claims against the entity defendants are similarly unavailing.  As noted in the Motion, Mot. at 22-23, Plaintiffs cannot state claims against localities under *Monell* for actions taken when district attorney's offices decide whether to prosecute, prepare to prosecute, and are in the midst of prosecuting crimes—because when executing those functions, the office acts on behalf of the *state*, not the locality. *See, e.g.*, *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1031 (9th Cir. 2000). Plaintiff appears to concede that any *Monell* claims must rely on allegations unrelated to the arrest warrant, and that sovereign immunity applies to bar entity liability for seeking an arrest warrant or serving a prosecutorial function.  Opp at 20-21.  Plaintiff then hangs his theory of *Monell* liability on the entity defendants' liability for acts "when their policies are a moving force that causes constitutional violations."  Opp. at 20.  But, as described above, every harm alleged in the FAC arises from the arrest warrant's issuance—not from a free-floating policy within the District Attorney's Office.  In other words, in the FAC the policies alleged to be within the ambit of *Monell* only harmed Cha because the DA sought—and received—an arrest warrant.  FAC ¶ 300.

Causation of the constitutional harm alleged is key for any finding of *Monell* liability.  As the Ninth Circuit has held, even where a municipal custom or practice exists, the plaintiff needs to allege that the policy was the "moving force" behind the constitutional deprivation that injured the plaintiff.  *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011).  But here, the "harm" alleged is the issuance of the arrest warrant—which as described above the

Superior Court would have issued despite the district attorney's policies, and therefore was not a constitutional violation because probable cause independently existed for its issuance.

Nor do *Goldstein* or *Puckett,* the cases cited by Plaintiff, revive the *Monell* claim. In *Goldstein*, the administrative procedures of the DA's office—setting policy related to jailhouse informants—directly caused the wrongful imprisonment of an individual, clearly a cognizable harm. *Goldstein v. City of Long Beach*, 715 F.3d 750, 751 (9th Cir. 2013). There, the Ninth Circuit explicitly called out prosecutorial training and prosecutorial policy as areas where sovereign immunity displaces *Monell*. *Id.* at 761 ("[T]he district attorney represents the state, not the county, when preparing to prosecute and when prosecuting crimes, and when establishing policy and training employees in these areas"). Here, the policies complained of are directly linked to the prosecutorial role of the DA's office—namely an alleged failure to train and have policies against District Attorneys with an "anti-police bias." Opp. at 21.

Likewise, the court in *Puckett* (another wrongful imprisonment case) found potential *Monell* liability for administrative failures related to *Brady* violations, because those harms directly resulted in a long, wrongful imprisonment. This contrasts sharply with the instant case where, even were the entity defendants not immune from *Monell* liability for the policies at issue, Cha simply cannot show harm aside from the arrest warrant, which as established above cannot form the basis of a constitutional claim.[4]

**B.    *The FAC Fails to Plead Facts Establishing a Practice or Pattern of Violations that Pre-Existed the Prosecution of Cha (All Claims Against Entity Defendants)***

Plaintiff continues to rely on contemporaneous or subsequent alleged violations within the SFDA to support his claims against the entity defendants. Mere allegations of future violations within the department, however, cannot support a claim for entity liability under *Monell*. *See Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (requiring

---

[4] Again, the FAC fails to distinguish between its claim under *Monell* (Fourth Claim for Relief) and its inclusion of the entity defendants in every other cause of action in the FAC. This Court should dismiss those claims without leave to amend as to the entity defendants.

pattern of misconduct prior to complaint to proceed with failure to train/supervise claim); *see also Greene v. City of New York*, 742 F. App'x 532 (2d Cir. 2018) (summary order) ("A plaintiff cannot point to 'contemporaneous or subsequent' violations to 'establish a pattern of violations that provided notice to the city that it needed to conform its training *or supervising* program to constitutional dictates.'") (alterations omitted) (emphasis added)); *see also McLennon v. City of New York*, 171 F. Supp. 3d 69, 99 (E.D.N.Y. 2016) (finding that the plaintiff did not plead a municipal liability claim based on a failure to supervise theory because the underlying constitutional violation preceded the court decisions cited in the complaint).

Though Plaintiff's opposition attempts to distinguish the cases cited by Defendants, it cannot cure the failure of the FAC to allege facts that *any* unlawful practices or pattern of violations existed prior to Plaintiff's prosecution that would have put it on notice as required by *Monell*.  Mere assertions that various practices were an "officewide issue," Opp. at 24, are insufficient.

### C.    The SFDA and the City are Immune from Suit as to Cha's Other Claims

#### 1.    Malicious Prosecution (Claims 1-3)

In his opposition brief, Plaintiff fails to meaningfully engage with Defendants' motion as to the malicious prosecution causes of action.  Mot. at 23-24.  The FAC alleges these claims (Claims One, Two, and Three) are based on actions taken in "investigating plaintiff KENNETH CHA related to pursuing criminal charges against plaintiff," FAC ¶ 137, and "[i]n seeking to prosecute plaintiff KENNETH CHA and in pursuing criminal charges against plaintiff CHA."  FAC ¶ 232.  The alleged unlawful conduct underlying these claims for relief against the government entities is that "despite the lack of probable cause, defendants and each of them pursued a biased investigation with the intent to eventually prosecute plaintiff for manslaughter, whether or not probable cause existed."  *Id*. ¶ 137.  This is squarely within the prosecutorial function for which the government entities may not be held liable under *Monell*.  *See, e.g., Weiner*, 210 F.3d at 1031 (a "California district attorney is a state officer when deciding whether to prosecute an individual.").  Further, as the court noted in *Sanders*, investigations are nearly always done without probable cause—because

1    "the impetus behind criminal investigations is to develop probable cause." *Sanders v. City and*
2    *Cnty. of San Francisco*, 226 F. App'x 687, 689 (9th Cir. 2007).

3                   **2.**    *Plaintiff's State Law Claim for Negligent Hiring, Supervision, and Training*
4                            *Fails as a Matter of Law.*

5        California Government Code section 815 provides that public entities are only liable
6    pursuant to statutory claims.  *See, e.g., Martin v. Cnty. of San Diego*, No. 03-CV-1788-IEG
7    (WMC), 2004 WL 7334370, at *6 (S.D. Cal. May 12, 2004) ("[A] public entity may not be held
8    directly or vicariously liable for negligent hiring, training, supervision or discipline.");
9    *Sanders v. City of Fresno*, No. CIVA 05-0469 AWISMS, 2006 WL 1883394, at *11 (E.D. Cal. July
10    7, 2006) (dismissing claims for claims for negligent training, discipline, retention).  The FAC
11    does not cite a particular state law basis on which the City or SFDA may be held liable for
12    negligent hiring, training, or supervision, nor does Plaintiff's opposition direct the Court to
13    such an allegation.  Nor does the opposition engage at all with the scope of Govt. Code
14    § 802.2 immunity, which wholly exempts defendants from liability for the alleged conduct.

15        Plaintiff also finds fault with cases cited by Defendants' motion, because they do "not
16    involve a Motion to Dismiss on a federal section 1983 civil rights claim."  Opp. at 30.  But it is
17    Plaintiff who has pled a *state law* cause of action here, and Plaintiff who is bound by
18    decisions applying state statutory immunities on those claims.  The FAC and Opposition fail
19    to allege or support these state law claims; this Court should dismiss them without leave to
20    amend.

21                   **D.**    ***Defendants are Immune from the FAC's Allegations Supporting the Claims of***
22                           ***Conspiracy to Violate Civil Rights (Sixth Cause of Action)***

23        Cha alleges that all defendants conspired to violate Cha's civil rights "with respect to
24    the defendants' investigation into the Sean Moore shooting, and with respect to defendants'
25    presentation to obtain an arrest warrant." FAC ¶ 300.  Plaintiff's opposition only contains a
26    token argument against the Motion on this claim—summarily contending that "Defendants
27    engaged in significant non-prosecutorial conduct that is not subject to absolute immunity."
28    Opp. at 29.  Nonetheless, the conspiracy claim as alleged in the FAC itself concerns itself with

the investigation of Plaintiff as well as the presentation of the arrest warrant—both of which

are subject to prosecutorial immunity for both individual and entity defendants.

**CONCLUSION**

For the reasons stated above, the Court should dismiss Cha's First Amended

Complaint in its entirety without leave to amend.

Dated: August 21, 2025                    Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE MERÉ
Chief Deputy City Attorney
JENNIFER CHOI
Chief Trial Deputy
KARUN A. TILAK
Deputy City Attorney

ERIN BERNSTEIN
TAYLOR JASZEWSKI
PRIANKA MISRA

By:    /s/ Erin Bernstein
ERIN BERNSTEIN

*Attorneys for Defendants*
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO DISTRICT ATTORNEY'S
OFFICE, CHESA BOUDIN, DANA DRUSINSKY,
STEPHANIE LACAMBRA, LATEEF GRAY, REBECCA
YOUNG, AND ANDREW KOLTUNIAK