1  DAVID CHIU, SBN 189542
   City Attorney
2  YVONNE MERÉ, SBN 173594
   Chief Deputy City Attorney
3  JENNIFER CHOI, SBN 184058
   Chief Trial Deputy
4  KARUN A. TILAK, SBN 323939
   Deputy City Attorney
5  Fox Plaza
   1390 Market Street, 6th Fl.
6  San Francisco, California 94102-5408
   Telephone:    (415) 554-3308
7  Facsimile:    (415) 437-4644
   E-Mail:       Karun.Tilak@sfcityatty.org
8
   ERIN BERNSTEIN, SBN 231539
9  TAYLOR JASZEWSKI, SBN 345094
   PRIANKA MISRA, SBN 348165
10 BRADLEY BERNSTEIN SANDS LLP
   1212 Broadway, Suite 1100
11 Oakland, CA 94612
   Telephone:    (510) 380-5801
12 E-Mail:       ebernstein@bradleybernstein.com

13 *Attorneys for Defendants*
   CITY AND COUNTY OF SAN FRANCISCO,
14 SAN FRANCISCO DISTRICT ATTORNEY'S
   OFFICE, CHESA BOUDIN, DANA DRUSINSKY,
15 STEPHANIE LACAMBRA, LATEEF GRAY,
   REBECCA YOUNG, AND ANDREW KOLTUNIAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHA, | Case No. 24-CV-04700-PHK |
| Plaintiff, | **DEFENDANTS' REPLY ISO MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, CHESA BOUDIN, DANA DRUSINSKY, STEPHANIE LACAMBRA, LATEEF GRAY, and ANDREW KOLTUNIAK, and DOES 1-100, | Judge: Peter H. Kang<br>Hearing Date: February 12, 2026<br>Place: Courtroom F, 15th Fl.<br>Time: 1:30 p.m.<br><br>Trial Date: |
| Defendants. | |

# TABLE OF CONTENTS

I. The SAC's Failure to Identify Cognizable Constitutional Harm is Fatal to Plaintiff's *Monell* Causes of Action ................................................................................. 5

II. SFDAO and the City Are Immune from Liability for the Actions Pled in the SAC ........................................................................................................................ 8

    A. Prosecutorial Conduct is Defined by California State Law ............................ 8

    B. The SAC's Identified Policy Failures are Related to Prosecutorial Conduct ........................................................................................ 9

III. Defendants' Alleged Policy Failures Did Not Cause Plaintiff's Injury ................... 13

IV. Claims Against Individuals Are Duplicative and Should Be Dismissed ............... 14

# TABLE OF AUTHORITIES

Cases

*Abdullah v. City & Cnty. of San Francisco*,
  2020 WL 2614777 (N.D. Cal. May 23, 2020) .................................................................... 7

*AE ex rel. Hernandez v. Cnty. of Tulare*,
  666 F.3d 631 (9th Cir. 2012) .......................................................................................... 13

*Awabdy v. City of Adelanto*,
  368 F.3d 1062 (9th Cir. 2004) .......................................................................................... 6

*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*,
  520 U.S. 397 (1997) ....................................................................................................... 14

*Bellamy v. City of New York*,
  914 F.3d 727 (2d Cir. 2019) ........................................................................................... 19

*Bou v. Cnty. of Riverside*,
  2021 WL 3468941 (C.D. Cal. Mar. 24, 2021) ................................................................ 10

*City of Hope v. Teamsters Loc. 631 Sec. Fund for S. Nevada*,
  141 F.3d 1174 (9th Cir. 1998) .......................................................................................... 6

*Ellins v. City of Sierra Madre*,
  710 F.3d 1049 (9th Cir. 2013) .......................................................................................... 9

*Galen v. Cnty. of Los Angeles*,
  477 F.3d 652 (9th Cir. 2007) ............................................................................................ 7

*Gravelet-Blondin v. Shelton*,
  728 F.3d 1086 (9th Cir. 2013) ........................................................................................ 13

*Hartman v. Moore*,
  547 U.S. 250 (2006) ....................................................................................................... 18

*Haynesworth v. Miller*,
  820 F.2d 1245 (D.C. Cir. 1987) .................................................................................. 7, 9

*Ismail v. Cnty. of Orange*,
  917 F. Supp. 2d 1060 (C.D. Cal. 2012) ......................................................................... 12

*Lacey v. Maricopa County*,
  693 F.3d 896 (9th Cir. 2012) .................................................................................. passim

*Miller v. City of Scottsdale*,
    88 F.4th 800 (9th Cir. 2023) ................................................................................................. 8

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) ................................................................................................... 8

*Oviatt By & Through Waugh v. Pearce*,
    954 F.2d 1470 (9th Cir. 1992) ............................................................................................... 6

*Pitts v. Cnty. of Kern*,
    17 Cal. 4th 340 (1998) .......................................................................................................... 9

*Puckett v. Cnty. of Sacramento*,
    No. 2:22-CV-00350-KJM-DB, 2023 WL 2432919 (E.D. Cal. Mar. 9, 2023) ................. 11, 12

*Riese v. Cnty. of Del Norte*,
    2013 WL 5568707 (N.D. Cal. Oct. 9, 2013) ....................................................................... 11

*Sasin v. Cnty. of Kings*,
    67 F. App'x 413 (9th Cir. 2003) ............................................................................................ 6

*Vance v. Cnty. of Santa Clara*,
    928 F. Supp. 993 (N.D. Cal. 1996) ..................................................................................... 14

*Weiner v. San Diego Cnty.*,
    210 F.3d 1025 (9th Cir. 2000) ............................................................................................ 10

# REPLY

In its Order on September 30, 2025 (the "Order"), this Court dismissed the entire First Amended Complaint. This Court explained that (1) Plaintiff's theories of constitutional harm were deficient; (2) probable cause existed; and (3) that the actions alleged by Plaintiff related directly to prosecutorial conduct which would be subject to 11th Amendment immunity. The Order granted Plaintiff leave to amend regarding a single cause of action (*Monell*) to rectify those errors in a Second Amended Complaint.

Plaintiff's Second Amended Complaint (SAC) fails to correct any of the deficiencies regarding constitutional harm, probable cause, or prosecutorial conduct. The constitutional harm allegations remain exactly the same, involving only (1) an improper investigation or (2) a malicious prosecution despite a neutral magistrate's finding of probable cause. Neither the SAC nor Plaintiff's opposition dispute that probable cause was found appropriately here, and the lack of allegations on that issue is fatal to any malicious prosecution claim. More, the complained-of policy failures—regarding the re-opening of previously declined cases and managing prosecutorial conflicts of interest—are wholly prosecutorial in nature and therefore subject to 11th Amendment immunity. Finally, the SAC also fails to state a cause of action for liability under *Monell v. Dep't of Soc. Servs. of City of New York*, because Plaintiff does not demonstrate sufficient causation between the policies and Plaintiff's (inadequately) alleged harm.

Plaintiff does not request further leave to amend. As a result of these independent defects, the SAC should be dismissed with prejudice.

## I. The SAC's Failure to Identify Cognizable Constitutional Harm is Fatal to Plaintiff's *Monell* Causes of Action

In its Order dismissing the FAC, this Court granted Defendants' motion to dismiss with prejudice regarding "all causes of action which assert liability based solely on alleged 'malicious' or 'improper' investigation alone." Order at 29-30. More, to state a cause of action for malicious prosecution, the Court noted that "Plaintiff Cha must show an absence of probable cause." *Id*. at 13 (citing *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1066 (9th Cir.

2004)). Plaintiff—relying on a case abrogated by the United States Supreme Court decades ago—repeats the error from the FAC by alleging only ostensible harm relating to either (1) an improper investigation or (2) a malicious arrest and prosecution without alleging a lack of probable cause.

To state a claim under *Monell*, Plaintiff must identify an underlying constitutional right from which he was deprived by Defendants. *See Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *Sasin v. Cnty. of Kings*, 67 F. App'x 413, 417 (9th Cir. 2003) (unpublished) ("Because the district court correctly found that there was no underlying constitutional harm, Sasin cannot maintain the *Monell* claim against the County of Kings based on the actions of its officers."). Plaintiff's opposition doubles down on his prior complaint's faulty approach. He argues that the two alleged policy failures—regarding the re-opening of previously declined cases and conflicts of interest for certain SFDAO employees—"allowed the SFDAO to pursue an improper prosecution" leading to a violation of plaintiff's right to "be free from improper investigations, arrests, and prosecutions." Opp. at 17 (quoting SAC ¶ 160). But those harm allegations are nearly unchanged from the FAC, and should similarly result in the SAC's dismissal.[1] *Compare* FAC ¶ 270 *with* SAC ¶¶ 137, 159.

As noted repeatedly in Defendants' motion (Mot. at 17), the Order dismissing the FAC (Order at 8), and Plaintiff's own oral argument concerning the motion to dismiss the FAC (Order at 8-9), there is no constitutional right to be free from "mere investigation" prior to the initiation of criminal prosecution. Notwithstanding that authority, Plaintiff states in his opposition that his *only* plausible harm is that if the alleged administrative failures had not occurred, the declination letter would have been signed, "[f]urther investigation would have

---

[1] The opposition notes that the FAC should not be immediately dispositive of the ruling on Plaintiff's *Monell* claims, Opp. 15-16, which is accurate in that Plaintiff was given leave to amend the FAC's Fourth Cause of Action. However, the Order was unequivocal that all of Plaintiff's claims that assert "improper or malicious investigation," or the empaneling or conduct of the investigative Grand Jury were dismissed with prejudice. Order at 29. Because those claims were not granted leave to amend, the Order precludes their consideration here. *See City of Hope v. Teamsters Loc. 631 Sec. Fund for S. Nevada*, 141 F.3d 1174 (9th Cir. 1998) (holding dismissal with prejudice is subject to the "usual rules of res judicata").

ceased, and any issue of probable cause for arrest would have been moot." Opp. at 17. This does not constitute a cognizable constitutional injury. Accordingly, Plaintiff's *Monell* claim must fail.

Beyond the failure to state a deprivation of constitutional right in general, the SAC is deficient because a neutral magistrate found probable cause to issue an arrest warrant against Cha. The "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a *direct causal link* between a municipal policy or custom and the alleged constitutional deprivation." *Abdullah v. City & Cnty. of San Francisco*, 2020 WL 2614777, at *5 (N.D. Cal. May 23, 2020) (quotation omitted) (emphasis added). The issuance of the arrest warrant by a neutral magistrate here breaks the required causal chain. *See Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007). As such, Plaintiff cannot, as a matter of law, establish a causal link between his alleged harm and Defendants' allegedly deficient policies.

Plaintiff's response to that argument is that causation issues are different "in the context of *Monell* claims." Opp. at 18. Citing *Haynesworth v. Miller*, Plaintiff argues that "municipalities may be held liable for civil rights violations, even where the individual prosecutors are not liable." *Id.* (citing *Haynesworth v. Miller*, 820 F.2d 1245 (D.C. Cir. 1987)) This argument is nonsensical for two reasons. First, nothing in *Haynesworth*'s discussion of individual versus municipal liability suggests that a Plaintiff can proceed with a *Monell* claim without adequately pleading an underlying constitutional harm.[2] Here, Plaintiff has simply failed to identify constitutional harm as required under *Monell* and its progeny.

Second, *Haynesworth* was abrogated on *precisely* the point that a malicious prosecution claim cannot survive in the absence of an allegation that the prosecution lacked probable cause. In *Hartman v. Moore*, the U.S. Supreme Court explained a circuit split existed

---

[2] Insofar as *Haynesworth* distinguishes between individual and municipal claims at all, it only held that even where individual prosecutors were entitled to absolute immunity, there may be a basis to proceed with municipal claims. *Cf.* 820 F.2d at 1264-70. *id.* at 1272-74. But nothing in the decision suggested that a *Monell* claim could proceed without establishing an underlying constitutional harm—which is lacking here.

regarding whether a showing of the lack of probable cause was required in "*Bivens* retaliatory-prosecution suits." 547 U.S. 250, 255-56 (2006). As Plaintiff suggests, the D.C. Circuit imposed no such requirement. *Id*. Resolving the split, the Supreme Court held:

> In sum, the complexity of causation in a claim that prosecution was induced by an official bent on retaliation should be addressed specifically in defining the elements of the tort. Probable cause or its absence will be at least an evidentiary issue in practically all such cases. Because showing an absence of probable cause will have high probative force, and can be made mandatory with little or no added cost, it makes sense to require such a showing as an element of a plaintiff's case, and *we hold that it must be pleaded and proven.*

*Id*. at 265-66 (emphasis added). The neutral magistrate's finding of probable cause makes this requirement impossible for Plaintiff's claims. And not only does Plaintiff rely on abrogated out-of-circuit authority, but he fails to acknowledge *controlling* precedent in this circuit, which is unequivocal: "without showing an absence of probable cause, [a plaintiff] cannot establish a constitutional violation necessary to prevail on his municipal liability claim under *Monell*." *Miller v. City of Scottsdale*, 88 F.4th 800, 804 (9th Cir. 2023) (finding no viable *Monell* claim where plaintiff failed to show lack of probable cause for his arrest).

Finally, Plaintiff tries to rely on "reasonable inferences" and argues that disputes of material fact should be determined by the jury at trial. Opp. at 18. But that does not help Plaintiff, who must "state sufficient facts creating a plausible claim to relief." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 880 (9th Cir. 2021). Even here where the facts involve Plaintiff's own harm, he has failed to do so.

## II. SFDAO and the City Are Immune from Liability for the Actions Pled in the SAC

### A. Prosecutorial Conduct is Defined by California State Law

Plaintiff agrees that conduct that "affects the prosecution of a particular case constitutes 'prosecutorial conduct' under the State's overall control, and is immune under the 11th Amend[ment]." Opp. at 8. Where the parties disagree (and where Plaintiff's argument fails) is whether alleged policy failures regarding 1) the decision of prosecutors to

re-open previously declined cases and 2) potential conflicts of interest in prosecutions fall within the ambit of prosecutorial conduct for which Defendants are immune.  As stated in Defendants' motion, both alleged policy failures underlying the SAC are prosecutorial in nature and therefore subject to 11th Amendment immunity.

The question of whether an official is acting as a state or local official for purposes of *Monell* liability is a function of how state law defines such roles.  *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013).  California law provides that district attorneys are state officials, and therefore immune to prosecution under the 11th Amendment, where they are "preparing to prosecute and [] prosecuting criminal violations of state law."  *Pitts v. Cnty. of Kern*, 17 Cal. 4th 340, 362 (1998).  The immunity extends to prosecutors "when developing policy regarding the preparation for prosecution and prosecution of criminal violations."  *Pitts*, 17 Cal. 4th at 366.  As the California Supreme Court reasoned in *Pitts*, prosecutorial policy is a state function because in California district attorneys are supervised by the state attorney general regarding "the oversight of crime prosecution and policy."  *See id*. (contrasting California's treatment of prosecutors as policymakers to Louisiana and Arizona).

Plaintiff relies heavily, however, on fundamentally flawed authority that either concerns prosecutorial immunity (as opposed to 11th Amendment sovereign immunity) or applies out of state law.  *See generally* Opp. at 9-14 (citing *Haynesworth v. Miller*, 820 F.2d 1245 (D.C. Cir. 1987); *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012); *Briggs v. Montgomery*, No. CV-18-02684-PHX-EJM, 2019 WL 2515950, at *1 (D. Ariz. June 18, 2019); *Bellamy v. City of New York*, 914 F.3d 727 (2d Cir. 2019)).  Those cases relate to the definition of prosecutorial conduct in their respective jurisdictions.  Here, the California Supreme Court has spoken clearly on the issue and held that general prosecutorial policy is included in the conduct for which California district attorneys enjoy absolute immunity. *Pitts*, 17 Cal. 4th at 362.

**B.     The SAC's Identified Policy Failures are Related to Prosecutorial Conduct**

Even had California courts lacked clarity on the local/state official distinction (which they have not), Plaintiff himself characterizes the two policies at issues here as prosecutorial.

In the first paragraph of his opposition, Plaintiff explains that the only two policies at issue are the decision to "re-open declined cases . . ." or to "permit attorneys with conflicts of interest to participate in the investigation and prosecution of conflicted cases." Opp. at 1.

Regarding the first policy issue raised by the SAC—decisions to re-open declined[3] cases—it is well-settled law that the decision whether or not to investigate and prosecute cases is wholly within the ambit of prosecutorial conduct subject to absolute immunity. *See, e.g., Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1031 (9th Cir. 2000) ("We conclude that a California district attorney is a state officer when deciding whether to prosecute an individual."). Like the FAC, the SAC notes that the complained-of policy involves Defendants' "policies and procedures" regarding "the evaluation of declined cases" that led to "an investigation and prosecution for voluntary manslaughter and assault with a deadline weapon." SAC ¶ 137. As this Court noted in its Order dismissing the FAC, such policies and procedures are "directed at prosecution strategy" and inherently tied to the alleged malicious prosecution of Plaintiff. Order at 24-25. The opposition's characterization that "the First Claim alleges that the SFDAO established and implemented a policy regarding declined cases which had the ultimate effect of encouraging improper prosecutions," Opp. at 12, does not take such a policy outside the core of prosecutorial conduct that is protected by 11th Amendment immunity. *See Bou v. Cnty. of Riverside*, 2021 WL 3468941, at *5 (C.D. Cal. Mar. 24, 2021) ("[U]nder California law, district attorneys are state actors with regard to *internal policymaking regarding prosecutions* and *Monell* claims against them are barred.") (emphasis added) (quotation omitted). Put simply, evaluating declined cases fundamentally involves "deciding whether to prosecute an individual," *Weiner*, 210 F.3d at 1031, and there can be no argument that policies governing the decision whether to move forward with a prosecution are unrelated to the preparation to prosecute a criminal violation.

---

[3] As noted in the SAC, Cha's case was never formally declined by the Gascon administration or any other District Attorney because the report remained unsigned. *See* SAC ¶ 49.

The conflict-of-interest policy cause of action fares no better. Here, the SAC alleges that Defendants failed to ensure that "SFDAO employees with potential conflicts of interest with certain cases were prevented from having contact or influence on the investigation or prosecuted of conflicted cases." SAC ¶ 151. The opposition argues that the alleged policy is a "locally-determined administrative policy rather than a policy imposed by the State Attorney General," and reflects "administrative policies and oversight of employees." Opp. at 13-14 (citing *Puckett*). However, like in the FAC, the conflict-of-interest policy alleged by Plaintiff in the SAC is "specifically tied to the decision on whether or not to investigate and prosecute certain cases." Order at 25.

The Order concluded that such a conflict-of-interest policy is prosecutorial in nature and therefore subject to Defendants' absolute immunity; this is well supported by caselaw. Plaintiff's attempt to distinguish the FAC from the SAC and from related precedent is unavailing. The opposition attempts to take the SAC outside of the scope of *Riese v. County of Del Norte* by arguing that the case turned on whether the "conflicted prosecutor was directly assigned to the particular case at issue," Opp. at 15, whereas here, Defendant Gray was assigned as the head of the IIB Department. But that is a distinction without a difference. The reason that Plaintiff alleges Gray's assignment to be improper is because of his alleged control over decisions *in the Cha matter*—just as the prosecutor in *Reise* was alleged to have influenced the investigation and prosecution of the plaintiff there. The *Riese* court in fact held that the conflict-of-interest cause of action "focuses on [the officer's] conduct during his investigation of [plaintiff] and fits squarely within *Weiner*." *Riese v. Cnty. of Del Norte*, 2013 WL 5568707, at *3 (N.D. Cal. Oct. 9, 2013). Like in *Riese*, the policy at issue here relates to particular prosecutors' "involvement with the Cha matter." Opp. at 15.

Plaintiff also relies heavily on *Lacey v. Maricopa County* as authority to support the conflict-of-interest cause of action, particularly for the idea that policies regarding "general employment conditions, not affecting a particular case, are administrative." Opp. at 14 (citing *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012)). Plaintiff's reliance on *Lacey* as authority has two threshold problems. First, the *Lacey* court analyzed whether an

individual's actions are covered by absolute prosecutorial immunity and not 11th Amendment immunity for state officials. *See Lacey* 693 F.3d at 928-29. Those immunities, while similar, are conceptually distinct and Plaintiff's reliance on prosecutorial immunity is misguided. *See Ismail v. Cnty. of Orange*, 917 F. Supp. 2d 1060, 1069-71 (C.D. Cal. 2012), *aff'd*, 676 F. App'x 690 (9th Cir. 2017) (dismissing separate claims under prosecutorial immunity and sovereign immunity). Second, *Lacey* is of little use in this case, as it applied Arizona—not California—law regarding conflicts of interest and the nature of the County Attorney's local policymaking authority. *Lacey*, 693 F.3d at 933-34. But even on its own terms, *Lacey* shows why Plaintiff's claims here cannot survive. As the Ninth Circuit explained, "designating who among the county's regular attorneys will take the lead in a particular matter is the necessary first step in the initiation and conduct of the prosecution." *Id*. at 934. Accordingly, the Ninth Circuit held that even though a prosecutor had a conflict "precluding him *and his office* from prosecuting the case," the conduct was nonetheless found to be prosecutorial and subject to absolute immunity.[4] *Id*. (emphasis added).

So too here. Plaintiff's conflict-of-interest claims involve the hiring of Lateef Gray, which "created a direct conflict of interest *with the Cha/Moore matter*" and that the office more broadly "did not establish procedures to ensure that all employees with potential conflicts of interest *with certain cases* were prevented from having contact or influence on the investigation or prosecution of the conflicted cases." SAC ¶¶ 150-151 (emphasis added). The SAC's claims relating to a conflict of interest remain fully focused on investigation and prosecution, which this Court found to be "directed at prosecution strategy" in the Order dismissing the FAC. Order at 25. Plaintiff's amendments have failed to cure that fundamental defect.

---

[4] Plaintiff also heavily cites *Puckett v. Cnty. of Sacramento*, No. 2:22-CV-00350-KJM-DB, 2023 WL 2432919, at *1 (E.D. Cal. Mar. 9, 2023). There, the court found that a district attorneys' office was immune from a claim relating to "pervasive policy encouraging or tolerating *Brady* violations," but not immune from a claim relating to "a failure to discipline [which] is not tied directly to 'prosecutorial strategy.'" *Id*. at *9. Both of Plaintiff's claims here involve "policy or training relating to prosecutorial functions" and accordingly should be dismissed. *Id*.

Accordingly, the SAC should be dismissed with prejudice because all of the claims relate to Defendants' prosecutorial functions for which they have absolute immunity.

### III. Defendants' Alleged Policy Failures Did Not Cause Plaintiff's Injury

Plaintiff agrees that in order to demonstrate that the complained of policies are the "moving force" behind a constitutional harm, he must show "both causation-in-fact and proximate causation." Opp. at 18 (citing *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013)).

While Plaintiff argues that he needs only a "plausible line of causation," he has failed to clear even that lower bar. Opp. at 20. Plaintiff's allegations on causation are that the failure to issue a declination letter prevented the SFDAO from "abort[ing] the investigation," and that one allegedly conflicted individual—Lateef Gray—could have provided guidance to others that was "a factor causing and continuing Cha's improper prosecution." Opp. at 20. These allegations do not constitute either causation-in-fact or proximate cause.

First, Plaintiff does not dispute that a neutral magistrate's issuance of the arrest warrant based on probable cause interrupts the causal chain concerning Cha's investigation and prosecution. Mot. at 19 (citing *Galen*, 477 F.3d at 663). That itself is fatal to Plaintiffs' *Monell* claims. Regardless of whether Defendants had deficient policies, those policies could not be the cause of any constitutional harm where, as here, "a judicial officer's exercise of independent judgment . . . is a superseding cause that breaks the chain of causation." *Id.*; *see also* Order at 16-20 (finding that the state court magistrate made an independent assessment of probable cause). The only case Plaintiff cites in support of his position is not about causation at all, but rather the identification of a policy, custom, or practice for purposes of alleging *Monell* liability. Opp. at 18-19 (citing *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)). These are separate inquiries and <u>both</u> must be alleged for Plaintiff to have stated a *Monell* claim. *See, e.g., Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011) (noting separate elements that "municipality had a policy" and "the policy is the moving force behind the constitutional violation"). The opposition simply does not explain

how SFDAO's policy failures can be the moving force for an alleged improper investigation and prosecution where a neutral magistrate issued an arrest warrant supported by probable cause.

Second, the vague allegations concerning Lateef Gray's "influence and direction" on the Cha matter fails to demonstrate causation sufficient for purposes of *Monell* liability. Opp. at 20. The U.S. Supreme Court has urged caution to "adhere to the rigorous requirements of culpability and causation" in *Monell* claims because "[i]n the broadest sense, every injury is traceable to a hiring decision." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 415 (1997). Where the alleged policy failure relates to personnel decisions, as Plaintiff's conflict-of-interest theory here does, then Plaintiff must show "*deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Id*. (emphasis in original). Plaintiff's allegations in the SAC fall short of the rigorous standard required by *Monell*.

**IV.   Claims Against Individuals Are Duplicative and Should Be Dismissed**

As Plaintiff correctly notes, suing individuals in their official capacity "is the same as suing the public entity that employs the officer." Opp. at 21. However, Plaintiff is incorrect that such pleading is "proper." *Id*. Where, as here, "individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed." *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). There is no basis to retain individual officers in a lawsuit merely to "identify which actors were behind the entities' policies and practices" underlying their *Monell* claims. Opp. at 21. The individual Defendants here should be dismissed.

## CONCLUSION

Plaintiff has not cured the defects of the First Amended Complaint in the Second Amended Complaint. Plaintiff also does not request to be granted further leave for amendment. For the foregoing reasons and for the reasons stated in Defendants' Motion, the Second Amended Complaint should be dismissed with prejudice.

Dated: December 23, 2025

Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE MERÉ
Chief Deputy City Attorney
JENNIFER CHOI
Chief Trial Deputy
KARUN A. TILAK
Deputy City Attorney

ERIN BERNSTEIN
TAYLOR JASZEWSKI
PRIANKA MISRA

By: /s/ *Erin Bernstein*
ERIN BERNSTEIN

*Attorneys for Defendants*
CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, CHESA BOUDIN, DANA DRUSINSKY, STEPHANIE LACAMBRA, LATEEF GRAY, REBECCA YOUNG, AND ANDREW KOLTUNIAK