DAVID CHIU, SBN 189542
City Attorney
YVONNE MERÉ, SBN 173594
Chief Deputy City Attorney
JENNIFER CHOI, SBN 184058
Chief Trial Deputy
KARUN A. TILAK, SBN 323939
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Fl.
San Francisco, California 94102-5408
Telephone: (415) 554-3308
Facsimile: (415) 437-4644
E-Mail: Karun.Tilak@sfcityatty.org

ERIN BERNSTEIN (SBN 231539)
ebernstein@motleyrice.com
MOTLEY RICE LLP
1212 Broadway, Suite 1100
Oakland, CA 94612
Telephone: (510) 410-5881

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, CHESA BOUDIN, and LATEEF GRAY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KENNETH CHA,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE; CHESA BOUDIN; LATEEF GRAY; and DOES 1-100,<br><br>Defendants. | Case No. 3:24-cv-04700-PHK<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Peter H. Kang<br>SAC Filed: October 30, 2025 (Dkt. 54) |

Defendants City and County of San Francisco ("the City"), the San Francisco District Attorney's Office ("SFDAO"), Chesa Boudin (in his official capacity), and Lateef Gray (in his official capacity) (collectively, "Defendants") answer the Second Amended Complaint ("SAC") (Dkt. 54) filed by Plaintiff Kenneth Cha ("Plaintiff") as follows.

## PRELIMINARY STATEMENT

On September 30, 2026, the Court granted in part and denied in part Defendants' motion to dismiss the SAC. Dkt. 69. The Court dismissed the First Claim for Relief in its entirety, with prejudice and without leave to amend. The Court also dismissed with prejudice all theories under the First and Second Claims for Relief that rely on or involve the arrest warrant and the process leading to it, Plaintiff's arrest, the investigation preceding the prosecution, the conduct of the prosecution by ADA Rebecca Young, and the presentation to the grand jury; all theories that rely on the alleged conflict of interest or bias of former defendant Andrew Koltuniak; and all claims against former defendants Dana Drusinsky and Stephanie Lacambra.

The only claim that remains is the portion of the Second Claim for Relief based on the alleged conflict of interest of Defendant Gray and the alleged policy underlying that theory, asserted against the City, the SFDAO, and Defendants Boudin and Gray in their official capacities.

Defendants answer only that surviving portion of the SAC. No response is required to allegations that relate solely to dismissed claims, theories, or parties. To the extent a response is deemed required, Defendants deny those allegations.

The SAC's headings, subheadings, and footnotes are not allegations to which a response is required. To the extent a response is deemed required, Defendants deny them. Where a paragraph purports to describe or quote a document, Defendants refer to the document for its contents and deny any characterization inconsistent with it. Defendants deny any allegation not expressly admitted below, including any allegation in the SAC's prayer for relief.

The SAC contains numerous characterizations, opinions, and argumentative statements that are not allegations of fact. No response is required to such statements. To the extent a response is deemed required, Defendants deny them. The SAC also contains numerous legal conclusions, including statements of what the law requires of prosecutors, district attorneys' offices, and attorneys, to which no response is required. To the extent a response is deemed required

required, Defendants deny them. Any admission in this Answer extends only to the specific facts admitted and not to any characterization of those facts.

Defendants deny that any policy, custom, or practice of the City or the SFDAO caused any deprivation of Plaintiff's rights. Neither the City nor the SFDAO may be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior.

By responding to allegations that relate to dismissed claims, theories, or parties, Defendants do not concede that those allegations are relevant to the surviving portion of the Second Claim for Relief or within the proper scope of discovery, and Defendants reserve all objections on those grounds.

**RESPONSES TO SPECIFIC ALLEGATIONS**

1. Defendants admit that Plaintiff purports to bring this action under 42 U.S.C. § 1983 and alleges that the SFDAO and other City employees violated his civil rights. Defendants deny that Plaintiff was deprived of any constitutional right, deny that the SAC asserts any claim under California law, and deny the remaining allegations of Paragraph 1.

2. Defendants admit that on January 6, 2017, Plaintiff and Officer Colin Patino attempted to enforce a restraining order against Sean Moore, and that Plaintiff shot Moore. The encounter was recorded on body-worn camera video. Defendants refer to that video for a complete and accurate depiction of the interaction and deny any characterization of it that is inconsistent with the video. The remainder of Paragraph 2 consists of Plaintiff's characterizations and argument, to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations of Paragraph 2.

3. Defendants admit that Sean Moore was incarcerated at San Quentin State Prison and died there. Defendants further admit that Chesa Boudin was elected District Attorney and took office in January 2020, and that the SFDAO charged Plaintiff in connection with the January 6, 2017 shooting. The remainder of Paragraph 3 consists of Plaintiff's characterizations and argument, to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations of Paragraph 3.

4. Paragraph 4 states legal conclusions and argument to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 4.

5. Paragraph 5 states legal conclusions and argument to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 5.

6. Defendants admit that George Gascón was the District Attorney of the City and County of San Francisco at the time of the January 6, 2017 shooting, and that the SFDAO investigated the shooting during his tenure. Defendants further admit that a draft declination report was prepared, and aver that District Attorney Gascón never signed it. Defendants further aver that District Attorney Gascón left office on October 18, 2019. Defendants deny the remaining allegations of Paragraph 6. Footnote 1 to Paragraph 6 consists of Plaintiff's characterizations and argument, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of footnote 1.

7. Paragraph 7 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 7.

8. Paragraph 8 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 8.

9. Paragraph 9 states legal conclusions regarding the ethical obligations of law offices and district attorneys' offices, to which no response is required. To the extent a response is deemed required, Defendants deny them. Defendants deny that, under District Attorney Boudin, the SFDAO had a policy or practice of failing to adhere to conflict-of-interest policies and procedures or of permitting conflicted personnel to work on matters in which conflicts

existed. Defendants further deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff. Defendants deny the remaining allegations of Paragraph 9.

10. Paragraph 10 states legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, Defendants deny them. Defendants admit that Defendant Gray represented Sean Moore in a civil action against the City and Plaintiff before joining the SFDAO, and that Defendant Gray later served as Managing Attorney of the IIB. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and deny the remaining allegations of Paragraph 10.

11. Paragraph 11 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 11.

12. To the extent Paragraph 12 relates to the theory concerning the re-opening of previously declined cases, or to Plaintiff's arrest, which the Court dismissed with prejudice, no response is required. Dkt. 69 at 25, 37–38. To the extent a response is deemed required, Defendants deny those allegations. Defendants admit that Plaintiff was arrested and criminally prosecuted, and that Chesa Boudin was removed from office as District Attorney by recall election. Paragraph 12 does not identify when, where, or in what form District Attorney Brooke Jenkins made the findings it alleges, and Defendants deny Plaintiff's characterization of any such findings. Plaintiff's characterizations of the recall, of District Attorney Boudin, and of any conflict of interest are argument to which no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and deny the remaining allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13, and deny that Plaintiff is entitled to any damages.

**JURISDICTION**

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has subject-matter jurisdiction over Plaintiff's claim under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343, and deny the remaining allegations of Paragraph 14.

**VENUE**

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in the Northern District of California and deny the remaining allegations of Paragraph 15.

**DIVISIONAL ASSIGNMENT**

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that assignment to the San Francisco Division is proper under Civil Local Rule 3-2(c) and (d), and deny the remaining allegations of Paragraph 16.

**PARTIES**

17. Defendants admit that Plaintiff was employed as a police officer by the San Francisco Police Department at the time of the events alleged in the SAC. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's past and current residence, and on that basis deny them. Defendants deny the remaining allegations of Paragraph 17.

18. Defendants admit the allegations of Paragraph 18.

19. Defendants admit that the SFDAO is a department of the City and County of San Francisco, and that the District Attorney prosecutes alleged violations of criminal law in the City and County of San Francisco on behalf of the People of the State of California. Defendants deny the remaining allegations of Paragraph 19.

20. Defendants admit that Chesa Boudin is, and at all relevant times has been, a resident of the State of California; that he is sued in his official capacity as the former District Attorney of the City and County of San Francisco; and that at all times relevant to the SAC he

acted in the course and scope of his employment with the City and County of San Francisco. Defendants deny the remaining allegations of Paragraph 20.

21. Defendants admit that Lateef Gray is, and at all relevant times has been, a resident of the State of California; that he is sued in his official capacity as the former Managing Attorney of the IIB of the SFDAO; and that at all times relevant to the SAC he acted in the course and scope of his employment with the City and County of San Francisco. Defendants deny the remaining allegations of Paragraph 21.

22. Paragraph 22 concerns former defendant Dana Drusinsky, who has been dismissed from this action. Dkt. 69 at 38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 22.

23. Paragraph 23 concerns former defendant Stephanie Lacambra, who has been dismissed from this action. Dkt. 69 at 38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 23.

24. Paragraph 24 concerns former defendant Andrew Koltuniak, who has been dismissed from this action. Dkt. 69 at 38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's knowledge of the identities of the defendants sued as DOES 1 through 100, and on that basis deny them. Defendants deny that any DOE defendant encouraged, participated in, ratified, or approved any unlawful conduct, and deny the remaining allegations of Paragraph 25.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants refer to their responses to Paragraphs 20 and 21, deny that any Defendant was a co-conspirator of any other Defendant or acted pursuant to any conspiracy, and deny the remaining allegations of Paragraph 26.

**FACTUAL ALLEGATIONS**

27. Paragraph 27 purports to characterize police reports, restraining order filings, and other records concerning Sean Moore. Defendants refer to those records for their contents

and deny any characterization inconsistent with them. The remaining allegations of Paragraph 27 consist of Plaintiff's characterizations and argument, to which no response is required. To the extent a response is deemed required, Defendants deny them.

28. Paragraph 28 purports to characterize restraining order filings, criminal records, and complaints by Christopher Choy concerning Sean Moore. Defendants refer to those records for their contents and deny any characterization inconsistent with them. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 28, and on that basis deny them.

29. Defendants admit that, as of January 6, 2017, a temporary restraining order was in effect against Sean Moore. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 29, and on that basis deny them.

30. Defendants admit that on January 6, 2017, Plaintiff and Officer Colin Patino went to Sean Moore's residence to enforce the temporary restraining order. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 30, and on that basis deny them.

31. Paragraph 31 purports to describe the January 6, 2017 encounter between Plaintiff, Officer Patino, and Sean Moore, which was recorded on body-worn camera video. Defendants refer to that video for a complete and accurate depiction of the encounter and deny any characterization inconsistent with it. To the extent Paragraph 31 contains Plaintiff's characterizations and argument, no response is required; to the extent a response is deemed required, Defendants deny them.

32. Paragraph 32 purports to describe the January 6, 2017 encounter between Plaintiff, Officer Patino, and Sean Moore, which was recorded on body-worn camera video. Defendants refer to that video, and to any recordings or transcripts of the officers' post-incident statements, for their contents and deny any characterization inconsistent with them. To the extent Paragraph 32 contains Plaintiff's characterizations and argument, no response is required; to the extent a response is deemed required, Defendants deny them.

33. Paragraph 33 purports to describe the January 6, 2017 encounter between Plaintiff, Officer Patino, and Sean Moore, which was recorded on body-worn camera video. Defendants refer to that video for a complete and accurate depiction of the encounter and deny any characterization inconsistent with it. To the extent Paragraph 33 contains Plaintiff's characterizations and argument, no response is required; to the extent a response is deemed required, Defendants deny them.

34. Paragraph 34 purports to describe the January 6, 2017 encounter between Plaintiff, Officer Patino, and Sean Moore, which was recorded on body-worn camera video. Defendants refer to that video for a complete and accurate depiction of the encounter and deny any characterization inconsistent with it. To the extent Paragraph 34 contains Plaintiff's characterizations and argument, no response is required; to the extent a response is deemed required, Defendants deny them.

35. Paragraph 35 purports to describe the January 6, 2017 encounter between Plaintiff, Officer Patino, and Sean Moore, which was recorded on body-worn camera video. Defendants refer to that video for a complete and accurate depiction of the encounter and deny any characterization inconsistent with it. To the extent Paragraph 35 contains Plaintiff's characterizations and argument, no response is required; to the extent a response is deemed required, Defendants deny them.

36. Paragraph 36 purports to describe the January 6, 2017 encounter between Plaintiff, Officer Patino, and Sean Moore, which was recorded on body-worn camera video. Defendants refer to that video for a complete and accurate depiction of the encounter and deny any characterization inconsistent with it. To the extent Paragraph 36 contains Plaintiff's characterizations and argument, no response is required; to the extent a response is deemed required, Defendants deny them.

37. Paragraph 37 purports to describe the January 6, 2017 encounter between Plaintiff, Officer Patino, and Sean Moore, which was recorded on body-worn camera video. Defendants refer to that video, and to any recordings or transcripts of the officers' post-incident statements, for their contents and deny any characterization inconsistent with them. To the

extent Paragraph 37 contains Plaintiff's characterizations and argument, no response is required; to the extent a response is deemed required, Defendants deny them.

38. Paragraph 38 purports to describe the January 6, 2017 encounter between Plaintiff, Officer Patino, and Sean Moore, which was recorded on body-worn camera video. Defendants refer to that video for a complete and accurate depiction of the encounter and deny any characterization inconsistent with it. To the extent Paragraph 38 contains Plaintiff's characterizations and argument, no response is required; to the extent a response is deemed required, Defendants deny them.

39. Paragraph 39 purports to describe the January 6, 2017 encounter between Plaintiff, Officer Patino, and Sean Moore, which was recorded on body-worn camera video. Defendants refer to that video, and to any recordings or transcripts of the officers' statements and radio communications, for their contents and deny any characterization inconsistent with them. To the extent Paragraph 39 contains Plaintiff's characterizations and argument, no response is required; to the extent a response is deemed required, Defendants deny them.

40. Defendants admit that Sean Moore survived the shooting and was treated for gunshot wounds.

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41, and on that basis deny them.

42. Defendants admit that Sean Moore died at San Quentin State Prison on January 20, 2020. To the extent Paragraph 42 describes criminal charges against Moore, Defendants refer to the records of those proceedings for their contents and deny any characterization inconsistent with them. To the extent Paragraph 42 purports to characterize the coroner's report, Defendants refer to that report for its contents and deny any characterization inconsistent with it. To the extent Paragraph 42 states legal conclusions regarding causation, including that the gunshot wound was not the sole proximate cause of Moore's death, no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny the remaining allegations of Paragraph 42.

43. To the extent Paragraph 43 purports to characterize the coroner's report, Defendants refer to that report for its contents and deny any characterization inconsistent with it. Footnote 2 to Paragraph 43 states legal conclusions regarding the meaning of "homicide" as a manner of death, including under Government Code section 27502.2, to which no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny the remaining allegations of Paragraph 43.

44. Defendants admit that the SFDAO investigated the January 6, 2017 shooting during District Attorney Gascón's tenure, and that the SFDAO's IIB has investigated officer-involved shootings, in-custody deaths, and certain uses of force by law enforcement. Plaintiff's characterization of the thoroughness of the investigation is argument to which no response is required; to the extent a response is deemed required, Defendants deny it. Defendants deny the remaining allegations of Paragraph 44.

45. Defendants deny that the SFDAO made any final determination regarding the prosecution of Plaintiff during District Attorney Gascón's tenure. To the extent Paragraph 45 purports to characterize the draft declination report attached to the SAC as Exhibit 1, Defendants refer to that document for its contents and deny any characterization inconsistent with it. Defendants deny the remaining allegations of Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 46.

47. Paragraph 47 states legal conclusions regarding the reasonableness of Plaintiff's use of force and his right to self-defense, to which no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny that the SFDAO made any final determination regarding the prosecution of Plaintiff during District Attorney Gascón's tenure. To the extent Paragraph 47 purports to characterize the draft declination report attached to the SAC as Exhibit 1, Defendants refer to that document for its contents and deny any characterization inconsistent with it. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's subjective beliefs, and on that basis deny them. Defendants deny the remaining allegations of Paragraph 47.

48. Defendants admit that a draft declination report regarding the January 6, 2017 shooting was prepared, and that Exhibit 1 to the SAC purports to be a copy of that draft. Defendants deny that the report was finalized, and deny that the SFDAO made any final determination regarding the prosecution of Plaintiff during District Attorney Gascón's tenure. Defendants refer to Exhibit 1 for its contents and deny any characterization inconsistent with it. Defendants deny the remaining allegations of Paragraph 48.

49. Defendants deny that the draft declination report was finalized, and deny that it was presented to District Attorney Gascón for signature in December 2019. Defendants aver that District Attorney Gascón left office on October 18, 2019, and that he never signed the draft declination report. Defendants deny the remaining allegations of Paragraph 49.

50. Paragraph 50 states legal conclusions regarding the ethical obligations of the SFDAO and its attorneys, to which no response is required; to the extent a response is deemed required, Defendants deny them. To the extent Paragraph 50, including subparagraph (a), relates to the theory concerning the re-opening of previously declined cases, which the Court dismissed with prejudice, no response is required. Dkt. 69 at 25, 37–38. To the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations of Paragraph 50.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 51.

52. Defendants admit that Chesa Boudin took office as District Attorney in January 2020. The remainder of Paragraph 52 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the remaining allegations of Paragraph 52.

53. Paragraph 53 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 53.

54. Paragraph 54 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 54.

55. Paragraph 55 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57, and specifically deny that the SFDAO had any policy, custom, or practice of permitting attorneys with conflicts of interest to work on matters in which those conflicts existed.

58. Defendants deny the allegations of Paragraph 58, and specifically deny that the SFDAO had any policy, custom, or practice of permitting attorneys with conflicts of interest to work on matters in which those conflicts existed.

59. Defendants admit that District Attorney Boudin hired Defendant Gray, and that Defendant Gray later served as Managing Attorney of the IIB, in which capacity he supervised the unit. Defendants aver that, because of Defendant Gray's prior representation of Sean Moore, the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Plaintiff's characterizations of Defendant Gray's assignment as "highly improper" and as presenting an "obvious, profound conflict of interest" are argument to which no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny the remaining allegations of Paragraph 59.

60. Defendants admit that, before joining the SFDAO, Defendant Gray represented Sean Moore in *Moore v. City and County of San Francisco*, No. 3:18-cv-00634 (N.D. Cal.). To the extent Paragraph 60 purports to describe that action, Defendants refer to the docket and

filings in that action for their contents and deny any characterization inconsistent with them. Plaintiff's characterizations of the Burris firm's practice, and the remainder of Paragraph 60, are opinion and argument to which no response is required. To the extent a response is deemed required, Defendants deny them.

61. Paragraph 61 purports to describe Defendant Gray's role as counsel of record in *Moore v. City and County of San Francisco*, No. 3:18-cv-00634 (N.D. Cal.). Defendants refer to the docket and filings in that action for their contents and deny any characterization inconsistent with them.

62. Paragraph 62 states legal conclusions regarding what ethical rules required, together with Plaintiff's characterizations and argument, to which no response is required. To the extent a response is deemed required, Defendants deny them, including the allegation that applicable ethical requirements precluded Defendant Gray from managing the IIB. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny the remaining allegations of Paragraph 62.

63. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, deny that there was no effective ethical wall, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Plaintiff's characterizations, including that any conflict was "well known in the IIB," are argument to which no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny the remaining allegations of Paragraph 63.

64. Defendants deny that Defendant Gray was never walled off from the investigation of the Moore shooting, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray, and that ADAs Stephanie Lacambra and Dana Drusinsky were responsible for evaluating the Moore shooting. To the extent Paragraph 64 purports to characterize documents,

Defendants refer to those documents for their contents and deny any characterization inconsistent with them. Plaintiff's characterizations, including that "[i]t is clear" Defendant Gray was never effectively walled off, are argument to which no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny the remaining allegations of Paragraph 64.

65. Defendants admit that the City and County of San Francisco settled *Moore v. City and County of San Francisco*, No. 3:18-cv-00634 (N.D. Cal.), and refer to the settlement and the Board of Supervisors' approval of it for their terms. The allegations of Paragraph 65 regarding Defendant Gray's purported financial interest in that action and any fees paid to his former firm are speculation, and the remaining allegations are Plaintiff's characterizations, argument, and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny them, including that Defendant Gray had any bias against Plaintiff. Defendants deny the remaining allegations of Paragraph 65.

66. Defendants deny that any involvement by Defendant Gray in the investigation or prosecution of Plaintiff resulted from a failure by the SFDAO, District Attorney Boudin, or David Campos to institute or follow policies or procedures for screening attorneys with conflicts of interest. Defendants aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny that any policy, custom, or practice of the City or the SFDAO was the moving force behind any alleged deprivation of Plaintiff's constitutional rights, and deny that the City or the SFDAO acted with deliberate indifference to Plaintiff's rights. Plaintiff's characterization of Defendant Gray's "obvious and serious conflicts" is argument to which no response is required; to the extent a response is deemed required, Defendants deny it. Defendants deny the remaining allegations of Paragraph 66.

67. Paragraph 67 states legal conclusions regarding Defendant Gray's duties, to which no response is required. To the extent a response is deemed required, Defendants deny them. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to

charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny the remaining allegations of Paragraph 67.

68. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny that Defendant Gray hired ADAs Dana Drusinsky or Stephanie Lacambra, or investigator Andrew Koltuniak. To the extent Paragraph 68 relates to the alleged conflict of interest or bias of former defendant Andrew Koltuniak, which the Court dismissed with prejudice, no response is required. Dkt. 69 at 32, 37–38. To the extent Paragraph 68 alleges that Defendant Gray made personnel assignments to the matter, Defendants refer to the SFDAO's records for their contents and deny Plaintiff's characterization of them. Defendants deny the remaining allegations of Paragraph 68.

69. Paragraph 69 states legal conclusions and argument to which no response is required. To the extent Paragraph 69 relates to the alleged conflict of interest or bias of former defendant Andrew Koltuniak, which the Court dismissed with prejudice, no response is required. Dkt. 69 at 32, 37–38. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 69. Defendants deny that any policy, custom, or practice of the City or the SFDAO was the moving force behind any alleged deprivation of Plaintiff's constitutional rights, and deny that the City or the SFDAO acted with deliberate indifference to Plaintiff's rights.

70. Paragraph 70 states legal conclusions and argument to which no response is required. To the extent Paragraph 70 relates to the alleged conflict of interest or bias of former defendant Andrew Koltuniak, which the Court dismissed with prejudice, no response is required. Dkt. 69 at 32, 37–38. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 70. Defendants deny that any policy, custom, or practice of the City or the SFDAO was the moving force behind any alleged deprivation of Plaintiff's constitutional rights, and deny that the City or the SFDAO acted with deliberate indifference to Plaintiff's rights.

71. Paragraph 71 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 71. Defendants further deny that the draft declination report was finalized.

72. Paragraph 72 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 72.

73. Paragraph 73 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 73. To the extent Paragraph 73 purports to characterize a memorandum prepared by former ADA Aaron Zisser, Defendants refer to that memorandum for its contents and deny any characterization inconsistent with it.

74. Paragraph 74 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 74.

75. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. To the extent Paragraph 75 alleges that Defendant Gray made personnel assignments to the matter, Defendants refer to the SFDAO's records for their contents and deny Plaintiff's characterization of them. Defendants deny the remaining allegations of Paragraph 75.

76. Paragraph 76 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to

amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 76.

77. Paragraph 77 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 77.

78. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. To the extent Paragraph 78 alleges that Defendant Gray made personnel assignments to the matter, Defendants refer to the SFDAO's records for their contents and deny Plaintiff's characterization of them. Defendants deny the remaining allegations of Paragraph 78.

79. Paragraph 79 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the investigation preceding the prosecution and the process leading to the issuance of the arrest warrant. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 79.

80. Paragraph 80 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the investigation preceding the prosecution and the process leading to the issuance of the arrest warrant. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 80.

81. Paragraph 81 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the investigation preceding the prosecution and the process leading to the issuance of the arrest warrant. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 81.

82. Paragraph 82 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the investigation preceding the prosecution and the process leading to the issuance of the arrest warrant. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 82.

83. Paragraph 83 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the investigation preceding the prosecution and the process leading to the issuance of the arrest warrant. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 83.

84. Paragraph 84 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the investigation preceding the prosecution and the process leading to the issuance of the arrest warrant. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 84.

85. Paragraph 85 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the presentation to the grand jury. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 85.

86. Paragraph 86 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the presentation to the grand jury. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 86.

87. Paragraph 87 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 87.

88. Paragraph 88 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 88.

89. Paragraph 89 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 89.

90. Paragraph 90 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 90.

91. Paragraph 91 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 91.

92. Paragraph 92 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 92.

93. Paragraph 93 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is

therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 93.

94. To the extent Paragraph 94 relates to theories of liability that the Court dismissed with prejudice, including theories based on the investigation preceding the prosecution, the re-opening of previously declined cases, and the alleged conflict of interest or bias of former defendant Andrew Koltuniak, no response is required. Dkt. 69 at 25, 32, 37–38. To the extent a response is deemed required, Defendants deny those allegations. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny the remaining allegations of Paragraph 94.

95. Paragraph 95 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the arrest warrant and the process leading to its issuance. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 95.

96. Paragraph 96 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on Plaintiff's arrest and the conduct of the prosecution by ADA Rebecca Young. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 96.

97. Defendants admit that Chesa Boudin was removed from office as District Attorney by recall election, and that Brooke Jenkins became District Attorney on July 8, 2022. Defendants deny that Brooke Jenkins assumed the role of District Attorney on January 8, 2023. Defendants deny the remaining allegations of Paragraph 97.

98. To the extent Paragraph 98 relates to the theories concerning the re-opening of previously declined cases and the presentation to the grand jury, which the Court dismissed with prejudice, no response is required. Dkt. 69 at 25, 37–38. To the extent a response is deemed required, Defendants deny those allegations. Defendants deny Plaintiff's

characterization of any findings by ADA Darby Williams. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny the remaining allegations of Paragraph 98.

99. Paragraph 99 purports to quote and characterize the August 19, 2022 email attached to the SAC as Exhibit 2. Defendants refer to that document for its contents and deny any characterization inconsistent with it. Defendants deny the remaining allegations of Paragraph 99.

100. Paragraph 100 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 100.

101. Defendants admit that on June 30, 2023, the SFDAO filed a motion to dismiss the criminal charges against Plaintiff, a copy of which is attached to the SAC as Exhibit 3. Defendants refer to that document for its contents and deny any characterization inconsistent with it. Defendants deny the remaining allegations of Paragraph 101.

102. Paragraph 102 purports to quote and characterize the SFDAO's June 30, 2023 motion to dismiss attached to the SAC as Exhibit 3. Defendants refer to that document for its contents and deny any characterization inconsistent with it. Defendants deny the remaining allegations of Paragraph 102.

103. Paragraph 103 purports to quote and characterize the SFDAO's June 30, 2023 motion to dismiss attached to the SAC as Exhibit 3. Defendants refer to that document for its contents and deny any characterization inconsistent with it. Defendants deny the remaining allegations of Paragraph 103.

104. Paragraph 104 purports to quote and characterize the SFDAO's June 30, 2023 motion to dismiss attached to the SAC as Exhibit 3. Defendants refer to that document for its contents and deny any characterization inconsistent with it. Defendants deny that Defendant

Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny the remaining allegations of Paragraph 104.

105. Paragraph 105 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the presentation to the grand jury. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 105.

106. Paragraph 106 purports to quote and characterize the SFDAO's June 30, 2023 motion to dismiss attached to the SAC as Exhibit 3. Defendants refer to that document for its contents and deny any characterization inconsistent with it. Defendants deny the remaining allegations of Paragraph 106.

107. Paragraph 107 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 107.

108. Defendants admit that on July 18, 2023, the Superior Court granted the SFDAO's motion to dismiss all charges against Plaintiff.

109. To the extent Paragraph 109 relates to the alleged conflict of interest or bias of former defendant Andrew Koltuniak, which the Court dismissed with prejudice, no response is required. Dkt. 69 at 32, 37–38. To the extent a response is deemed required, Defendants deny those allegations. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny the remaining allegations of Paragraph 109.

110. Paragraph 110 relates solely to the theory of liability concerning the re-opening of previously declined cases, which the Court dismissed with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 110.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

111. Defendants admit that Plaintiff submitted a claim to the City pursuant to Government Code section 910, and refer to that claim for its contents, including its date. Defendants deny the remaining allegations of Paragraph 111.

112. Defendants admit that on February 7, 2024, the City sent a letter to Plaintiff's counsel denying Plaintiff's claim, and refer to that letter for its contents. Defendants deny the remaining allegations of Paragraph 112.

113. Paragraph 113 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 113.

## FIRST CLAIM FOR RELIEF

### (Monell – Re-Evaluation of Declined Cases — Dismissed With Prejudice, Dkt. 69)

114. Defendants incorporate by reference their responses to Paragraphs 1 through 113, as if fully set forth herein.

115. Paragraph 115 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 115.

116. Paragraph 116 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 116.

117. Paragraph 117 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 117.

118. Paragraph 118 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No

response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 118.

119. Paragraph 119 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 119.

120. Paragraph 120 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 120.

121. Paragraph 121 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 121.

122. Paragraph 122 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 122.

123. Paragraph 123 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 123.

124. Paragraph 124 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 124.

125. Paragraph 125 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No

response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 125.

126. Paragraph 126 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 126.

127. Paragraph 127 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 127.

128. Paragraph 128 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 128.

129. Paragraph 129 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 129.

130. Paragraph 130 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 130.

131. Paragraph 131 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 131.

132. Paragraph 132 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No

response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 132.

133. Paragraph 133 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 133.

134. Paragraph 134 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 134.

135. Paragraph 135 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 135.

136. Paragraph 136 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 136.

137. Paragraph 137 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 137.

138. Paragraph 138 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 138.

139. Paragraph 139 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No

response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 139.

140. Paragraph 140 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 140.

141. Paragraph 141 relates solely to the First Claim for Relief, which the Court dismissed in its entirety with prejudice and without leave to amend. Dkt. 69 at 25, 37. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 141.

Plaintiff's unnumbered "WHEREFORE" paragraph following Paragraph 141 requires no response. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any relief.

**SECOND CLAIM FOR RELIEF**

**(Monell – Conflicts of Interest and/or Improper Bias)**

142. Defendants incorporate by reference their responses to Paragraphs 1 through 141, as if fully set forth herein.

143. Defendants admit that Plaintiff sues Defendants Boudin and Gray in their official capacities only. To the extent Paragraph 143 concerns Dana Drusinsky and Stephanie Lacambra, who have been dismissed from this action, no response is required. Dkt. 69 at 38. To the extent a response is deemed required, Defendants deny those allegations. Defendants deny the remaining allegations of Paragraph 143, including that any conduct alleged in the SAC was performed pursuant to a policy, custom, or practice of the City or the SFDAO that caused any deprivation of Plaintiff's rights.

144. Paragraph 144 states legal conclusions regarding final policymaking authority, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 144.

145. Paragraph 145 states legal conclusions regarding final policymaking authority, to which no response is required. To the extent a response is deemed required, Defendants deny them. Defendants admit that Defendant Gray served as Managing Attorney of the IIB, and deny that Defendant Gray had final policymaking authority for the SFDAO, including with respect to conflicts of interest or ethical screening. Defendants deny the remaining allegations of Paragraph 145.

146. Paragraph 146 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that, at all relevant times, Defendants Boudin and Gray acted under color of state law. Defendants deny the remaining allegations of Paragraph 146, including that any Defendant engaged in wrongful conduct.

147. Paragraph 147 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 147.

148. Paragraph 148 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 148.

149. Paragraph 149 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 149.

150. To the extent Paragraph 150 states legal conclusions, no response is required; to the extent a response is deemed required, Defendants deny them. Defendants admit that District Attorney Boudin hired Defendant Gray, that Defendant Gray served as Managing Attorney of the IIB, and that the IIB investigated the shooting of Sean Moore. Defendants deny that the SFDAO's policies regarding ethical screening were deficient. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny the remaining allegations of Paragraph 150.

151. To the extent Paragraph 151 states legal conclusions, no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver

that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny that any policy, custom, or practice of the City or the SFDAO was the moving force behind any alleged deprivation of Plaintiff's constitutional rights, and deny that the City or the SFDAO acted with deliberate indifference to Plaintiff's rights. Defendants deny the remaining allegations of Paragraph 151.

152. To the extent Paragraph 152 relates to the alleged conflict of interest or bias of former defendant Andrew Koltuniak, which the Court dismissed with prejudice, no response is required. Dkt. 69 at 32, 37–38. To the extent a response is deemed required, Defendants deny those allegations. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. To the extent Paragraph 152 alleges communications by or direction from Defendant Gray regarding the matter, Defendants refer to the SFDAO's records for their contents and deny Plaintiff's characterization of them. Defendants deny the remaining allegations of Paragraph 152.

153. Paragraph 153 concerns former defendants Dana Drusinsky and Stephanie Lacambra, who have been dismissed from this action. Dkt. 69 at 38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 153.

154. To the extent Paragraph 154 states legal conclusions, no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny that Defendant Gray was not screened from the investigation and prosecution of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny that Defendant Gray was biased against Plaintiff or exerted any biased influence on the SFDAO's handling of the matter. Defendants deny that any policy, custom, or practice of the City or the SFDAO was the moving force behind any alleged deprivation of Plaintiff's constitutional rights, and deny that

the City or the SFDAO acted with deliberate indifference to Plaintiff's rights. Defendants deny the remaining allegations of Paragraph 154.

155. Paragraph 155 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 155.

156. Paragraph 156 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 156.

157. Paragraph 157 relates solely to theories of liability that the Court dismissed with prejudice and without leave to amend, including theories based on the alleged conflict of interest or bias of former defendant Andrew Koltuniak. Dkt. 69 at 37–38. No response is therefore required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 157.

158. Paragraph 158 states legal conclusions and argument to which no response is required. To the extent Paragraph 158 relates to the alleged conflict of interest or bias of former defendant Andrew Koltuniak, which the Court dismissed with prejudice, no response is required. Dkt. 69 at 32, 37–38. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 158. Defendants deny that any policy, custom, or practice of the City or the SFDAO was the moving force behind any alleged deprivation of Plaintiff's constitutional rights, and deny that the City or the SFDAO acted with deliberate indifference to Plaintiff's rights.

159. To the extent Paragraph 159 states legal conclusions regarding causation, no response is required; to the extent a response is deemed required, Defendants deny them. Defendants deny that Defendant Gray was not screened from the investigation and prosecution

of Plaintiff, and aver that the evaluation of the Moore shooting and the decision to charge Plaintiff were made by attorneys acting subject to a screen of Defendant Gray. Defendants deny that any policy, custom, or practice of the City or the SFDAO was the moving force behind any alleged deprivation of Plaintiff's constitutional rights, and deny that the City or the SFDAO acted with deliberate indifference to Plaintiff's rights. Defendants deny the remaining allegations of Paragraph 159.

160. Paragraph 160 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 160. Defendants deny that any policy, custom, or practice of the City or the SFDAO was the moving force behind any alleged deprivation of Plaintiff's constitutional rights, and deny that the City or the SFDAO acted with deliberate indifference to Plaintiff's rights.

161. Defendants deny the allegations of Paragraph 161, and deny that Plaintiff has been damaged in any amount or is entitled to any relief.

162. Paragraph 162 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 162.

Plaintiff's unnumbered "WHEREFORE" paragraph following Paragraph 162 requires no response. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any relief.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the SAC's Prayer, including Paragraphs 1 through 6 and the request for exemplary and punitive damages. Punitive damages are not recoverable against the City, the SFDAO, or Defendants Boudin and Gray, who are sued only in their official capacities. Nor does the SAC assert any claim under California law that could support relief under California Civil Code sections 51.7, 52, 52.1, or 3294, or California Code of Civil Procedure section 1021.5.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, Defendants assert the following affirmative defenses. Defendants reserve the right to amend this Answer to assert additional defenses as discovery proceeds.

### FIRST AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

Any injury to Plaintiff was caused by intervening and superseding causes, including the independent evaluation of the Moore shooting and the independent decision to charge Plaintiff by attorneys acting subject to a screen of Defendant Gray, and the independent judgment of the Superior Court in issuing the warrant for Plaintiff's arrest, which break any causal chain between the conduct alleged in the SAC and Plaintiff's alleged injuries.

### SECOND AFFIRMATIVE DEFENSE

### (No Causation)

No act or omission of Defendants, and no policy, custom, or practice of the City or the SFDAO was the cause of any deprivation of Plaintiff's rights or any injury Plaintiff claims.

### THIRD AFFIRMATIVE DEFENSE

### (Probable Cause)

The prosecution of Plaintiff was supported by probable cause, including as found by the Superior Court in issuing the warrant for Plaintiff's arrest, which bars Plaintiff's claim for malicious prosecution.

### FOURTH AFFIRMATIVE DEFENSE

### (No Constitutional Injury)

Plaintiff was not deprived of any right secured by the Constitution or laws of the United States.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Municipal Policy, Custom, or Practice)**

Any injury to Plaintiff was not caused by an official policy, a longstanding custom or practice, or a decision of a final policymaker of the City or the SFDAO. Neither the City nor the SFDAO may be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Deliberate Indifference)**

Neither the City nor the SFDAO acted with deliberate indifference to Plaintiff's constitutional rights. Allegations of negligence, including the SAC's allegation that the SFDAO "negligently allowed" the involvement of Defendant Gray (SAC ¶ 70), cannot establish municipal liability under 42 U.S.C. § 1983.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

Plaintiff has not suffered any compensable damages caused by Defendants. Punitive damages are not recoverable against the City, the SFDAO, or Defendants Boudin and Gray, who are sued only in their official capacities.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Eleventh Amendment and Prosecutorial Immunity)**

To the extent the surviving claim is based on conduct undertaken in the District Attorney's prosecutorial capacity, including decisions whether to investigate or charge Plaintiff, Defendants are immune from liability, including under the Eleventh Amendment and the doctrine of absolute prosecutorial immunity.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the SAC;
2. That judgment be entered in favor of Defendants;
3. For costs of suit and, to the extent permitted by law, attorneys' fees; and
4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

Dated: October 30, 2026

MOTLEY RICE LLP

By: */s/ Erin Bernstein*
ERIN BERNSTEIN

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, CHESA BOUDIN, and LATEEF GRAY