ERIN BERNSTEIN (SBN 231539)
ebernstein@motleyrice.com
MOTLEY RICE LLP
1212 Broadway, Suite 1100
Oakland, CA 94612
Telephone: (510) 410-5881

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE,
CHESA BOUDIN, and LATEEF GRAY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

KENNETH CHA,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

**Case No. 3:24-cv-04700-PHK**

**FURTHER JOINT CASE MANAGEMENT STATEMENT**

Judge: Hon. Peter H. Kang
Date: December 3, 2026
Time: 1:30 p.m.
Place: Courtroom F, 15th Floor

Plaintiff Kenneth Cha and Defendants City and County of San Francisco ("the City"), the San Francisco District Attorney's Office ("SFDAO"), Chesa Boudin, and Lateef Gray (together, "the Parties") submit this Further Joint Case Management Statement under Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, Section VI of the Court's Standing Order for Civil Cases, and the Court's September 30, 2026 Order (Dkt. 69).

**1. Jurisdiction and Service**

The only remaining claim arises under 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. No party contests personal jurisdiction or venue. All remaining Defendants have appeared, and have answered the operative Second Amended Complaint ("SAC") on October 30, 2026 (Dkt. 70).

**2. Facts**

The Court's September 30, 2026 Order (Dkt. 69) granted in part Defendants' motion to dismiss the SAC. The Order dismissed with prejudice the First Cause of Action and every theory

built on the arrest warrant, the investigation, the grand jury presentation, ADA Young's conduct of the prosecution, and the alleged bias of former Defendant Koltuniak. It dismissed Defendants Drusinsky, Lacambra, and Koltuniak. (Dkt. 69 at 37–38.)

Only one claim remains: the portion of the Second Cause of Action alleging that SFDAO failed to enforce a conflict-of-interest policy as to Gray, who previously represented Sean Moore in a civil action against Plaintiff, and that this failure caused Plaintiff's prosecution. The remaining Defendants are the City, SFDAO, and Boudin and Gray in their official capacities only. (*Id.* at 38.)

**Plaintiff's Statement:** The underlying matter was an officer-involved shooting that occurred on January 6, 2017. Plaintiff Kenneth Cha is a former San Francisco Police Department ("SFPD") officer who responded to a call for assistance and attempted to enforce a restraining order against Sean Moore. During the altercation between the officers and Moore, after Moore had broken Ofc. Patino's nose and was advancing on Cha, Ofc. Cha shot and injured Moore, Moore died over three years after the incident, possibly due in part to complications from the shooting.

Based on the facts known to the SFDAO, a criminal prosecution of Ofc. Cha regarding the Moore shooting was unjustified, for several reasons. First, just prior to the shooting, Moore (a 6'4", 275-pound Moore individual) had repeatedly acted violently toward the officers, and had not been deterred by lesser uses of force such as pepper spray or batons. Moore had kicked at Ofc. Cha, and later had struck Cha's partner, breaking his nose and shoving him backwards. Despite Cha brandishing his firearm, Mr. Moore continued to advance on Cha. In firing on Moore, Cha had a colorable claim of self-defense as justification for the shooting, as he reasonably believed he would suffer great bodily injury if he faced Moore in hand to hand combat. Further, causation of Moore's death was questionable because of the three-year passage of time and other potential causes of death. A reasonable DA would decline to press charges against Cha, as such a prosecution lacked probable cause and was unlikely to prevail at trial. Under DA George Gascon, the shooting was investigated, and no charges were filed against Ofc. Cha. The final draft of the declination report concluded that concluded there was no lawful basis to prosecute Officers Kenneth Cha or Colin Patino, and that the facts supported a finding of self-defense..

Lateef Gray represented Sean Moore's Estate in their civil action against the City and County of San Francisco related to his injuries from the shooting. After DA Chesa Boudin took over in January 2020, the DA's office hired Lateef Gray as the Managing Attorney for the Independent Investigation Bureau (IIB), the division that was in charge of the Sean Moore OIS investigation. DA Boudin allowed Gray to manage Cha's case, even though Gray had a conflict of interest due to his representation of Moore's family in their civil action and appeared to still be acting as their legal representative at the same time he began working in the IIB Unit. Gray managed multiple cases, including Cha's, and it appears that he was not properly screened off from involvement in the Moore OIS investigation in violation of ethics rules and due to improper policies, in order to conduct an improper biased investigation and prosecution.

The Cha/Moore matter had been handled by SFDAO investigators who reasonably concluded that no prosecution was viable. After Boudin hired Lateef Gray, Gray fired those SFDAO investigators who objected to Cha's prosecution and/or who included all exculpatory facts in their reports (such as facts on the issue of self defense). Gray then hired individuals as investigators who would investigate and prosecute Cha without regard for case viability or the lack of probable cause. Gray persisted despite no new evidence supporting the reversal of the prior DA office's conclusion to decline prosecution of the case. Gray's influence on the case ultimately caused an arrest warrant to be issued against Cha, despite a lack of probable cause. Cha was arrested on November 2, 2021 on charges related to the shooting.

Later, after DA Boudin was no longer the DA, the criminal case was dismissed by the new DA, Brooke Jenkins. The new IIB Director, Darby Williams, determined that the SFDAO had failed to enforce SFDAO rules regarding conflicts of interest, specifically with Lateef Gray's involvement. After a review of the materials and the file, DA Jenkins concluded there had been improper investigations and prosecutions, including that the prior DA had improperly allowed the involvement of Lateef Gray. DA Jenkins affirmed that Gray's involvement and supervisory activities constituted a clear conflict of interest and an ethical breach that was permitted by DA's Office policies. For those reasons, DA Jenkins moved to dismiss the case against Cha, which was dismissed on July 18, 2023. The conclusions of Williams and DA Jenkins affirm the conclusions

in plaintiff's Second Amended Complaint regarding the SFDAO's prosecutorial misconduct and particularly the improper involvement of Lateef Gray.

Plaintiff believes there will be sworn testimony by witnesses to each of these facts based on documents and testimony that have already been given in other matters.

**Defendants' Statement:** Most of Plaintiff's statement concerns theories the Court dismissed with prejudice: the decision to reopen a declined case, the investigation, the investigators assigned to it, the grand jury, and the arrest warrant. (Dkt. 69 at 25, 37–38.) Defendants dispute much of Plaintiff's account, and respond here only where it bears on the remaining claim.

*The shooting.* On January 6, 2017, Plaintiff and Officer Colin Patino went to Sean Moore's residence to enforce a temporary restraining order. Body-worn camera video recorded the encounter, and that video speaks for itself. Moore survived the shooting. He died at San Quentin State Prison on January 20, 2020.

*Draft declination report.* SFDAO made no final charging decision under District Attorney Gascón. Though that administration prepared a draft declination report, that report was never finalized. Gascón left office on October 18, 2019, and never signed it.

*Ethics Screen.* District Attorney Boudin took office in January 2020. He hired Gray, who later served as Managing Attorney of the Independent Investigation Bureau ("IIB"). Before joining SFDAO, Gray represented Moore in *Moore v. City and County of San Francisco*, No. 3:18-cv-00634 (N.D. Cal.). Because of that representation, SFDAO screened Gray from the Cha matter. ADAs Stephanie Lacambra and Dana Drusinsky evaluated the Moore shooting. Attorneys working under the screen made the decision to charge Plaintiff. Gray did not hire Lacambra, Drusinsky, or investigator Andrew Koltuniak. SFDAO had no policy, custom, or practice of letting attorneys work on matters in which they had a conflict

*Probable Cause.* On October 29, 2021, a Superior Court judge found probable cause and issued the arrest warrant.

*Dismissal of Charges.* Voters recalled Boudin, and Brooke Jenkins became District Attorney on July 8, 2022. SFDAO moved to dismiss the charges on June 30, 2023, and the Superior Court granted the motion on July 18, 2023. The motion was a charging decision by a new

administration, and neither a finding nor a party admission that Gray was unscreened. It does not show that any SFDAO policy caused Plaintiff's prosecution. Defendants dispute Plaintiff's characterization of the motion and of any findings attributed to Darby Williams.

**3. Disputed Legal Issues**

**Plaintiff's Contentions:** Plaintiff contends that the facts and testimony will show all the elements of a *Monell* claim against the SFDAO, as follows:

- Defendant Gray had a conflict of interest with regard to the case of Plaintiff Cha's shooting of Sean Moore. Defendant Lateef Gray was counsel of record for Mr. Moore in a civil action against Plaintiff related to the shooting, both before and after joining the SFDAO. The SFDAO permitted Gray to work on the Cha matter, despite Gray's prior work adverse to plaintiff. This conduct was in violation of basic ethical rules for attorneys. (California State Bar Rules 1.7 and 1.9)
- SFDAO, through its senior officers including District Attorney Chesa Boudin, instituted a policy at SFDAO permitting an attorney, Lateef Gray, to supervise the Cha/Moore matter, despite Gray's clear conflict of interest as to the Cha matter. Further, SFDAO failed to take remedial steps, including failing to investigate the conflict of interest and/or failing to discipline employees for causing or permitting the conflict of interest. Further, Boudin ratified the conduct of Gray and other SFDAO employees who participated in the breach of conflict-of-interest rules, by knowingly approving of this conduct.
- The municipal policy (SFDAO's permitting Gray to work on the Cha matter, in violation of conflict-of-interest rules), was the moving force behind the constitutional violation. Conflicts of interest are barred in part because the conflicted attorney is likely to show bias in their conduct. Here, Defendant Lateef Gray oversaw personnel assignment and strategy in the Cha matter, with virtually daily involvement. Gray fired SFDAO personnel who resisted Cha's prosecution, and hired personnel who facilitated the prosecution. It is more likely than not that,

without Gray's presence as an IIB case manager biased against Cha, the prosecution would not have gone forward.

- SFDAO's permission for Gray to work on the Cha matter, in violation of State Bar conflict-of-interest rules, constituted SFDAO's policy because this was the deliberate act of District Attorney Boudin, who was the final policy-maker for the SFDAO, and because Boudin instituted a policy at SFDAO to permit Gray to work on the Cha matter.

The SFDAO, through Boudin and Gray, acted with malice, that is, these defendants instituted proceedings against Cha for an improper purpose. The SFDAO knew that the case lacked probable cause because of Cha's viable self-defense claim. Gray had a potential financial interest in the monetary settlement of Mr. Moore's civil action, and had a personal professional interest in helping his former law firm.

**Defendants' Contentions:** The principal disputed issues are:

- Whether SFDAO had a conflict-of-interest policy, and whether it screened Gray from the Cha matter under that policy.
- Whether any lapse in applying that policy to Gray reflects a municipal policy, custom, or practice, as opposed to an individual departure from it. Even if a screen was imperfectly applied, *Monell* liability does not attach where no policy or practice caused the lapse.
- Whether Gray's alleged involvement caused Plaintiff's prosecution, given the independent evaluation and charging decision by other SFDAO attorneys and the judicial finding of probable cause.
- Whether Plaintiff can establish the remaining elements of malicious prosecution, including lack of probable cause and malice.
- The nature and amount of any recoverable damages.

## 4. Motions

The Court has decided motions to dismiss the FAC (Dkt. 53) and the SAC (Dkt. 69). No motions are pending.

**Defendants:** Defendants intend to move for summary judgment on Monell, causation, and harm after targeted discovery on Gray's role and the screen. Defendants may request leave to file

that early motion and, if needed, a second summary judgment motion by the dispositive motion deadline.

**Plaintiff:** Plaintiff has no specific motions considered at this time beyond motions in limine, however, due to the nature of these claims, plaintiff believes it is possible that he may need to file discovery-related disputes consistent with the Court's standing order. Plaintiff will work to resolve any discovery disagreements informally.

**5. Amendment of Pleadings**

**Defendants:** Plaintiff has amended twice. The Court dismissed the remaining theories without leave to amend.

**Plaintiff:** Plaintiff does not anticipate any further amendment of the pleadings.

**6. Evidence Preservation**

The Parties are aware of their preservation obligations and have taken steps to preserve relevant evidence. The Court's Stipulated Order re Discovery of ESI (Dkt. 39) governs.

**7. Disclosures**

Initial disclosures were exchanged on or about June 8, 2025. The Parties will supplement their disclosures under Rule 26(e) to reflect the claim that remains after Dkt. 69.

**8. Discovery**

The Court's Stipulated Protective Order (Dkt. 40) and ESI Order (Dkt. 39) are in place. Plaintiff's served initial discovery requests on May 14, 2025, including Interrogatories, Requests for Production. Defendant provided responses on June 30, 2025. Plaintiff served Requests for Production (Set Two) on September 29, 2025, which were paused until the Motion to Dismiss the Second Amended Complaint was heard and determined. The Parties are currently meeting and conferring regarding discovery, including as to whether the discovery issued prior to this Court's most recent ruling should be re-issued in light on the narrow scope of the case.  The Parties will raise any discovery disputes under the Court's Standing Order for Discovery in Civil Cases.

**Defendants:** Dkt. 69 narrowed this case to a single theory: whether SFDAO failed to screen Gray from the Cha matter under its conflict-of-interest policy, and whether that failure caused Plaintiff's prosecution. Discovery should track that theory. It covers Gray's role in the Cha

matter, the screen and its timing, SFDAO's conflicts policy and how it applied to Gray, causation, and Plaintiff's damages. It does not cover the theories the Court dismissed with prejudice, including the investigation generally, the arrest warrant, the grand jury, and the conduct of the prosecution. Defendants have asked Plaintiff to withdraw any outstanding requests and re-issue discovery directed to the remaining claim. Defendants see no basis to depart from the default limits of the Federal Rules, including ten depositions per side.

**Plaintiff:** Plaintiff intends to take depositions of various fact witnesses and to propound written discovery related to the factual support for plaintiff's claims, and to support the allegations in the Second Amended Complaint. Topics of discovery and deposition testimony will include, inter alia:

- Identities, roles, and activities of all SFDAO personnel involved with the Cha/Moore matter in any way
- SFDAO's investigation and evaluation of the Cha/Moore matter under the administration of DA George Gascon, including any analysis or investigation and any draft declination letters
- SFDAO's conflict of interest rules and enforcement system, including all procedures to (1) identify conflicts, and (2) "walling off" conflicted attorneys, and (3) monitoring whether attorneys are properly and continuous walled off from conflicted issues
- Facts regarding Chesa Boudin's bias and/or potential motivations related to the Cha/Moore matter and to OIS cases generally
- Facts regarding Lateef Gray's bias and/or potential motivations related to the Cha/Moore matter and to OIS cases generally
- Facts regarding Lateef Gray's retention by the Sean Moore family
- Facts regarding Lateef Gray's employment by SFDAO
- All persons with knowledge of Lateef Gray's contact with the Cha/Moore matter
- All communications reflecting Lateef Gray's contact with the Cha/Moore matter
- Lateef Gray's directives and/or advice, re the Cha/Moore matter, to any SFDAO personnel who worked on Cha/Moore matter

- Lateef Gray's hiring and/or firing (or influence on the hiring or firing) of any SFDAO personnel, who worked on Cha/Moore matter
- Any investigation by SFDAO related to Lateef Gray's contact with the Cha/Moore matter, and/or, attempts to monitor and/or enforce conflict of interest separation
- Conduct (including investigations, work on a grand jury, and drafting an arrest warrant) by SFDAO personnel on the Cha/Moore matter, who had communicated with Gray regarding the Cha/Moore matter
- SFDAO's evaluations of the Cha/Moore matter during the administration of DA Brooke Jenkins, including investigations and reports by IIB Director, Darby Williams
- SFDAO's decision to dismiss charges against Cha in the Cha/Moore matter

Plaintiff has propounded written discovery covering many of the above topics. This discovery is subject to a dispute with SFDAO.

Plaintiffs assert that Defendant SFDAO misstates the scope of necessary discovery and improperly attempts to limit the scope of discovery. Discovery is broader than the relevant standard for admissibility of evidence. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." (FRCP 26(b)(1))

Plaintiff resists defendant SFDAO's attempt to severely limit the scope of discovery. Lateef Grey's review of the case, participation in the investigation and charging decisions, as well as, the improper termination and re-assignment of staff in order to get the result he sought to promote the charging and arrest decisions, so as to benefit civil settlement discussions and his own professional and personal benefit, is the exact reason these topics are necessary for discovery.

Plaintiff asserts that giving Gray permission to supervise the Cha/Moore matter led to a whole series of consequences for the Cha case, none of which would have occurred without his influence and directives. This includes the investigation, the grand jury empaneling, and the arrest warrant. These events are relevant to the causation of constitutional injury to Cha. While these actions by SFDAO are not independently actionable as causes of action in and of themselves

(pursuant to this Court's rulings on the Motions to Dismiss), each of these events had an effect on the SFDAO's decision to prosecute Cha, and all are relevant and discoverable.

Plaintiff agrees that the limit of 10 depositions per side will be adequate, but reserves the right to request further depositions if necessary.

**Generative AI.** The Parties have met and conferred under Section VI of the Court's Standing Order. They have not identified any generative AI-related issues in this case and will raise any that arise.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

The Parties do not contend that it is a related case under Civil Local Rule 3-12.

**11. Relief**

**Plaintiff:** Plaintiff seeks monetary damages for the violations of his Constitutional rights as alleged in the Complaint, in an amount to be determined. Plaintiff suffered damages as a result of the constitutional violation, including: Loss of personal freedom; Payments necessary for bond and expenses of defense, including attorneys' fees; Pain and suffering, both physical and emotional; and Loss of reputation in the community of the City and County of San Francisco, California, and in the State of California generally. Plaintiff will provide evidence of the amounts of damages in response to discovery. As to noneconomic damages, plaintiff will provide reasonable estimates of the value of such damages.

Plaintiff agrees that punitive damages are not available against current defendants.

Plaintiff agrees that treble damage requests under California law are not applicable

**Defendants:** Defendants deny that Plaintiff is entitled to any relief. The remaining Defendants are sued only in their official capacities. Punitive damages are not available against a municipality under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The SAC's prayer for statutory and treble damages under California Civil Code § 52 and fees under Code of Civil Procedure § 1021.5 has no surviving state-law claim to rest on.

**12. Settlement and ADR**

The Parties filed ADR certifications (Dkts. 22, 23) and participated in an ADR phone conference with Jill Kopeikin on April 21, 2025 (Dkt. 32). The Parties have not engaged in settlement discussions. The Parties are meeting and conferring regarding either court-sponsored or private mediation.

**13. Other References**

All Parties have consented to magistrate judge jurisdiction (Dkts. 6, 14). The case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

**Defendants:** Defendants propose the following to narrow the case:

- Plaintiff should withdraw the SAC's prayer for punitive damages, which is unavailable against the remaining official-capacity Defendants.
- Plaintiff should withdraw the SAC's prayer for state-law remedies, which have no surviving claim.
- The official-capacity claims against Boudin and Gray duplicate the claim against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

**Plaintiff:** Plaintiff agrees that punitive damages and State-law remedies are not available in this case. Plaintiff agrees that the official capacity claims against Boudin and Gray are duplicative of the claims against SFDAO. Plaintiff is meeting and conferring with defendants to determine whether these issues may be resolved via stipulation.

**15. Scheduling**

The Court's October 2, 2026 order vacated all trial-related deadlines. The Parties discussed a trial date in 2028. [Defendants' proposal below; Plaintiff to confirm or propose alternatives.]

| Event | Defendants' Proposal | Plaintiff's Proposal |
|---|---|---|
| Supplemental initial disclosures | January 15, 2027 | January 15, 2027 |
| Last day to seek leave to amend pleadings | January 15, 2027 | January 15, 2027 |
| Early summary judgment motion | Filed by May 20, 2027 | Filed by May 20, 2027 |

| Event | Defendants' Proposal | Plaintiff's Proposal |
|---|---|---|
| Mediation completed | June 30, 2027 | June 30, 2027 |
| Close of fact discovery | October 29, 2027 | February 25, 2028 |
| Opening expert disclosures | December 3, 2027 | March 24, 2028 |
| Rebuttal expert disclosures | January 14, 2028 | April 28, 2028 |
| Close of expert discovery | February 11, 2028 | May 26, 2028 |
| Last day to file dispositive motions | February 24, 2028 | June 8, 2028 |
| Last day to hear dispositive motions | March 30, 2028, 1:30 p.m. | August 17, 2028, 1:30 p.m. |
| Pretrial conference | May 10, 2028, 1:30 p.m. | October 19, 2028, 1:30 p.m. |
| Trial | June 5, 2028 | November 6, 2028 |

**16. Trial**

Plaintiff has demanded a jury. Defendants estimate trial will take 5-7 court days. Plaintiff estimates 7-10 court days.

**17. Disclosure of Non-party Interested Entities or Persons**

**Plaintiff:** Plaintiff Kenneth Cha is not aware of any conflict, financial or otherwise, that the presiding judge for this case has with the parties to this litigation. Plaintiff is not aware of any person or entity that has a financial interest in a party or the subject matter of the case or has any other kind of interest that could substantially affect the outcome of the proceedings.

**Defendants:** The City and SFDAO are governmental entities not subject to Civil Local Rule 3-15. Boudin and Gray are not aware of any person or entity with a financial interest in the subject matter of this case or any conflict with the presiding judge.

**18. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

**Development of less experienced lawyers.**

**Defendants:** Motley Rice LLP has more than 25 lawyers. Under Section VI of the Court's Standing Order, Defendants are working to identify junior attorneys to staff on this matter. Defendants plan for less-experienced attorneys to participate in Court conferences, take or defend depositions, and potentially examine witnesses at trial. Defendants do not intend to have a less experienced lawyer present at the December 3 conference.

**Plaintif**f: Rains Lucia Stern St. Phalle & Silver has more than 25 lawyers. Under Section VI of the Court's Standing Order, Plaintiff's counsel is also working to identify another attorney at the firm to join in representation in this matter that is 6 years or less from graduation from law school. Plaintiff's counsel plans for this attorney to participate in Court conferences, take and/or defend depositions, present Party positions at settlement conferences, and potentially present argument during pretrial conferences and examine certain witnesses at trial.

**Attendance.** Lead trial counsel for all Parties will attend the December 3, 2026 conference in person.

Dated: November 19, 2026

RAINS LUCIA STERN ST. PHALLE & SILVER, PC

By: /s/ Eustace de Saint Phalle
EUSTACE DE SAINT PHALLE
OLIVIA K. LEARY
Attorneys for Plaintiff
KENNETH CHA

MOTLEY RICE LLP

By: /s/ Erin Bernstein
ERIN BERNSTEIN
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO DISTRICT ATTORNEY'S OFFICE, CHESA BOUDIN, and LATEEF GRAY

**ATTESTATION**

I attest that each signatory listed above has concurred in the filing of this document.

/s/ Erin Bernstein
Erin Bernstein